1   Joe Dean Crawford, M.D.
2   1933  L Avenue, #5
3   National City, CA
4    619-208- 2745
5
6
7
8

FILED

Mar 21 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ charlest          DEPUTY

9   UNITED STATES DISTRICT COURT

10   SOUTHERN DISTRICT OF CALIFORNIA

11   SAN DIEGO, CALIFORNIA
12   Case File No:  '22CV376  CAB MDD

13   Joe Dean Crawford, M.D.,
14        *Plaintiff.*

15        V.

16   California Medial Board, et al, and Licensing Chief,
17   North Carolina Medical Board,  et. al
18   Federation of State Medical Boards of the United States,
19   Incorporated, Humayan Chaudhry,
20   R. David Henderson,
21        *Defendants.*

22   # JURY DEMAND

23        By incorporation by reference to the Complaint, and by reason of the

24   Seventh Amendment to the United States Constitution, and by Rule 38 of this

25   Court's rules; Plaintiff demands jury trial of all issues of fact as they may arise and

26   specifically asks for factual ruling by jury of the following matters as to all  of the

27   separate counts of the Complaint,

28   Proposed Jury Instructions:-

1

2

3                                                    I.

4   Plaintiff intends to prove his case and asks that a  jury to prove issues of fact with

5   the following proposed instructions.

6   Dr. Joe Dean Crawford claims that R. David Henderson harmed him by making the

7   following statement over the internet and to the California Medical Board on

8   January 6, 2021, that Doctor Crawford was no longer authorized to practice

9   medicine in the State of North Carolina because of a "public action" against his

10  license.  To establish this claim Dr. Crawford must prove all the following:

11  Liability

12      1. That R. David Henderson made one of the statements to a person other than

13         Dr. Crawford.

14      2. That this person reasonably understood that the statement was about Dr.

15         Crawford.

16      3. That this person reasonably understood that the statement to mean that Dr.

17         Crawford's ability to practice medicine was abruptly suspended and ended

18         by a public disciplinary action of the North Carolina medical licensure board

19         on April 1, 1982, at a time renewal was not required.

1     4. That the statement was false.

2     5. That R. David Henderson failed to use reasonable care to determine the truth

3        or falsity of the statement.

4     Actual Damages

5     If Dr. Crawford has proved all the above, then he is entitled to recover his actual

6     damages if he proves that R. David Henderson 's wrongful conduct was a

7     substantial factor in causing any of the following:

8     a. Harm to Dr. Crawford's property, business, trade, profession, or occupation.

9     b. Expenses Dr. Crawford had to pay because of the defamatory statements.

10     c. Harm to Dr. Crawford's reputation; or

11     d. Shame, mortification, or hurt feelings.

12     Assumed Damages

13     If Dr. Joe Dean Crawford has not proved any actual damages for harm to

14     reputation or shame, or mortification, or hurt feelings, but proves by clear and

15     convincing evidence that R. David Henderson knew the statement was false or that

16     he had serious doubts about the truth of the statement, then the law assumes that

17     Dr. Crawford's reputation has been harmed and that he has suffered shame,

18     mortification, or hurt feelings.  Without presenting evidence of damage, Dr.

19     Crawford is entitled to receive compensation for his assumed harm in whatever

1   sum you believe is reasonable.  You must award at least a nominal sum, such as

2   one dollar.

3   Punitive Damages

4   Dr. Crawford may also recover damages to punish R. David Henderson if he

5   proves by clear and convincing evidence that either knew the statement was false

6   or had serious doubt as about the truth of the statement, and that he acted with

7   malice, oppression, or fraud.

8                                 II.

9   Dr. Joe Dean Crawford claims that R. David Henderson harmed him by making

10   one of the following statements to the California Medical Board on January 6,

11   2021, that Doctor Crawford was no longer authorized to practice medicine in the

12   State of North Carolina because he had failed to renew his license on April 1,

13   1982, when it became due.  To establish this claim Dr. Crawford must prove all the

14   following:

15   Liability

16     6. That R. David Henderson made one of the statements to a person other than

17        Dr. Crawford.

18     7. That this person reasonably understood that the statement was about Dr.

19        Crawford.

8. That this person reasonably understood that the statement to mean that Dr. Crawford's ability to practice medicine was abruptly suspended and ended on April 1, 1982, at a time renewal was not required.

9. That the statement was false.

10. That R. David Henderson failed to use reasonable care to determine the truth or falsity of the statement.

Actual Damages

If Dr. Joe Dean Crawford has proved all the above, then he is entitled to recover his actual damages if he proves that R. David Henderson 's wrongful conduct was a substantial factor in causing any of the following:

e. Harm to Dr. Crawford's property, business, trade, profession, or occupation.

f. Expenses Dr. Crawford had to pay because of the defamatory statements.

g. Harm to Dr. Crawford's reputation; or

h. Shame, mortification, or hurt feelings.

Assumed Damages

If Dr. Joe Dean Crawford has not proved any actual damages for harm to reputation or shame, or mortification, or hurt feelings, but proves by clear and convincing evidence that R. David Henderson knew the statement was false or that he had serious doubts about the truth of the statement, then the law assumes that

1    Dr. Crawford's reputation has been harmed and that he has suffered shame,

2    mortification, or hurt feelings.  Without presenting evidence of damage, Dr.

3    Crawford is entitled to receive compensation for his assumed harm in whatever

4    sum you believe is reasonable.  You must award at least a nominal sum, such as

5    one dollar.

6    Punitive Damages

7    Dr. Crawford may also recover damages to punish R. David Henderson if he

8    proves by clear and convincing evidence that either knew the statement was false

9    or had serious doubt as about the truth of the statement, and that he acted with

10   malice, oppression, or fraud.

11

12                                              III.

13   Dr. Joe Dean Crawford claims that R. David Henderson harmed him by making

14   one of the following statements to the California Medical Board on January 6,

15   2021, that Doctor Crawford was no longer authorized to practice medicine in the

16   State of North Carolina because his license became "inactive "on April 1 of 1982.

17   To establish this claim Dr. Crawford must prove all the following:

18   Liability

1    11. That R. David Henderson made one of the statements to a person other than

2        Dr. Crawford.

3    12. That this person reasonably understood that the statement was about Dr.

4        Crawford.

5    13. That this person reasonably understood that the statement to mean that Dr.

6        Crawford's ability to practice medicine was abruptly suspended and ended

7        on April 1, 1982, when it became "inactive."

8    14. That the statement was false.

9    15. That R. David Henderson failed to use reasonable care to determine the truth

10       or falsity of the statement.

11   Actual Damages

12   If Dr. Joe Dean Crawford has proved all the above, then he is entitled to recover

13   his actual damages if he proves that R. David Henderson 's wrongful conduct was

14   a substantial factor in causing any of the following:

15   i.   Harm to Dr. Crawford's property, business, trade, profession, or occupation.

16   j.   Expenses Dr. Crawford had to pay because of the defamatory statements.

17   k.   Harm to Dr. Crawford's reputation; or

18   l.   Shame, mortification, or hurt feelings.

19   Assumed Damages

1    If Dr. Joe Dean Crawford has not proved any actual damages for harm to

2    reputation or shame, or mortification, or hurt feelings, but proves by clear and

3    convincing evidence that R. David Henderson knew the statement was false or that

4    he had serious doubts about the truth of the statement, then the law assumes that

5    Dr. Crawford's reputation has been harmed and that he has suffered shame,

6    mortification, or hurt feelings.  Without presenting evidence of damage, Dr.

7    Crawford is entitled to receive compensation for his assumed harm in whatever

8    sum you believe is reasonable.  You must award at least a nominal sum, such as

9    one dollar.

10   Punitive Damages

11   Dr. Crawford may also recover damages to punish R. David Henderson if he

12   proves by clear and convincing evidence that either knew the statement was false

13   or had serious doubt as about the truth of the statement, and that he acted with

14   malice, oppression, or fraud.

15                                          IV.

16   Dr. Joe Dean Crawford claims that R. David Henderson harmed him by making

17   one of the following statements to a third party in California on January 6, 2021,

18   that Doctor Crawford was no longer authorized to practice medicine in the State of

19   North Carolina because he had voluntarily surrendered his license certificate or

1       b. Expenses Dr. Crawford had to pay because of the defamatory statements.

2       c. Harm to Dr. Crawford's reputation; or

3       d. Shame, mortification, or hurt feelings.

4   Assumed Damages

5   If Dr. Joe Dean Crawford has not proved any actual damages for harm to

6   reputation or shame, or mortification, or hurt feelings, but proves by clear and

7   convincing evidence that R. David Henderson knew the statement was false or that

8   he had serious doubts about the truth of the statement, then the law assumes that

9   Dr. Crawford's reputation has been harmed and that he has suffered shame,

10  mortification, or hurt feelings.  Without presenting evidence of damage, Dr.

11  Crawford is entitled to receive compensation for his assumed harm in whatever

12  sum you believe is reasonable.  You must award at least a nominal sum, such as

13  one dollar.

14  Punitive Damages

15  Dr. Crawford may also recover damages to punish R. David Henderson if he

16  proves by clear and convincing evidence that either knew the statement was false

17  or had serious doubt as about the truth of the statement, and that he acted with

18  malice, oppression, or fraud.

19

1

V.

2  Dr. Joe Dean Crawford claims that 'Federation' defendants harmed him by making

3  one of the following statements to the California Medical Board on January 6,

4  2021, that Doctor Crawford was no longer authorized to practice medicine in the

5  State of North Carolina because he had voluntarily surrendered his license

6  certificate or authority to practice medicine in that State on April 1, 1982.  To

7  establish this claim Dr. Crawford must prove all the following:

8  Liability

9  6. That the 'Federation' defendants made one of the statements to a person

10     other than Dr. Crawford.

11  7. That this person reasonably understood that the statement was about Dr.

12     Crawford.

13  8. That this person reasonably understood that the statement to mean that Dr.

14     Crawford's ability to practice medicine was abruptly suspended and ended

15     on April 1, 1982, by disciplinary action of medical board accepting his

16     license as "surrendered."

17  9. That the statement was false.

1     10. That the Federation of State Medical Boards, Incorporated and its defendant

2          chief of operations failed to use reasonable care to determine the truth or

3          falsity of the statement.

4     **Actual Damages**

5     If Dr. Joe Dean Crawford has proved all the above, then he is entitled to recover

6     his actual damages if he proves that 'Federation' defendants' wrongful conduct

7     was a substantial factor in causing any of the following:

8        e.  Harm to Dr. Crawford's property, business, trade, profession, or occupation.

9        f.  Expenses Dr. Crawford had to pay because of the defamatory statements.

10      g.  Harm to Dr. Crawford's reputation; or

11      h.  Shame, mortification, or hurt feelings.

12    **Assumed Damages**

13    If Dr. Joe Dean Crawford has not proved any actual damages for harm to

14    reputation or shame, or mortification, or hurt feelings, but proves by clear and

15    convincing evidence that the 'Federation' defendants knew the statement was false

16    or that he had serious doubts about the truth of the statement, then the law assumes

17    that Dr. Crawford's reputation has been harmed and that he has suffered shame,

18    mortification, or hurt feelings.  Without presenting evidence of damage, Dr.

19    Crawford is entitled to receive compensation for his assumed harm in whatever

1   sum you believe is reasonable.  You must award at least a nominal sum, such as

2   one dollar.

3   Punitive Damages

4   Dr. Crawford may also recover damages to punish the 'Federation' defendants if

5   he proves by clear and convincing evidence that either knew the statement was

6   false or had serious doubt as about the truth of the statement, and that he acted with

7   malice, oppression, or fraud.

8

9                                         VI.

10  Dr. Joe Dean Crawford claims that R. David Henderson harmed him by making the

11  following statement to at least one third party in California and on the internet on

12  and beyond January 6, 2021, that Doctor Crawford was no longer authorized to

13  practice medicine in the State of North Carolina because the NC Board had

14  acknowledged the loss of his authority to practice medicine in that State on April 1,

15  1982.  To establish this claim Dr. Crawford must prove all the following:

16  Liability

17      11. That R. David Henderson made one of the statements to a person other than

18          Dr. Crawford.

1  12. That this person reasonably understood that the statement was about Dr.

2   Crawford.

3  13. That this person reasonably understood that the statement to mean that Dr.

4   Crawford's ability to practice medicine was abruptly suspended and ended

5   on April 1, 1982, by disciplinary action of medical board acknowledging his

6   license as "surrendered."

7  14. That the statement was false.

8  15. That R. David Henderson failed to use reasonable care to determine the truth

9   or falsity of the statement.

10 Actual Damages

11 If Dr. Joe Dean Crawford has proved all the above, then he is entitled to recover

12 his actual damages if he proves that R. David Henderson 's wrongful conduct was

13 a substantial factor in causing any of the following:

14  i. Harm to Dr. Crawford's property, business, trade, profession, or occupation.

15  j. Expenses Dr. Crawford had to pay because of the defamatory statements.

16  k. Harm to Dr. Crawford's reputation; or

17  l. Shame, mortification, or hurt feelings.

18 Assumed Damages

1  If Dr. Joe Dean Crawford has not proved any actual damages for harm to

2  reputation or shame, or mortification, or hurt feelings, but proves by clear and

3  convincing evidence that R. David Henderson knew the statement was false or that

4  he had serious doubts about the truth of the statement, then the law assumes that

5  Dr. Crawford's reputation has been harmed and that he has suffered shame,

6  mortification, or hurt feelings.  Without presenting evidence of damage, Dr.

7  Crawford is entitled to receive compensation for his assumed harm in whatever

8  sum you believe is reasonable.  You must award at least a nominal sum, such as

9  one dollar.

10  Punitive Damages

11  Dr. Crawford may also recover damages to punish R. David Henderson if he

12  proves by clear and convincing evidence that either knew the statement was false

13  or had serious doubt as about the truth of the statement, and that he acted with

14  malice, oppression, or fraud.

15                                          VII.

16  Dr. Joe Dean Crawford claims that defendant Chaudhry as chief corporate officer

17  and the Federation of State Medical Boards, Incorporated ('Federation') harmed

18  him by making the following statement to at least one third party in California and

19  on the internet on and beyond January 6, 2021, that Doctor Crawford was not

1   competent to practice medicine in Maryland because the Maryland board had

2   "denied licensure" on December 31, 1996.  To establish this claim Dr. Crawford

3   must prove all the following:

4   Liability

5       16. That defendant Chaudhry as chief corporate officer and the Federation of

6          State Medical Boards, Incorporated ('Federation')  made one of the

7          statements to a person other than Dr. Crawford.

8       17. That this person reasonably understood that the statement was about Dr.

9          Crawford.

10      18. That this person reasonably understood that the statement to mean that Dr.

11         Crawford was determined to be unfit for the Maryland license to practice

12         medicine by a vote of nine (9) physician members of the state licensing

13         board for Maryland on December 31, 1996.

14      19. That the statement was false.

15      20. That defendant Chaudhry as chief corporate officer and the Federation of

16         State Medical Boards, Incorporated ('Federation') failed to use reasonable

17         care to determine the truth or falsity of the statement.

18   Actual Damages

1   If Dr. Joe Dean Crawford has proved all the above, then he is entitled to recover

2   his actual damages if he proves that defendant Chaudhry as chief corporate officer

3   and the Federation of State Medical Boards, Incorporated ('Federation') 's

4   wrongful conduct was a substantial factor in causing any of the following:

5       m. Harm to Dr. Crawford's property, business, trade, profession, or occupation.

6       n. Expenses Dr. Crawford had to pay because of the defamatory statements.

7       o. Harm to Dr. Crawford's reputation; or

8       p. Shame, mortification, or hurt feelings.

9   Assumed Damages

10  If Dr. Joe Dean Crawford has not proved any actual damages for harm to

11  reputation or shame, or mortification, or hurt feelings, but proves by clear and

12  convincing evidence that defendant Chaudhry as chief corporate officer and the

13  Federation of State Medical Boards, Incorporated ('Federation') knew the

14  statement was false or that he had serious doubts about the truth of the statement,

15  then the law assumes that Dr. Crawford's reputation has been harmed and that he

16  has suffered shame, mortification, or hurt feelings.  Without presenting evidence of

17  damage, Dr. Crawford is entitled to receive compensation for his assumed harm in

18  whatever sum you believe is reasonable.

19  Punitive Damages

1   Dr. Crawford may also recover damages to punir54r54sh defendant Chaudhry as

2   chief corporate officer and the Federation of State Medical Boards, Incorporated

3   ('Federation') if he proves by clear and convincing evidence that either knew the

4   statement was false or had serious doubt as about the truth of the statement, and

5   that he acted with malice, oppression, or fraud.

6                                    VIII.

7                          (Deprivation of Due Process)

8         In order to prevail on his Title 42 and Section 1983 federal civil rights claim

9   against defendant Henderson the plaintiff must prove each of the following

10  elements by a preponderance of the evidence.

11     1.   Defendant R. David Henderson acted under color of North Carolina State

12          law while using the seal of the State Medical Board, but without any

13          authority from the State of North Carolina or its medical board.

14     2. Defendant's  actions were malicious and an abuse of authority justifying

15          punitive damages.

16     3. The act of Defendant Henderson deprived the plaintiff of his particular rights

17          under the laws of the State of California and under the United States

18          Constitution, including property rights in his North Carolina license and his

19          reputation.

1      4. R. David Henderson had no final policymaking authority from defendant

2          North Carolina Medical Board and its secretary concerning these acts.

3      5. When Henderson engaged in these acts he was acting as a final policymaker

4          for defendant medical board .

5      6.    The acts of Henderson caused the deprivation of the plaintiff's rights; that

6          is, the  acts of defendant R. David Henderson as employee of defendant were

7          so closely related to the deprivation of plaintiff's rights as to be the moving

8          force that caused the ultimate injury.

9    A person acts "under color of state law" when the person acts or purports to act

10   in the performance of official duties under any state, county, or municipal law,

11   ordinance or regulation.  As the parties have already stipulated, then; I instruct

12   you that the defendant's employee acted under color of law.

13   If you find that the plaintiff has proved each of these elements, and if you find

14   that the plaintiff has proved all the elements he is required to prove under

15   Instructions of the Court that deal with deprivation of procedural due process

16   rights under the Fourteenth Amendment to the United  States Constitution, your

17   verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed

18   to prove any one of these elements, your verdict should be for the defendant .

19

20                              IX.

1          (Deprivation of Due Process)

2          In order to prevail on his Title 42 and Section 1983 federal civil rights claim

3   against defendant Henderson the plaintiff must prove each of the following

4   elements by a preponderance of the evidence.

5      7.   Defendant R. David Henderson acted under color of North Carolina State

6           law while using the seal of the State Medical Board.

7      8.  The act of Defendant Henderson deprived the plaintiff of his particular rights

8           under the laws of the State of California and under the United States

9           Constitution.

10     9.  R. David Henderson had final policymaking authority from defendant North

11          Carolina Medical Board and its secretary concerning these acts.

12     10. When Henderson engaged in these acts he was acting as a final policymaker

13          for defendant medical board .

14     11.  The acts of Henderson caused the deprivation of the plaintiff's rights; that

15          is, the  acts of defendant R. David Henderson as employee of defendant were

16          so closely related to the deprivation of plaintiff's rights as to be the moving

17          force that caused the ultimate injury.

18   A person acts "under color of state law" when the person acts or purports to act

19   in the performance of official duties under any state, county, or municipal law,

1  ordinance or regulation.  As the parties have already stipulated, then; I instruct

2  you that the defendant's employee acted under color of law.

3      I instruct you that the R. David Henderson had final policymaking authority

4  from defendant North Carolina Medical Board and its secretary-treasurer

5  concerning the acts at issue and, therefore, the third element requires no proof.

6      If you find that the plaintiff has proved each of these elements, and if you

7  find that the plaintiff has proved all the elements, he is required to prove under

8  Court Instructions that deal with deprivation of procedural due process rights

9  under the Fourteenth Amendment to the United  States Constitution, your

10  verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed

11  to prove any one of these elements, your verdict should be for the defendant .

12

13  File

14  [1]March

15

16      21, 2022

17

---

[1]