1  ALBERT K. ALIKIN (Bar No. 265119)
   *Albert.Alikin@fmglaw.com*
2  BRIAN W. SKALSKY (Bar No. 277883)
   *Brian.Skalsky@fmglaw.com*
3  LIZEL R. CEREZO, (Bar No. 224655)
   *Lizel.Cerezo@fmglaw.com*
4  **FREEMAN MATHIS & GARY LLC**
   550 South Hope Street, Suite 2200
5  Los Angeles, CA 90071
   Telephone: 213.615.7000
6  Facsimile:  213.615.7100

7  Attorneys for Defendant
   R. DAVID HENDERSON
8

9          **UNITED STATES DISTRICT COURT**

10         **SOUTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| Joe Dean Crawford, | Case No.  3:22-cv-376-CAB-MDD |
| Plaintiff, | **DEFENDANT R. DAVID HENDERSON'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** |
| v. | |
| California Medical Board by its individual members in their official capacities as: Kristina D. Lawson, Randy W. Hawkins, Laurie Rose Lubiano, Ryan Brooks, Alejandra Campoverdi, Dev GnanaDev, James M. Healzer, Howard R. Krauss, Asif Mahmood, David Ryu, Richard E. Thorp, Eserick "TJ", Watkins, and Felix C. Yip, Joseph Salazar, Kathryn Taylor, North Carolina Medical Board by its individual members in their official capacities as: Venkata Jonnalagadda, John W. Rusher, Michaux R. Kilpatrick, Wiliam "Bill" Brawley, W. Howard Hall, Christine M. Khandelwal, Joshua Malcolm, Vernell McDonald-Fletcher, Damian F. McHugh, Shawn P. Parker, Jerri L. Patterson, Anuradha Rao-Patel, and Devdutta "Dev" G. Sangvai, Federation of State Medical Boards of the United States, Incorporated Humayan Chaundhry, R. David Henderson, National Board of Medical Examiners of the United States | Fed. R. Civ. P. 8, 12(b)(1),12(b)(6)<br><br>*[Filed concurrently with Notice of Motion To Dismiss]*<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT**<br><br>Date:          September 2, 2022<br><br>Courtroom:      15A<br>District Judge:   Hon. Cathy Ann Bencivengo<br>Magistrate Judge: Hon. Michael D. Dembin<br><br>Complaint Filed:  03/21/2022<br>Trial Date:       [Not Set] |
| Defendants. | |

Freeman Mathis
& Gary, LLP
Attorneys at Law

# Table of Contents

I.  INTRODUCTION ........................................................................................... 8

II.  ALLEGATIONS OF THE COMPLAINT .................................................. 8

III.  LEGAL STANDARDS ................................................................................ 9

    A.  Rule 12(b)(1) ...................................................................................... 9

    B.  Rule 12(b)(6) .................................................................................... 10

IV.  LEGAL ARGUMENT................................................................................ 11

    A.  This Court Lacks Jurisdiction as The Eleventh Amendment Bars Plaintiff's Claims Against the State, Its Agencies, and Officers ........................ 11

        i.  The *Ex Parte Young* Exception to the Eleventh Amendment is Not Applicable ................................................................ 13

    B.  Plaintiff Fails To State A Claim Upon Which Relief May Be Granted Because The NCMB Directors, Officers, And Members Are Entitled To Absolute Immunity As A Matter Of Law. ..................................... 14

    C.  Plaintiff Lacks Standing to Seek Redress for His Claims ................. 16

    D.  Plaintiff's Failure to Comply With Rule 8 Subjects the Complaint to Dismissal........................................................................................... 17

    E.  Plaintiff Cannot Cure the Defects in the Complaint as a Matter of Law ..................................................................................................... 19

V.  CONCLUSION........................................................................................... 19

Freeman Mathis
& Gary, LLP
Attorneys at Law

1

# **TABLE OF AUTHORITIES**

2

3  *Agua Caliente Band of Cahuilla Indians v. Hardin*,

4      223 F.3d 1041 (9th Cir. 2000) .......................................................................12, 13

5  *Atascadero State Hospital v. Scanlon*,

6      473 U.S. 234 (1985) ...........................................................................................13

7  *Balistreri v. Pacifica Police Dept.*,

8      901 F.2d 696 (9th Cir. 1990) ...............................................................................9

9  *Ballenger v. Owens*,

10      352 F.3d 842 (4th Cir. 2003) ..............................................................................12

11  *Belizan v. Hershon*,

12      434 F.3d 579 (D.C.Cir.2006) ..............................................................................19

13  *Bell Atlantic Corp. v. Twombly*,

14      127 S.Ct. 1955 (2007) ..................................................................................10, 17

15  *Bettencourt v. Bd. of Registration In Med. of Com. of Mass.*,

16      904 F.2d 772 (1st Cir. 1990) ..........................................................................12, 15

17  *Butz v. Economou*,

18      438 U.S. 478 (1978) ...........................................................................................15

19  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,

20      637 F.3d 1047 (9th Cir. 2011) .............................................................................18

21  *City of Los Angeles v. Lyons*,

22      461 U.S. 95 (1983) .............................................................................................17

23  *Clapper v. Amnesty Int'l USA*,

24      133 S. Ct. 1138 (2013) .......................................................................................16

25  *DeBauche v. Trani*,

26      191 F.3d 499 (4th Cir. 1999) ........................................................................14, 17

27  *Ex Parte Young*,

28      209 U.S. 123 (1908) .....................................................................................13, 14

**3**

1 | *Foman v. Davis*,

2 |       (1962) 371 U.S. 178  .......................................................................................................19

3 | *Hoke v. Bd. of Med. Examiners of State of N. C.*,

4 |       445 F. Supp. 1313 (W.D.N.C. 1978)  ...............................................................................12

5 |  *Hornsby v. Lufthansa German Airlines*,

6 |       593 F. Supp. 2d 1132 (C.D. Cal. 2009)  ...........................................................................10

7 | *Horwitz v. State Bd. of Med. Exam'rs*,

8 |       822 F.2d 1508 (10th Cir.1987)  .........................................................................................15

9 | *Imbler v. Pachtman*,

10 |       424 U.S. 409 (1976) ...........................................................................................................15

11 | *In re Mooney*,

12 |       841 F.2d 1003 (9th Cir. 1988)  .........................................................................................10

13 | *Kokkonen v. Guardian Life Ins. Co. of Am.*,

14 |       511 U.S. 375 (1994)  .........................................................................................................10

15 | *Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Educ.*,

16 |       616 F.3d 963  ....................................................................................................................12

17 | *Long v. Van de Kamp*,

18 |       961 F.2d 151 (9th Cir. 1992)  ...........................................................................................14

19 | *Los Angeles Cnty. Bar Ass'n v. Eu*,

20 |       979 F.2d 697 (9th Cir. 1992)  ...........................................................................................14

21 | *Lujan v. Defs. of Wildlife*,

22 |       504 U.S. 555 (1992)  .........................................................................................................16

23 | *Maduka v. Sunrise Hosp.*,

24 |       375 F.3d 909 (9th Cir. 2004)  ...........................................................................................11

25 | *McHenry v. Renne*,

26 |       84 F. 3d 1172 (9th Cir. 1996)  ..........................................................................................17

27 | *Mishler v. Clift*,

28 |       191 F.3d 998 (9th Cir. 1999)  ...........................................................................................15

Freeman Mathis
& Gary, LLP
Attorneys at Law

1   *Missouri v. Fiske*,

2        290 U.S. 18 (1933) ...........................................................................................11

3   *Olsen v. Idaho State Bd. of*,

4        363 F.3d 916 (9th Cir. 2004) ....................................................................14, 15

5   *O'Neal v. Mississippi Bd. of Nursing*,

6        113 F.3d 62 (5th Cir.1997) ............................................................................15

7   *Ostrzenski v. Seigel*,

8        (4th Cir. 1999) 177 F.3d 245 .......................................................................15

9   *Parks School of Business, Inc. v. Symington*,

10       51 F.3d 1480 (9th Cir. 1995) ..........................................................................9

11  *Pena v. Gardner*,

12       976 F.2d 469 (9th Cir. 1992) .........................................................................11

13  *Pennhurst State Sch. & Hosp. v. Halderman*,

14       465 U.S. 89 (1984) ...........................................................................11, 12, 14

15  *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*,

16       506 U.S. 139 ...................................................................................................11

17  *Quern v. Jordon*,

18       440 U.S. 332 (1979) .......................................................................................14

19  *Redding v. Hitachi Am., Ltd.*,

20       2002 WL 1787540 (N.D.Cal., 2002) .............................................................10

21  *Roberts v. Corrothers*,

22       812 F.2d 1173 (9th Cir.1987) ........................................................................10

23  *Seaborn v. State of Florida, Dept. of Corrections*,

24       143 F.3d 1405 (11th Cir. 1998) .....................................................................11

25  *Seminole Tribe of Florida v. Florida*,

26       517 U.S. 44 (1996) .........................................................................................13

27  *Shah v. County of Los Angeles*,

28       797 F.2d 743 (9th Cir. 1986) ...........................................................................9

Freeman Mathis
& Gary, LLP
Attorneys at Law

1 | *Simmons v. Poe*,
2 |         47 F.3d 1370 (4th Cir. 1995) ...........................................................................................17
3 | *Steckman v. Hart Brewing, Inc.*,
4 |         143 F.3d 1293 (9th Cir. 1998) .........................................................................................11
5 | *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*,
6 |         594 F.2d 730 (9th Cir. 1979) ...........................................................................................10
7 | *Tosco Corp. v. Cmtys. for a Better Env't*,
8 |         236 F.3d 495 (9th Cir. 2001) .............................................................................................9
9 | *United States v. Merrill*,
10 |         746 F.2d 458 (9th Cir.1984) ............................................................................................19
11 | *United States v. Or. State Med. Society*,
12 |         343 U.S. 326 (1952) ........................................................................................................16
13 | *Verizon Md. Inc. v. Pub. Serv. Commission*,
14 |         535 U.S. 635 (2002) ........................................................................................................14
15 | *W. Mining Council v. Watt*,
16 |         643 F.2d 26 (9th Cir. 1981) ............................................................................................11
17 | *Wang v. New Hampshire Bd. of Registration in*,
18 |         55 F.3d 698 (1st Cir.1995) .............................................................................................15
19 | *Watts v. Burkhart*,
20 |         978 F.2d 269 (6th Cir.1992) ...........................................................................................15
21 | *White v. Lee*,
22 |         227 F.3d 1214 (9th Cir. 2000) ........................................................................................10
23 |
24 | **Statutes**
25 | 42 U.S.C. §1983 ...............................................................................................................14
26 | Article III of the U.S. Constitution ...................................................................................16
27 | N.C. Gen. Stat. Ann. § 90-2 (2019) ..........................................................................11, 12
28 | N.C. Gen. Stat. Ann. § 90-14 (2019) ........................................................................12, 16

**Freeman Mathis & Gary, LLP**
Attorneys at Law

N.C. Gen. Stat. Ann. § 90-14(e) (2019) ............................................................12, 16

U.S. Const. amend. XI ........................................................................................11

**Rules**

Fed. R. Civ. P. 8(a) ............................................................................................18

Fed. R. Civ. P. 8(a)(2) ........................................................................................17

Fed. R. Civ. P. 8(d)(1) ........................................................................................17

Fed. R. Civ. P. 12(b) ...........................................................................................9

Fed. R. Civ. P. 12(b)(1) ....................................................................................9, 10

Fed. R. Civ. P. 12(b)(6) ....................................................................................10, 17

Freeman Mathis
& Gary, LLP
Attorneys at Law

Pursuant to Local Civil Rule 7.1, Defendant R. David Henderson ("Defendant") respectfully files this memorandum in support of his motion to dismiss Plaintiff Joe Dean Crawford's ("Plaintiff") complaint.

## I.   INTRODUCTION

In his Complaint, Plaintiff in pro se Joe Dean Crawford alleges Defendant R. David Henderson published statements concerning Plaintiff's North Carolina medical license, resulting in defamation and violations of his rights afforded unto him under the 14th Amendment Due Process Clause, Equal Protection Clause, and Full Faith & Credit Clause. Defendant R. David Henderson now moves this Court to dismiss Plaintiff's Complaint against him on the grounds that he is immune from suit in Federal court under the Eleventh Amendment. Second, Defendant R. David Henderson is entitled to absolute immunity. Third, Plaintiff lacks standing to seek redress for his claims.

## II.   ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that by vote of the North Carolina Board of Medical Examiners, as recorded in its October 13, 1979 minutes, Plaintiff was granted an unrestricted and permanent license to practice medicine. (Complaint at p. 34, lines, 7-9) Plaintiff further alleges that when the [North Carolina] State Medical Board met in May 1982, it met to help the Plaintiff by accepting a report that he had surrendered his license as information only. (Complaint at p. 6, lines 4-6). Plaintiff contends that Defendant has been employed by the North Carolina Medical Board ("NCMB") for decades (Complaint at p. 4, lines 12-13) and that Defendant published certain objectionable facts on January 6, 2021 (Complaint at p.6 line 15). Plaintiff alleges that on March 19, 2021, he discovered that his name in California had been defamed when he was forwarded an email and copy of a January 4, 2021 license verification form allegedly authored by Defendant. (Complaint, p. 4, lines 6-8)

Among the litany of claims against Defendant, Plaintiff claims that Defendant defamed him by publishing the statement(s) that 1) there had been public action against

Freeman Mathis
& Gary, LLP
Attorneys at Law

Plaintiff by the NCMB (Complaint at p. 9, lines 10-13);  2) Plaintiff was no longer authorized to practice medicine in North Carolina because his license became "inactive" on April 1, 1982 (Complaint at p. 12, lines 3-7); and Plaintiff's license was accepted by the NCMB as "voluntarily surrendered" (Complaint at p. 16, line 17 through p. 17, lin2 2). Plaintiff also argues that he has been deprived of his property right in his North Carolina Medical license in violation of the Due Process and Equal Protection Clause of the [U.S.] Constitution. (Complaint at p. 35, line 18 through p. 36, line 2).

## III.  LEGAL STANDARDS

In ruling on a motion under Federal Rule of Civil Procedure ("FRCP") Rule 12(b), the court must accept as true the facts alleged in the complaint, and construe the complaint in the light most favorable to the plaintiff. *Shah v. County of Los Angeles*, 797 F.2d 743, 745 (9th Cir. 1986); *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal is appropriate where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990)

### A.    Rule 12(b)(1)

FRCP 12(b)(1) provides that an action should be dismissed from federal court if it lacks subject matter jurisdiction. Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Accordingly, federal courts can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, those cases involve diversity of citizenship or a federal question, or cases in which the United States is a party.

"When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

Freeman Mathis
& Gary, LLP
Attorneys at Law

1   It is presumed that a cause lies outside of a federal courts' limited jurisdiction.

2   *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

3       FRCP 12(b)(1) jurisdictional attacks can be facial or factual. *White v. Lee*, 227

4   F.3d 1214, 1242 (9th Cir. 2000). With a factual Rule 12(b)(1) attack, a court may look

5   beyond the complaint without having to convert the motion into one for summary

6   judgment and does not presume the truthfulness of a plaintiff's allegations. *White*, 227

7   F.3d at 1242; *see Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733

8   (9th Cir. 1979) ("When a Rule 12(b)(1) motion attacks the existence of subject matter

9   jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations.")

10      "Neither the parties nor the court may waive improper subject-matter

11  jurisdiction." *Redding v. Hitachi Am., Ltd.*, 2002 WL 1787540, at *1 (N.D.Cal., 2002)

12  "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction

13  is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841

14  F.2d 1003, 1006 (9th Cir. 1988). "In deciding a 12(b)(1) motion, a court is not limited

15  to the allegations in the complaint but may also consider extrinsic evidence." *Hornsby*

16  *v. Lufthansa German Airlines*, 593 F. Supp. 2d 1132, 1135 (C.D. Cal. 2009) (citing

17  *Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir.1987)).

18      **B.    Rule 12(b)(6)**

19      FRCP 12(b)(6) provides that an action should be dismissed if it fails to state

20  facts upon which relief can be granted. A complaint must be dismissed if it does not

21  plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

22  *Corp. v. Twombly*, 127 S.Ct. 1955, 12 1974 (2007).  A plaintiff must plead sufficient

23  facts "to provide the grounds of his entitle[ment] to relief[, which] requires more than

24  labels and conclusions, [for which] a formulaic recitation of the elements of a cause of

25  action will not do." *Twombly*, 15 127 S.Ct. at 1964–65 (internal quotation marks

26  omitted).  In other words, the factual allegations in the complaint "must be enough to

27  raise a right to relief above the speculative level." *Id.* at 1965.

28      In considering a motion to dismiss for failure to state a claim under 12(b)(6), the

Freeman Mathis
& Gary, LLP
Attorneys at Law

1  court treats the plaintiff's allegations of material fact as true and construes them in the

2  light most favorable to the plaintiff. *Maduka v. Sunrise Hosp.*, 375 F.3d 909, 911 (9th

3  Cir. 2004). However, the court is "not required to accept as true conclusory allegations

4  which are contradicted by documents referred to in the complaint." *Steckman v. Hart*

5  *Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998). Further, the court need not

6  "assume the truth of legal conclusions merely because they are phrased in the form of

7  factual allegations." *W. Mining Council v. Watt*, 643 F.2d 26 618, 624 (9th Cir. 1981).

8  **IV.    LEGAL ARGUMENT**

9        **A.    This Court Lacks Jurisdiction as The Eleventh Amendment Bars**

10              **Plaintiff's Claims Against the State, Its Agencies, and Officers**

11        "The Judicial power of the United States shall not be construed to extend to any

12  suit in law or equity, commenced or prosecuted against any one of the United States

13  by Citizens of another State or Citizens of any Foreign State." U.S. Const. amend. XI.

14  The Eleventh Amendment's immunity is a jurisdictional bar. *Pena v. Gardner*, 976

15  F.2d 469, 472 (9th Cir. 1992) (defense of Eleventh Amendment is a jurisdictional bar);

16  *Seaborn v. State of Florida, Dept. of Corrections*, 143 F.3d 1405, 1407 (11th Cir.

17  1998).

18        The rule of sovereign immunity applies to an arm, alter ego, or entity of the state

19  as it would apply to the state itself. *Puerto Rico Aqueduct & Sewer Authority v. Metcalf*

20  *& Eddy, Inc*. 506 U.S. 139, 147. Furthermore, this jurisdictional bar applies regardless

21  of the nature of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465

22  U.S. 89, 100-101 (1984); see also *Missouri v. Fiske*, 290 U.S. 18, 27 (1933)

23  ("Expressly applying to suits in equity as well as at law, the [Eleventh] Amendment

24  necessarily embraces demands for the enforcement of equitable rights and the

25  prosecution of equitable remedies when these are asserted and prosecuted by an

26  individual against a State.").

27        The NCMB is a state agency of the State of North Carolina. N.C. Gen. Stat.

28  Ann. § 90-2 (2019). One of the primary purposes of the NCMB is to regulate the

Freeman Mathis
& Gary, LLP
Attorneys at Law

practice of medicine and surgery for the benefit and protection of the people of North Carolina. N.C. Gen. Stat. Ann. § 90-2 (2019). The state legislature also vests within the Board the authority to carry out investigations of its licensees and if necessary, take disciplinary actions in furtherance of its objectives. N.C. Gen. Stat. Ann. § 90-14 (2019). State law expressly immunizes the "[Medical] Board and its members and staff" from liability for "exercising, in good faith, the powers and duties authorized by law". N.C. Gen. Stat. Ann. § 90-14(e) (2019). Accordingly, The NCMB is a state agency that is entitled to sovereign immunity. See also *Hoke v. Bd. of Med. Examiners of State of N. C.*, 445 F. Supp. 1313, 1314 (W.D.N.C. 1978) ("The Board of Medical Examiners is an agency of the State of North Carolina."), N.C. Gen. Stat. Ann. § 90-2 (2019).

"Eleventh Amendment immunity also shields state officials from official capacity suits." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Educ.*, 616 F.3d 963, 967 State officials sued in their official capacity for damages are also protected by Eleventh Amendment immunity. *Ballenger v. Owens*, 352 F.3d 842, 845 (4th Cir. 2003); see also *Bettencourt v. Bd. of Registration In Med. of Com. of Mass.*, 904 F.2d 772, 781 (1st Cir. 1990) (declining to disturb holding that Eleventh Amendment bars claims for damages against medical board and staff in their official capacities and listing cases holding same) (9th Cir. 2010).

With respect to Plaintiff's claims against Defendant in his official capacity, "[t]he Eleventh Amendment bars suit against state officials when 'the state is the real, substantial party in interest.'" *Pennhurst*, 465 U.S. at 101. Federal courts lack jurisdiction under the Eleventh Amendment to enjoin defendants' actions on the basis of state law. Id. at 106; *Agua Caliente Band of Cahuilla Indians v. Hardin* 223 F.3d 1041, 1045 (9th Cir. 2000).

Plaintiff alleges that the Defendant and the NCMB falsely published and reported Plaintiffs inactive status as a licensee of the NCMB as well as falsely reporting that Plaintiff surrendered his medical license. (Complaint at p. 7, lines 15-

Freeman Mathis
& Gary, LLP
Attorneys at Law

19). He further alleges that this information was published by Defendant and concedes that the information was published in Defendant's official capacity as the NCMB's custodian of records (Complaint at p. 6, lines 12-15) and was done "under the seal of the North Carolina Medical Board which is an indication of the official nature of the Board's actions" (Complaint at p. 6, lines 17-19). Plaintiff's Complaint is devoid of any allegations that Defendant or any NCMB affiliated member acted in an ultra vires manner or attempted to serve personal interests distinct from the NCMB. In fact, Plaintiff admits that the actions taken were done "using the color of state law and other emblems of state authority" (Complaint at p. 9, lines 5-7). Therefore, as Defendant was acting in his official capacity, he is afforded Eleventh Amendment immunity which bars Plaintiff's suit.

Moreover, the immunity in this case has not been waived by state statute nor abrogated by any federal law under which Plaintiff might sue. See *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241 (1985) (holding that state waiver must be express and specify intent to subject state to suit in federal court); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55-60 (1996) (finding that Congress may abrogate Eleventh Amendment immunity only under powers in the Fourteenth Amendment to the U.S. Constitution). Thus, Plaintiff's claims against these defendants should be dismissed because the court lacks subject matter jurisdiction here, where Defendant is shielded by the Eleventh Amendment immunity.

### i. The *Ex Parte Young* Exception to the Eleventh Amendment is Not Applicable

In *Ex Parte Young*, 209 U.S. 123, 166 (1908) the Supreme Court created a narrow exception to the Eleventh Amendment immunity. The Supreme Court held that the Eleventh Amendment does not bar jurisdiction over a state officer in their official capacity against a claim that seeks prospective relief to prevent ongoing or threatened violations of federal law. *Agua Caliente Band of Cahuilla Indians, 223 F.3d at 1045*. A claim fits within this exception only if it alleges an ongoing violation of federal law

Freeman Mathis
& Gary, LLP
Attorneys at Law

1  and seeks prospective relief to prevent it. *Verizon Md. Inc. v. Pub. Serv. Commission*,
2  535 U.S. 635, 645 (2002).

3      For the *Ex Parte Young* exception to apply, however, the state officer must have
4  a connection with the enforcement of the allegedly unconstitutional statute. *Long v.*
5  *Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992). "This connection must be fairly
6  direct; a generalized duty to enforce state law or general supervisory power over the
7  persons responsible for enforcing the challenged provision will not subject an official
8  to suit." *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992). Further,
9  "there must be a threat of enforcement." *Long*, 961 F.2d at 152. "Absent a real
10  likelihood that the state official will employ his supervisory powers against plaintiffs'
11  interests, the Eleventh Amendment bars federal court jurisdiction." Id.

12      Furthermore, The Supreme Court has refused to extend *Ex Parte Young* to
13  claims of retrospective relief. *Pennhurst*, 465 U.S. at 102-103; *Quern v. Jordon*, 440
14  U.S. 332, 337 (1979), See also *DeBauche v. Trani*, 191 F.3d 499, 505 (4th Cir. 1999)
15  (holding that where the alleged violation of federal law occurred entirely in the past
16  *Ex parte Young* does not apply.)

17      Plaintiff's Complaint and claims against Defendant and the NCMB are subject
18  to dismissal because the claims are solely premised upon Defendant's status as the
19  "custodian of records" and the chief executive officer for the NCMB. Plaintiff's
20  Complaint is devoid of any facts which alleged or establish Defendant's connection to
21  the existence or enforcement of any unconstitutional statute. Plaintiff is unable to
22  identify with specificity which statute he claims to be "unconstitutional" let alone the
23  enforcement of the same.

24      **B.    Plaintiff Fails to State a Claim Upon Which Relief May Be Granted**
25          **Because the NCMB Directors, Officers, and Members are Entitled to**
26          **Absolute Immunity as a Matter of Law.**

27      Judges and prosecutors functioning in their official capacity are accorded
28  absolute immunity, including for claims under 42 U.S.C. §1983. *Olsen v. Idaho State*

Freeman Mathis
& Gary, LLP
Attorneys at Law

1  *Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (internal citations omitted); see also

2  *Imbler v. Pachtman*, 424 U.S. 409 (1976). "Absolute immunity may also be extended

3  to state officials who are not traditionally regarded as judges or prosecutors if the

4  functions they perform are similar to those performed by judges or prosecutors." *Butz*

5  *v. Economou*, 438 U.S. 478, 513–17 (1978); *Mishler v. Clift*, 191 F.3d 998, 1002 (9th

6  Cir. 1999); *Olsen*, 363 F.3d at 923. The Ninth Circuit held that state medical boards

7  and their officers are entitled to absolute immunity for the non-ministerial acts they

8  commit in performing their duties. *Id.* At 2016 WL 2745338 at *12. In fact, every court

9  of appeals that has addressed the issue of immunity has concluded that members of a

10  state medical disciplinary board are entitled to absolute quasi-judicial immunity for

11  performing judicial or prosecutorial functions. See *O'Neal v. Mississippi Bd. of*

12  *Nursing*, 113 F.3d 62, 65–67 (5th Cir.1997); *Wang v. New Hampshire Bd. of*

13  *Registration in Med.*, 55 F.3d 698, 701 (1st Cir.1995); *Watts v. Burkhart*, 978 F.2d

14  269, 272–78 (6th Cir.1992) (en banc); *Bettencourt v. Board of Registration in Med.*,

15  904 F.2d 772, 782–84 (1st Cir.1990); *Horwitz v. State Bd. of Med. Exam'rs*, 822 F.2d

16  1508, 1512–16 (10th Cir.1987). This immunity is broad sweeping and applies to staff

17  members of state medical boards who take part in "procedural steps involved in the

18  eventual decision denying" license restatement. *Olsen*, 363 F.3d at 925–26

19      The rationale underlying these decisions is that medical boards are justified in

20  absolute immunity because (1) the boards perform essentially judicial and

21  prosecutorial functions; (2) there exists a strong need to ensure that individual board

22  members perform their functions for the public good without harassment and

23  intimidation; and (3) there exist adequate procedural safeguards under state law to

24  protect against unconstitutional conduct by board members without reliance on private

25  damages lawsuits. *Ostrzenski v. Seigel* (4th Cir. 1999) 177 F.3d 245, 249

26      Here, the facts in the instant case are no exception. As indicated above, the state

27  legislature also vests within the Board the authority to carry investigations of its

28  licensees and if necessary, take disciplinary actions in furtherance of its objectives.

N.C. Gen. Stat. Ann. § 90-14 (2019). Concomitant with authority is the strong need to ensure that the Board's directors, officers, and members, including Defendant, be able to carry out its duties for the public good without harassment, intimidation, or as is the case here, facing suit for carrying out their official duties. State law expressly immunizes the "[Medical] Board and its members and staff" from liability for "exercising, in good faith, the powers and duties authorized by law". N.C. Gen. Stat. Ann. § 90-14(e) (2019).

Public policy considerations and the protection of the public warrant the need to accurately report a physician's license status. This includes advising the general public of the physician's current status, any past or pending disciplinary actions, and any other circumstances which may weight on a physician's ability to practice medicine.

Plaintiff alleges that Defendant, as a custodian of records for the NCMB, allegedly defamed him by publishing Plaintiff's "inactive" status along with the reasons for the inactive status, e.g. the voluntary surrender of his medical license in April 1, 1982. Based on the foregoing authority, Defendant is absolutely immune from Plaintiff's claims for damages.

**C.   Plaintiff Lacks Standing to Seek Redress for His Claims**

A party who invokes federal jurisdiction must establish standing under Article III of the U.S. Constitution. *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1148 (2013). Standing has three requirements: injury in fact, causation, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). In bringing this suit, Plaintiff "sues for the deprivation of his property right in his North Carolina license without notice or opportunity for a due process hearing in violation of the Due Process Equal Protection Clause of the Constitution" and subsequently "asks the Court to enjoin further harm as is right and lawful". (Complaint at p. 35, lines 18-9, p. 36, lines 1-2)

"The sole function of an action for injunction is to forestall future violations." *United States v. Or. State Med. Society*, 343 U.S. 326, 333 (1952). When a claim

Freeman Mathis
& Gary, LLP
Attorneys at Law

alleges only "past exposure to illegal conduct," an injunction cannot remedy the injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Similarly, a plaintiff cannot redress a past wrong through a judicial declaration. *Id.* at 104-05; see *Simmons v. Poe*, 47 F.3d 1370, 1382 (4th Cir. 1995).

Plaintiff cannot plead facts of either Defendant or NCMB's "ongoing or threatened violations of federal law" because there are none. His Complaints against Defendant and the NCMB are premised upon events that "occur entirely in the past" *DeBauche,* 191 F.3d at 505. Amidst the litany of other issues the Complaint presents, Plaintiff's Complaint is overall incredibly vague and it is unclear what relief Plaintiff is seeking, whether it is monetary damages or equitable remedies. To the extent Plaintiff is seeking equitable relief including a means by which to remedy the inactivation of his license or past publication of information regarding same, he lacks standing to do so. No injunction or declaration from this Court could possibly redress this past alleged injury.

### D.   Plaintiff's Failure to Comply With Rule 8 Subjects the Complaint to Dismissal

Principally, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). Each allegation "must be simple, concise, and direct." FRCP 8(d)(1). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry v. Renne*, 84 F. 3d 1172, 1179 (9th Cir. 1996). Rule 8 "applies to good claims as well as bad and is a basis for dismissal independent of Rule 12(b)(6)." *Id.* Vaguely worded, long, and irrelevant complaints "impose unfair burdens on litigants and judges' and waste time 'prejudicing litigants in other case[s] who follow the rules." *Id. at 1180.* The underlying requirement is that a pleading gives "fair notice" of the claim being asserted and the "grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the

Freeman Mathis
& Gary, LLP
Attorneys at Law

1  speculative level." *Id.* Rule 8(a) has "been held to be violated by a pleading that was

2  needlessly long, or a complaint that was highly repetitious, or confused, or consisted

3  of incomprehensible rambling." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,*

4  637 F.3d 1047, 1059 (9th Cir. 2011).

5  Plaintiff's Complaint, which spans 47 pages and alleges fifteen "counts" against

6  more than thirty different defendants, is a far cry from the any "short and plain

7  statement of the claim" as required by Rule 8. The majority of these counts do not

8  distinguish among these separate defendants. In lieu of any "short or plain statement",

9  Plaintiff's Complaint is rife with content that is repetitive, irrelevant, and, at times,

10  contradictory which only serve to obfuscate and confuse the issues and claims Plaintiff

11  is bringing. This includes, among other things, a discussion as to the NCMB's

12  registration requirements (See Complaint at p. 5, 10, 11, 12, 15), seeking judicial

13  notice that the year 1982 was an "even numbered month" [sic] (p. 5), that accepting a

14  surrender of Plaintiff's medical license meant that Plaintiff "met or exceeded State

15  standards for safe and competent medical practice" (p. 6),  a delineation between the

16  right to practice medicine and a license to practice medicine (p. 12), the difference

17  between a registration and a renewal of a license (p. 12), and a grammatical

18  comparison of the word "anytime" against "any time" (p. 13). Additionally, Plaintiff's

19  Complaint makes numerous references and citations to exhibits which are not included

20  or attached as part of the Complaint.

21  Despite the length and the verbosity of Plaintiff's Complaint, it surprisingly fails

22  to provide any indication as to the relief he is seeking. Plaintiff's Complaint is devoid

23  of any statement which clearly sets forth the relief he is seeking and his entitlement to

24  such relief. It is entirely unclear whether Plaintiff is seeking damages, equitable relief,

25  or a combination of both.

26  Plaintiff may argue that his status as a pro se litigant and his lack of any legal

27  training and experience may excuse his deviance with even the most rudimentary of

28  FRCP pleading rules. It does not. It is well established that pro se litigants must follow

Freeman Mathis
& Gary, LLP
Attorneys at Law

1   the same rules of procedure that govern other litigants. *United States v. Merrill*, 746
2   F.2d 458, 465 (9th Cir.1984).

3       **E.    Plaintiff Cannot Cure the Defects in the Complaint as a Matter of**
4           **Law**

5       Dismissal with prejudice is warranted when the trial court determines that the
6   allegation of other facts consistent with the challenged pleading could not possibly
7   cure the deficiency, and when dismissing with prejudice, the court should adequately
8   explain, in light of this standard, why it dismissed with prejudice. *Belizan v. Hershon*,
9   434 F.3d 579, 580 (D.C.Cir.2006). Leave to amend is properly denied based upon
10  "futility of amendment". *Foman v. Davis* (1962) 371 U.S. 178, 182.

11      Here, Plaintiff, despite his best efforts, cannot possible cure the deficiencies
12  contained within his Complaint. Plaintiff seeks to sue Defendant and the NCMB, a
13  state entity, in their official capacities but, as discussed above, both are entitled to
14  Eleventh Amendment immunity. Since no additional facts can be pled to change the
15  status of the NCMB or its members as an arm of the state, Plaintiff cannot possibly
16  cure the defects in his Complaint as a matter of law. Accordingly, Defendant
17  respectfully requests that the Court dismiss the Complaint <u>without</u> leave to amend.

18  **V.    CONCLUSION**

19      For the reasons above, Defendant respectfully requests that the Court dismiss
20  Plaintiff's Complaint without prejudice and grant all other relief that the Court
21  considers just.

22                                          **FREEMAN MATHIS & GARY LLC**
23
24
25  Dated: July 29, 2022           By:    /s/ Albert K. Alikin
26                                         ALBERT K. ALIKIN
                                           BRIAN W. SKALSKY
27                                         Attorneys for Defendant
28                                         R. DAVID HENDERSON

Freeman Mathis
& Gary, LLP
Attorneys at Law

**FILER'S ECF ATTESTATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court of the Southern District of California, I certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories have authorized placement of their electronic signature on this document.

Dated: July 29, 2022          By:     */a/ Albert K. Alikin*
                                       Email: albert.alikin@fmglaw.com

Freeman Mathis
& Gary, LLP
Attorneys at Law

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
**CASE NO. 3:22-cv-376-CAB-MDD**

1

**CERTIFICATE OF SERVICE**

2   The undersigned hereby certifies that a true and correct copy of the above and

3   foregoing document has been served on July 29, 2022 to all counsel of record who are

4   deemed to have consented to electronic service via the Court's CM/ECF system per

5   Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail,

6   facsimile and/or overnight delivery.

7   Executed on July 29, 2022, at Los Angeles, California.

8

9

10                              By:   */a/ Amber Taylor*

11                                    Email: amber.taylor@fmglaw.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
**CASE NO. 3:22-cv-376-CAB-MDD**

Freeman Mathis
& Gary, LLP
Attorneys at Law