Ross E. Bautista, Bar No. 312319
RBautista@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile: +1.858.720.5799

Robert A. Burgoyne, D.C. Bar No. 366757 (*pro hac vice* application forthcoming)
RBurgoyne@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

*Attorneys for Defendant National Board of Medical Examiners of the United States*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**JOE DEAN CRAWFORD,**

**Plaintiff,**

**v.**

**KRISTINA D. LAWSON, et al.,**

**Defendants.**

**Case No. 22-cv-376-CAB-MDD**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS' MOTION TO DISMISS**

**PER CHAMBER'S RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT**

**Date: September 6, 2022**
**Judge: Hon. Cathy Ann Bencivengo**

Defendant National Board of Medical Examiners of the United States ("NBME") respectfully submits this memorandum in support of its motion to dismiss plaintiff Joe Dean Crawford's ("Dr. Crawford") Complaint under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(6), 20, and 21.

**INTRODUCTION**

Dr. Crawford has sued 30 individuals and four entities in a confusing, fifteen-count complaint that appears to relate to an unsuccessful effort to become licensed as a physician in California. The defendants include the California Medical Board "by its individual members in their official capacities," the North Carolina Medical Board "by its individual members in their official capacities," the Federation of State Medical Boards and its Chief Executive Officer, and NBME. *See* Doc. No. 1 at 1.

Only one of Dr. Crawford's fifteen counts is directed at NBME, and it consists of only three sentences:

> 1. Plaintiff, a Diplomate of the National Board of Medical Examiners of the United States sues that same body for breach of contract in that it failed to perform a contractual and paid for service by immediately forwarding evidence of Diplomate Status to the California State Medical Board in a timely manner. The delay caused Plaintiff economic harm and loss of valuable property.
>
> 2. No excuse exists for the breach of contract which may have been malicious or gross negligence.

Doc. No. 1 at 46. NBME is not mentioned anywhere else in Dr. Crawford's Complaint, which centers around information purportedly provided in 2021 by the North Carolina Medical Board to the Medical Board of California, relating to Dr. Crawford's interactions with the North Carolina Medical Board more than 40 years ago, in 1982. *See generally* Doc. No. 1 at 4–46.

Dr. Crawford filed a "Jury Demand" with his Complaint. *See* Doc. No. 3. In this 21-page document, Dr. Crawford provides "Proposed Jury Instructions" for his

claims. He does not mention NBME in this document. Instead, he again focuses on actions allegedly taken by the North Carolina Medical Board.

This case is one of numerous lawsuits filed by Dr. Crawford, *pro se*, against state medical boards, their members, and other defendants relating to his efforts to obtain licensure as a physician. *See, e.g., Crawford v. Fed'n of State Med. Bds.,* No. 4:14-cv-00784-Y (N.D. Tex.) (suit against the Federation of State Medical Boards, FSMB staff and Board members, and the American Medical Association, asserting defamation claims relating to statements made about Dr. Crawford's licensure status in North Carolina and Maryland); *Crawford v. Seidman,* No. 5:01-cv-00714-F (E.D.N.C.) (suit against members of the Maryland Board of Physician Quality Assurance, the Maryland Department of Mental Health and Hygiene, and members of the North Carolina Medical Board, alleging constitutional violations relating to his licensure application in Maryland); *Crawford v. Seidman*, No. 1:00-cv-00013-WMN (D. Md.) (same);[1] *Crawford v. Kanof,* No. 5:99-cv-374-H (E.D.N.C.) (suit against members of the North Carolina Medical Board and others, alleging constitutional violations relating to his licensure status in North Carolina); *Crawford v. Paris,* No. 8:91-cv-03215-PJM (D. Md.) (suit against members of the Maryland State Board of Medical Examiners, Maryland Board of Physician Quality Assurance, and Maryland Department of Mental Health and Hygiene, alleging constitutional violations relating to his application for licensure in Maryland);[2] *Crawford v. Ferris*, No. 8:91-cv-00982-PJM (D. Md.) (suit against members of one or more of the following entities, alleging civil rights violations: the Maryland State Board of Medical Examiners, Maryland Board of Physician Quality Assurance, and/or Maryland Commission on

---

[1] *See also Crawford v. Seidman*, 2001 WL 224831 (D. Md. 2001) (dismissing complaint).

[2] *See also Crawford v. Paris*, 897 F. Supp. 928 (D. Md. 1995) (dismissing complaint).

Medical Discipline).[3] Certain of these lawsuits involved similar allegations, and some of the same defendants, as the present lawsuit.

Based upon public records accessed to date, all of these other cases ended in dismissal of Dr. Crawford's claims. For at least four reasons, the same result is warranted here with respect to Dr. Crawford's claim against NBME.

## ARGUMENT

### I. The Court Lacks Personal Jurisdiction Over NBME

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). If a plaintiff sues multiple defendants, he must establish personal jurisdiction over each defendant. *Pilant v. Caesars Enterprise Servs., LLC*, No. 20-CV-2043-CAB-AHG, 2020 WL 7043607, *7 (S.D. Cal. Dec. 1, 2020).

"In resolving a Rule 12(b)(2) motion, the court may consider evidence outside the pleadings, including affidavits and other materials submitted on the motion." *Zions Bancorporation, N.A. v. JPMorgan Chase Bank, N.A.*, No. 3:20-cv-2048-AJB-JLB, 2021 WL 3406641, *2 (S.D. Cal. Aug. 3, 2021) (citations omitted). '"The plaintiff cannot 'simply rest on the bare allegations of the complaint,' but uncontroverted allegations in the complaint must be taken as true.'" *Id.* (citation omitted). "Furthermore, while the court may not assume the truth of allegations that are contradicted by affidavit, the court draws all reasonable inferences from the complaint, and resolves all factual disputes, in favor of the plaintiff." *Id.*

As noted above, Dr. Crawford's claim against NBME consists of only three sentences, none of which contain allegations relevant to the question of personal jurisdiction. There are thus no "allegations in the complaint [that] must be taken as

---

[3] Based on information from the federal court cases referenced above, Dr. Crawford has also pursued state court actions relating to his licensure status.

true" for purposes of personal jurisdiction, *Pilant*, 2020 WL 7043607, *7, and no allegations that—if accepted as true—would establish either general or specific jurisdiction over NBME.

This is not a deficiency that Dr. Crawford can overcome, because the relevant facts do not support personal jurisdiction over NBME. NBME is incorporated in Washington, D.C. *See* Decl. of Frank Corbi ¶ 2 (filed herewith). Its offices and principal place of business are in Pennsylvania. *Id.* NBME has no offices and owns no property in California. *Id.* ¶ 3. NBME interacted with Dr. Crawford in 2021 in connection with a request he made for NBME to verify to the Medical Board of California that Dr. Crawford is a so-called NBME Diplomate (*see generally* https://www.nbme.org/support/diplomate-certification). *Id.* ¶ 4. Those interactions occurred online or by telephone. *See id.* at ¶ 9. NBME does not know where Dr. Crawford was located when those interactions occurred, but the address that NBME has on file for Dr. Crawford is an address in North Carolina, not California. *Id.* ¶ 10.

These facts are insufficient to warrant an exercise of personal jurisdiction over NBME, even if Dr. Crawford happened to be living in California when he communicated with NBME:

> [T]he "mere fact that [a defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." Instead, two factors are considered in determining whether an action is expressly aimed at the forum state:
>
> (1) First, the relationship must arise out of contacts that the defendant himself creates with the forum State .... [H]owever significant the plaintiff's contacts with the forum may be, those contacts cannot be decisive in determining whether the defendant's due process rights are violated [by being subjected to personal jurisdiction in a given forum].
>
> (2) Second, [the Supreme Court's] "minimum contacts" analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.

*Morrill v. Scott Financial Corp.*, 873 F.3d 1136, 1143 (9th Cir. 2017) (quoting *Walden v. Fiore*, 571 U.S. 277, 283–86 (2014) (citations omitted)); *see also, e.g.*, *Boschetto v. Hansing,* 539 F.3d 1011, 1018 n.4 (9th Cir. 2008) (holding that Wisconsin seller of car, via Internet auction site, was not subject to personal jurisdiction in buyer's California action: "Even if Hansing knew Boschetto was in California when he sent the post-auction email, the email was not sufficient to subject him to personal jurisdiction there. It established only a limited contact, and Hansing sent it because Boschetto won the auction, not because he was in California"); *Ewing v. Encore Solar, LLC*, No. 18-CV-2247-CAB-MDD, 2019 WL 277386, *3–6 (S.D. Cal. Jan. 22, 2019).

Because Dr. Crawford has not shown that NBME has sufficient contacts with California, the Court should dismiss his Complaint against NBME for lack of personal jurisdiction. *Pilant*, 2020 WL 7043607, *7.

## II. Venue is Improper in this District

"As plaintiff, [Dr. Crawford] has the burden of establishing proper venue." *Johnson v. Law*, 19 F. Supp. 3d 1004, 1007 (S.D. Cal. 2014) (citations omitted). In deciding a motion to dismiss for improper venue, "the Court does not have to accept pleadings as true and may consider facts outside of the pleadings." *Id.* at 1008.

Dr. Crawford's Complaint does not cite any statutory basis for establishing venue in this district. Nor does it allege facts from which a venue determination could be independently made by the Court.

Dr. Crawford has sued 29 individuals who are (or were) members of the Medical Board of California or the North Carolina Medical Board. He does not allege where any of these defendants reside. Likewise, he has not alleged the residency of the Federation of State Medical Boards, its CEO, or NBME. Thus, Dr. Crawford has not alleged facts that, if established, would show that (i) this is a judicial district in which at least one defendant resides and (ii) all defendants are

residents of California. He has therefore failed to make a showing that venue is proper under 28 U.S.C. § 1391(b)(1).

Moreover, even if at least one defendant resides in this district, Dr. Crawford could not establish venue under Section 1391(b) because the defendants are not all California residents. Members of the North Carolina Medical Board presumably reside in North Carolina. NBME is incorporated in Washington, D.C. and its offices are in Pennsylvania (Corbi Decl. ¶ 2), and FSMB's offices are in Texas.

Venue can also be established, of course, by showing that this is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Dr. Crawford's Complaint, however, does not contain allegations that would allow the Court to find that venue is proper on either of these alternative bases. Dr. Crawford's Complaint does not involve any property, and he does not allege that any actions by any defendant(s) took place in this district.

**III. Dr. Crawford Has Failed to State a Claim Against NBME**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint." *Varol v. Radel*, 420 F. Supp. 3d 1089, 1094 (S.D. Cal. 2019) (citation omitted). "Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory," or where the complaint "presents a cognizable legal theory yet fails to plead essential facts under that theory." *Id.* (citations omitted). "While a plaintiff need not give 'detailed factual allegations,' a plaintiff must plead sufficient facts that, if true, 'raise a right to relief above the speculative level.'" *Id*. (citations omitted).

Here, Dr. Crawford has asserted a breach of contract claim against NBME. Doc. No. 1 at 46. This is a cognizable legal theory. The complaint, however, "fails to plead essential facts under that theory." *Varol*, 420 F. Supp. 3d at 1094.

"A plaintiff pleading a claim for relief for breach of contract under California law must show (1) a legally enforceable contract between the parties; (2) the

plaintiff's performance or excuse for non-performance; (3) the defendant's breach of that contract (*e.g.*, by failing to perform or performing inadequately); and (4) damage to the plaintiff caused by the defendant's breach." *Soil Retention Products, Inc. v. Brentwood Indus., Inc.*, 521 F. Supp. 3d 929, 945 (S.D. Cal. 2021).[4]

But here, Dr. Crawford has not identified his alleged contract with NBME or discussed its relevant terms, he has not provided any details regarding his performance under the alleged contract beyond a passing reference to a "paid for service," he has made only a conclusory allegation that NBME failed to perform "in a timely manner," and he alleges only in a conclusory manner that the alleged delay in NBME's performance "caused Plaintiff economic harm and loss of valuable property." Doc. No. 1 at 46. Plaintiff has thus failed to state a breach of contract claim against NBME. *See Soil Retention Products*, 521 F. Supp. 3d at 945–52 (dismissing breach of contract claim for failure to state a claim where plaintiff identified the alleged contract but not its relevant terms, made only "conclusory allegations" regarding plaintiff's performance of its obligations under the alleged contract, "fail[ed] to plead facts allowing the Court to determine" how the defendant purportedly "breached the alleged contract," and "pled damages in such a way that the Court [was] unable to determine whether those damages pled are recoverable under contract law generally, much less the Commercial Code.").

## IV. Dr. Crawford Has Improperly Joined NBME as a Defendant in this Case

A plaintiff may join multiple defendants in a single lawsuit only if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). If these two requirements are not met with respect to the claims asserted against a given defendant, a court may drop that

[4] NBME assumes for present purposes that California law applies here.

defendant from the lawsuit. *See* Fed. R. Civ. P. 21; *UMW Student Ass'n v. Lovell*, 888 F.3d 854, 862–64 (7th Cir. 2018).

Dr. Crawford's claim against NBME does not arise out of "the same transaction, occurrence, or series of transactions or occurrences" as his claims against any other defendants. To the contrary, his claim against NBME is a discrete, independent claim involving an alleged breach of a contract between NBME and Dr. Crawford. He has not alleged that NBME was involved in any of the transactions or occurrences that he discusses in his other fourteen counts. Likewise, no "question of law or fact common to all defendants will arise in [this] action." Because there was no basis for Dr. Crawford to include NBME as a defendant under Rule 20, dismissal of his claim against NBME is warranted for this additional reason.

## CONCLUSION

The Court should dismiss Dr. Crawford's complaint against NBME for lack of personal jurisdiction, failure to establish that venue is proper, failure to state a claim, and misjoinder of NBME as a defendant.

Dated: August 1, 2022

**PERKINS COIE LLP**

By: */s/ Ross E. Bautista*

Ross E. Bautista
rbautista@perkinscoie.com
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile: +1.858.720.5799

Attorneys for Defendant
NATIONAL BOARD OF MEDICAL EXAMINERS