Ross E. Bautista, Bar No. 312319
RBautista@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone:  +1.858.720.5700
Facsimile:   +1.858.720.5799

Robert A. Burgoyne, D.C. Bar No. 366757 (*pro hac vice* application forthcoming)
RBurgoyne@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone:  +1.202.654.6200
Facsimile:   +1.202.654.6211

*Attorneys for Defendant Federation of State Medical Boards of the United States*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE DEAN CRAWFORD,<br><br>Plaintiff,<br><br>v.<br><br>KRISTINA D. LAWSON, et al.,<br><br>Defendants. | Case No.  22-CV-376-CAB-MDD<br><br>**DEFENDANT FEDERATION OF STATE MEDICAL BOARDS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>**PER CHAMBER'S RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT**<br><br>**Date:    September 6, 2022**<br>**Judge:  Hon. Cathy Ann Bencivengo** |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
FEDERATION OF STATE MEDICAL BOARDS' MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ........................................................................... 1

II.   ARGUMENT .................................................................................. 3

    A.   The Court Lacks Personal Jurisdiction Over FSMB. ......................... 4

    B.   Venue is Improper in this District......................................................... 6

    C.   Dr. Crawford Has Failed to State a Claim Against FSMB ................. 7

        1.   Dr. Crawford's Defamation Claims Are Time Barred. ............. 8

        2.   Dr. Crawford's Defamation Claims Fail on their Face Because they are Based Upon Privileged Statements. ............. 8

        3.   Dr. Crawford Has Failed to Adequately Plead a Defamation Claim................................................................. 11

III.   CONCLUSION ............................................................................ 12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
FEDERATION OF STATE MEDICAL BOARDS' MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................4

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................4

*Crawford v. Fed'n of State Med. Bds.*,
   No. 4:14-cv-00784-Y (N.D. Tex.) ...............................................................3

*Crawford v. Paris*,
   897 F. Supp. 928 (D. Md. 1995) .................................................................3

*Crawford v. Seidman*,
   2001 WL 224831 (D. Md. 2001) ................................................................3

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ...................................................................................5

*Day v. Fed'n of State Med. Bds.*,
   579 S.W.2d 810 (Tex. App. 2019) .............................................................2

*Dorn v. Mendelzon*,
   196 Cal. App. 3d 933 (1987) .....................................................................9

*Fahmy v. Hogge*,
   No. CV-08-1152-PSG-(SHx), 2008 WL 4614322 (C.D. Cal. Oct.
   14, 2008) .....................................................................................................6

*Gallagher v. Philipps*,
   563 F. Supp. 3d 1048 (S.D. Cal. 2021) ....................................................11

*Janus v. Freeman*,
   840 Fed. Appx. 928 (9th Cir. 2020) ...........................................................5

*JL v. Weber*,
   No. 17-cv-0006-CAB-(WVG), 2017 WL 951035 (S.D. Cal. March
   10, 2017) .....................................................................................................8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
FEDERATION OF STATE MEDICAL BOARDS' MOTION TO DISMISS

*Joel v. Valley Surgical Center*,
    68 Cal. App. 4th 360 (1998) .............................................................................. 10

*Johnson v. Law*,
    19 F. Supp. 3d 1004 (S.D. Cal. 2014) ................................................................ 6

*Jones v. Bock*,
    549 U.S. 199 (2007) ...................................................................................... 7, 10

*Phelps v. Navient Solutions, Inc.*,
    No. 2:16-cv-2798-GEB-KJN, 2017 WL 68172 (E.D. Cal. Jan. 6,
    2017) .................................................................................................................. 12

*Pilant v. Caesars Enterprise Servs.*,
    No. 20-CV-2043-CAB-AHG, 2020 WL 7043607 (S.D. Cal. Dec. 1,
    2020) ................................................................................................................... 4

*Professional's Choice Sports Medicine Products, Inc. v. Hegeman*,
    No. 15-cv-02505-BAS-WVG, 2016 WL 1450704 (S.D. Cal. April
    12, 2016) ............................................................................................................ 6

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ............................................................................. 4

*Varol v. Radel*,
    420 F. Supp. 3d 1089 (S.D. Cal. 2019) ............................................................. 7

*Zions Bancorp., N.A. v. JPMorgan Chase Bank, N.A.*,
    No. 3:20-cv-2048-AJB-JLB, 2021 WL 3406641 (S.D. Cal. Aug. 3,
    2021) ................................................................................................................... 4

**STATUTES**

28 U.S.C. § 1391(b)(1) .......................................................................................... 6, 7

28 U.S.C. § 1391(b)(2) ............................................................................................. 7

Cal. Civ. Code § 43 .................................................................................................. 9

Cal. Civ. Code § 43.8 ............................................................................................. 10

Cal. Civ. Code § 44 .................................................................................................. 8

Cal. Civ. Code § 45 .................................................................................................. 9

-iii-           22-CV-376-CAB-MDD

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
FEDERATION OF STATE MEDICAL BOARDS' MOTION TO DISMISS

Cal. Civ. Code § 46(2) ........................................................................ 9

Cal. Civ. Code § 47 .......................................................................... 10

Cal. Civ. Code § 47(c) ................................................................... 9, 10

Cal. Civ. Proc. Code § 340(c) ........................................................... 8

Cal. Civ. Proc. Code § 410.10 .......................................................... 5

**RULES**

Federal Rules of Civil Procedure 12(b)(2) ................................... 1, 4

Federal Rules of Civil Procedure 12(b)(3) ....................................... 1

Federal Rules of Civil Procedure 12(b)(6) ....................................... 7

Federal Rules of Civil Procedure 12(b)(6) ....................................... 1

**OTHER AUTHORITIES**

Actions – Adverse & Administrative,
    Licensee Search | North Carolina Medical Board (ncmedboard.org) ................ 12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
FEDERATION OF STATE MEDICAL BOARDS' MOTION TO DISMISS

1    Defendant Federation of State Medical Boards of the United States ("FSMB")

2    respectfully submits this memorandum in support of its motion to dismiss plaintiff

3    Joe Dean Crawford's ("Dr. Crawford") Complaint under Federal Rules of Civil

4    Procedure 12(b)(2), 12(b)(3), and 12(b)(6).

5    **I.    INTRODUCTION**

6    Dr. Crawford's Complaint asserts constitutional and common law claims

7    against 30 individuals and four entities relating to his unsuccessful effort to become

8    a licensed physician in California.  The defendants include the California Medical

9    Board "by its individual members," the North Carolina Medical Board "by its

10   individual members," the National Board of Medical Examiners, FSMB, and

11   FSMB's Chief Executive Officer, Dr. Humayuan Chaudhry.  *See* Doc. No. 1 at 1.

12   FSMB is a non-profit organization whose membership consists of the 70 state

13   medical and osteopathic regulatory boards within the United States, its territories,

14   and the District of Columbia.  *See* Decl. of Eric Fish ¶ 2 (filed herewith).  FSMB

15   supports its member boards as they fulfill their statutory mandates to protect the

16   public's health, safety, and welfare through the proper licensing, disciplining, and

17   regulation of physicians.  *Id.* ¶ 5.  It does so by providing services and undertaking

18   initiatives that promote patient safety, quality health care, and regulatory best

19   practices throughout the broader health care system.  *Id.*

20   One such initiative is a web-based data service known as the Physician Data

21   Center, or "PDC."  *Id.* ¶ 6.  The PDC provides a comprehensive source of information

22   for state medical boards, federal agencies, hospitals, insurance companies,

23   credentialing agencies, and other subscribers regarding the licensure history and any

24   disciplinary actions imposed against physicians across the United States.  *Id.* ¶ 7.

25   FSMB obtains this information directly from the medical board in each state in which

26   a given physician has been licensed to practice or sought to be licensed.  *Id.*

27   Information available through the PDC website can be accessed in an efficient

28   manner by subscribers and used to make decisions about licensing, credentialing, and

-1-                                      22-CV-376-CAB-MDD

the services of physicians whom these subscribers are called upon to evaluate.  *See id.* ¶ 8; *see also Day v. Fed'n of State Med. Bds.*, 579 S.W.2d 810, 815–16 (Tex. App. 2019) (discussing the important role of information available on the PDC and dismissing defamation claim by a physician regarding information received by FSMB from the Texas Medical Board and included on the website).

Dr. Crawford's claims against FSMB appear to be based upon information regarding Dr. Crawford that can be accessed on the PDC website regarding his licensure status in two states: North Carolina and Maryland.

In Count Five of his Complaint, Dr. Crawford "sues [FSMB] and its Chief Executive Officer for the defamation and injury caused by the publishing of the statement that Doctor Crawford was no longer authorized to practice medicine in North Carolina because his license and authority to practice there was accepted by the [North Carolina] Board as 'voluntarily surrendered' on April 1, 1982." Doc. No. 1 at 21–22.  Dr. Crawford alleges that FSMB published this information "on the internet and to a specific third party in California," and that "this false statement by [FSMB] and its chief officer was immensely derogatory and damaging to Dr. Crawford's occupation, reputation for telling the truth, and his character." *Id.* at 22.

In Count Seven, Dr. Crawford "sues defendant Chaudhry as chief corporate officer and [FSMB] ... and claims that they harmed him by making the following statement to at least one third party in California and on the internet ... that Doctor Crawford was not competent to practice medicine in Maryland because the Maryland [medical] board had 'denied licensure' to plaintiff on December 31, 1996." Doc. No. 1 at 29–30.  While Dr. Crawford does not use the word "defamation" in this count, he refers to the alleged statement as a "false statement" and is presumably alleging a defamation claim in this count, as in Count Five.

This is one of numerous lawsuits filed by Dr. Crawford, *pro se*, against state medical boards, their members, and other defendants relating to his efforts to obtain

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
FEDERATION OF STATE MEDICAL BOARDS' MOTION TO DISMISS

licensure as a physician.[1]  These lawsuits include a 2014 lawsuit in which he asserted defamation claims against FSMB, its Chief Executive Officer, other FSMB employees, and an FSMB board member regarding information that FSMB made available regarding his licensure history in North Carolina and Maryland—***the very same claims he asserts here***—but apparently relating to his efforts to become licensed in Pennsylvania. *See* Compl. at Counts 1– 6 (Doc. No. 1 at 6–10), *Crawford v. Fed'n of State Med. Bds.,* No. 4:14-cv-00784-Y (N.D. Tex.) (requesting $23,000,000 in damages) (copy attached for the Court's convenience at Exhibit A). The Texas court dismissed his complaint for failure to accomplish service on the defendants.

The numerous federal cases previously filed by Dr. Crawford relating to his medical licensure applications all appear to have ended in dismissal.  The same result is warranted with respect to the frivolous claims he asserts here against FSMB.[2]

## II.   ARGUMENT

The Court should dismiss Dr. Crawford's complaint against FSMB for at least three reasons.  First, the Court lacks personal jurisdiction over FSMB.  Second, venue

---

[1]  *See, e.g., Crawford v. Seidman*, 2001 WL 224831 (D. Md. 2001), *and Crawford v. Paris*, 897 F. Supp. 928 (D. Md. 1995), which dismissed complaints that Dr. Crawford filed against the Maryland Board of Physician Quality Assurance, the Maryland Department of Mental Health and Hygiene, and the North Carolina Medical Board alleging constitutional violations relating to his unsuccessful application for licensure in Maryland. A more comprehensive listing of Dr. Crawford's other lawsuits is found in the motion to dismiss filed by defendant National Board of Medical Examiners.  There have been at least six such lawsuits, going back at least as far as 1991.

[2] Dr. Chaudhry does not join in this motion to dismiss because he has not been properly served.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
FEDERATION OF STATE MEDICAL BOARDS' MOTION TO DISMISS

is improper in this district.  <u>Third</u>, Dr. Crawford has failed to state a claim against FSMB.  He has not plead his defamation claims with sufficient specificity to satisfy the pleading requirements set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and those claims are precluded in any event by California's one-year statute of limitations for defamation claims and by the privileges that California law affords to the type of statements that Dr. Crawford attacks here.[3]

## A.    The Court Lacks Personal Jurisdiction Over FSMB.

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate."  *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 800 (9th Cir. 2004).  If a plaintiff sues multiple defendants, plaintiff must establish personal jurisdiction over each defendant.  *Pilant v. Caesars Enterprise Servs.,* No. 20-CV-2043-CAB-AHG, 2020 WL 7043607, *7 (S.D. Cal. Dec. 1, 2020).

"In resolving a Rule 12(b)(2) motion, the court may consider evidence outside the pleadings, including affidavits and other materials submitted on the motion."  *Zions Bancorp., N.A. v. JPMorgan Chase Bank, N.A*., No. 3:20-cv-2048-AJB-JLB, 2021 WL 3406641, *2 (S.D. Cal. Aug. 3, 2021) (citations omitted).  "'The plaintiff cannot 'simply rest on the bare allegations of the complaint,' but uncontroverted allegations in the complaint must be taken as true.'"  *Id*. (citation omitted).  "Furthermore, while the court may not assume the truth of allegations that are contradicted by affidavit, the court draws all reasonable inferences from the complaint, and resolves all factual disputes, in favor of the plaintiff."  *Id*.

FSMB is incorporated in Nebraska and has offices in Euless, Texas, and Washington, D.C.  *See* Fish Decl. ¶ 3.  Its principal place of business is in Texas.  *Id.*

---

[3] Dr. Crawford references California law in his Complaint, *see* Doc. No. 1 at 2–3, and FSMB assumes for present purposes that California law governs.

1  FSMB has no offices and owns no property in California. *Id.* ¶ 4. FSMB did not
2  initiate any interactions with either Dr. Crawford or the Medical Board of California
3  relating to Dr. Crawford's apparent application for licensure in California. Instead,
4  as a member medical board with access to the PDC data service, the Medical Board
5  of California presumably accessed the website in connection with Dr. Crawford's
6  licensure application, to obtain information on Dr. Crawford's licensure history and
7  to determine whether he had been subject to disciplinary action in any jurisdiction in
8  which he had been previously licensed. *Id.* ¶ 9.

9       These facts are insufficient to warrant an exercise of personal jurisdiction over
10  FSMB in California, regardless of whether Dr. Crawford was a resident of California
11  when the Medical Board of California accessed his information on the PDC website.

12      "Federal courts ordinarily follow state law in determining the bounds of their
13  jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).
14  "Because California law allows the exercise of personal jurisdiction to the full extent
15  permitted by the U.S. Constitution, *see* Cal. Civ. Proc. Code § 410.10, the personal-
16  jurisdiction issue presented here turns exclusively on the limits imposed by federal
17  due process." *Janus v. Freeman*, 840 Fed. Appx. 928, 929–30 (9th Cir. 2020) (citing
18  *Daimler*).

19      FSMB cannot be subjected to general jurisdiction in California because it is
20  not incorporated here, it does have its principal place of business here, and its
21  California-based activities are not sufficiently extensive to otherwise warrant an
22  exercise of general jurisdiction. *See Daimler*, 571 U.S. at 137–39. Nor is an exercise
23  of specific jurisdiction warranted. The posting of information on a website regarding
24  an individual's licensure history in jurisdictions other than California, accessible to
25  subscribers across the United States, is not sufficient to show that FSMB purposefully
26  directed its activities at California to be subject to specific personal jurisdiction here,
27  even if the information on the website is accessed by individuals in California or
28  happens to relate to an individual who resides in California. *See Janus*, 840 Fed.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
FEDERATION OF STATE MEDICAL BOARDS' MOTION TO DISMISS

1   Appx. at 931; *Professional's Choice Sports Medicine Products, Inc. v. Hegeman*, No.
2   15-cv-02505-BAS-WVG, 2016 WL 1450704, *5 (S.D. Cal. April 12, 2016) ("'A
3   passive web site that does little more than make information available to those who
4   are interested is not grounds for the exercise of personal jurisdiction.'") (citation
5   omitted) (dismissing complaint for lack of general or specific personal jurisdiction,
6   where California plaintiff sued out-of-state defendants for posting allegedly
7   defamatory statements about plaintiff on a Facebook page and providing a link to that
8   page on a company website); *Fahmy v. Hogge*, No. CV-08-1152-PSG-(SHx), 2008
9   WL 4614322, *4 (C.D. Cal. Oct. 14, 2008) ("Placing [allegedly] defamatory
10  information on the Internet is not sufficient by itself to subject the non-resident owner
11  of a website to personal jurisdiction in California.").

12  **B.   Venue is Improper in this District.**

13  "As plaintiff, [Dr. Crawford] has the burden of establishing proper venue."
14  *Johnson v. Law*, 19 F. Supp. 3d 1004, 1007 (S.D. Cal. 2014) (citations omitted).  In
15  deciding a motion to dismiss for improper venue, "the Court does not have to accept
16  pleadings as true and may consider facts outside of the pleadings." *Id.* at 1008.

17  Dr. Crawford's Complaint does not cite any statutory basis for establishing
18  venue in this district.  Nor does it allege facts from which a venue determination
19  could be independently made by the Court.

20  Dr. Crawford has sued 29 individuals who allegedly are (or were) members of
21  either the Medical Board of California or the North Carolina Medical Board.  He does
22  not allege where any of these defendants reside.  Likewise, he has not alleged the
23  residency of the FSMB, its CEO Dr. Chaudhry, or NBME.  Thus, Dr. Crawford has
24  not alleged facts that, if established, would show that (i) this is a judicial district in
25  which at least one defendant resides and (ii) all defendants are residents of California.
26  He has therefore failed to make a showing that venue is proper under 28 U.S.C. §
27  1391(b)(1).

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
FEDERATION OF STATE MEDICAL BOARDS' MOTION TO DISMISS

Moreover, even if Dr. Crawford could show that at least one defendant resides in this district, he could not establish venue under Section 1391(b) because the defendants are not all residents of California.  FSMB does not reside in California, *see* Fish Decl. ¶ 3, and nor do the other defendants (*e.g.*, members of the North Carolina Medical Board, and NBME).

Venue could theoretically be established by showing that this is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," 28 U.S.C. § 1391(b)(2), but Dr. Crawford's Complaint does not contain allegations that would allow the Court to find that venue is proper on either of these alternative bases.  Dr. Crawford's Complaint does not involve any property, and he does not allege that any actions by any defendant(s) took place in this district.

## C.   Dr. Crawford Has Failed to State a Claim Against FSMB.

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint." *Varol v. Radel*, 420 F. Supp. 3d 1089, 1094 (S.D. Cal. 2019) (citation omitted).  "Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory," or where the complaint "presents a cognizable legal theory yet fails to plead essential facts under that theory." *Id.* (citations omitted).  "While a plaintiff need not give 'detailed factual allegations,' a plaintiff must plead sufficient facts that, if true, 'raise a right to relief above the speculative level.'" *Id.* (citations omitted).

Dismissal is also warranted if a plaintiff's allegations show that the complaint is time-barred or otherwise not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.  If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim ....").

1

### 1. Dr. Crawford's Defamation Claims Are Time Barred.

"In California, claims for defamation must be made one year from the date the defamatory statement was published. Cal. Civ. Proc. Code § 340(c)." *JL v. Weber*, No. 17-cv-0006-CAB-(WVG), 2017 WL 951035, *8 n.4 (S.D. Cal. March 10, 2017). According to Dr. Crawford, FSMB made its defamatory statement about his licensure status in North Carolina "to the California Medical Board on January 6, 2021," *see* Doc. No. 3 at 10; and it allegedly made its defamatory statement regarding his licensure status regarding his licensure status in Maryland "to at least one third party in California and on the internet on and beyond January 6, 2021," *id*. at 14; *see also* Doc. No. 1 at 29–30 (allegation in complaint that FSMB made its "false statement" about his licensure status in Maryland "to at least one third party in California and on the internet on or about March 19, 2021").

The statements at issue here, however, were actually made well before 2021, because the statements consist of information that has been posted on FSMB's PDC website for many years, as Dr. Crawford well knows. Indeed, as noted above, Dr. Crawford sued FSMB in 2014 based upon that information being found on its PDC website and available to state medical boards. He alleged in that lawsuit, as he alleges here, that the information made available by FSMB was defamatory. *See* Exhibit A hereto; *see also* Doc. No. 1 at 6–10.

Dr. Crawford filed this lawsuit on March 21, 2022, well after the information at issue became available on the PDC website and more than a year after he alleges that the information was disclosed in connection with his application for licensure in California. His defamation claims against FSMB are therefore time-barred, based on his own allegations.

### 2. Dr. Crawford's Defamation Claims Fail on their Face Because they are Based Upon Privileged Statements.

Defamation under California law can be the result of either libel or slander. Cal. Civ. Code § 44. "Libel is a **false and unprivileged** publication by writing,

-8-                     22-CV-376-CAB-MDD

printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." Cal. Civ. Code § 45 (emphasis added). "Slander is a **false and unprivileged** publication, orally uttered, and also communications by radio or any mechanical or other means which ... [t]ends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits ...." Cal. Civ. Code § 46(2) (emphasis added).

As a matter of law, Dr. Crawford cannot succeed on his defamation claims against FSMB unless the statements he challenges were "unprivileged." Taking all allegations in his complaint as true, Dr. Crawford's claims cannot overcome this hurdle because the statements allegedly made by FSMB were privileged communications under at least two California statutory provisions.

Under Cal. Civ. Code § 43.8, "no cause of action for damages shall arise against, any person on account of the communication of information in the possession of that person to any ... professional society, ... **professional licensing board** or division, [or] **committee or panel of a licensing board** ... when the communication is intended to aid in the evaluation of the qualifications, fitness, character, or insurability of a practitioner of the healing or veterinary arts." (Emphasis added). Although this privilege is qualified, not absolute, the privilege applies unless the statements at issue were made with malice. *Dorn v. Mendelzon*, 196 Cal. App. 3d 933, 943–44 (1987). But no allegation of malice has been made by Dr. Crawford. *See* Doc. No. 1 at 21–26 (Count Five) & 29–33 (Count Seven).

Under Cal. Civ. Code § 47(c), the communication of a statement is privileged if it is made, "without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to

afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information." Here, the statements at issues were made by FSMB to the Medical Board of California, which requested the information about Dr. Crawford by way of accessing the PDC website; and FSMB has a legitimate interest in that information pursuant to the role that it plays in helping its member boards protect the public's health, safety, and welfare through the proper licensing and regulation of physicians.  Section 47(c) therefore applies to the challenged statements.

Because the FSMB statements are presumptively privileged under Cal. Civ. Code §§ 43.8 and 47(c), and because Dr. Crawford does not and could not allege that the challenged statements were made with malice,[4] Dr. Crawford is "not entitled to relief" on his defamation claims as a matter of law, and his complaint against FSMB "is subject to dismissal for failure to state a claim ...." *Jones v. Bock*, 549 U.S. at 215; *cf. Joel v. Valley Surgical Center*, 68 Cal. App. 4th 360, 372 (1998) ("[W]e conclude the report to the National Practitioner Data Bank [by plaintiff's hospital employer that he had been suspended] was absolutely privileged under Civil Code section 47.") (affirming dismissal of physician's defamation claims based on privileged nature of the communication).

---

[4] When FSMB posted information on the PDC website regarding Dr. Crawford's licensure history in North Carolina and Maryland, it did so based upon information provided to FSMB by the medical boards in those states. *See* Fish Decl. ¶ 10.  FSMB did not personally know Dr. Crawford. *Id*.  He was simply one of more than 950,000 licensed physicians in the United States for whom FSMB makes information available on the PDC website, in the interest of helping to protect the health and welfare of the public. *Id*.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
FEDERATION OF STATE MEDICAL BOARDS' MOTION TO DISMISS

### 3. Dr. Crawford Has Failed to Adequately Plead a Defamation Claim.

Dismissal of Dr. Crawford's claims against FSMB would be warranted even if the claims were timely and unprivileged because they have not been adequately pled.

It is not sufficient for a plaintiff to recite the elements of a claim. Instead, a plaintiff must allege facts in sufficient detail to allow a court to determine that a purported claim is plausible. Regarding a defamation claim, at least some degree of detail must be provided regarding exactly what was said, how it was said (orally or in writing), when the statement was purportedly made and to whom, why the statement was false, and how it injured the plaintiff. "'Even under the liberal federal pleading standards, general allegations of the defamatory statements that do not identify the substance of what was said are insufficient.'" *Gallagher v. Philipps*, 563 F. Supp. 3d 1048, 1079 (S.D. Cal. 2021) (citations omitted).

Dr. Crawford's allegations are not sufficient to state a plausible defamation claim against FSMB. In Count Five, he alleges that FSMB "did publish on the internet and to a specific third party in California that Dr. Crawford's license to practice medicine in North Carolina has been 'voluntarily surrendered' on April 1, 1982." Doc. No. 1 at 22. But he does not identify that "specific third party," state how the alleged communication to the third party occurred, explain why the communication was false,[5] or explain how he was injured by the communication.

---

[5] Although not an issue that needs to be addressed for purposes of this motion, the challenged statement is not false. Information regarding a physician's licensure status can also be obtained from the individual jurisdiction(s) in which a physician is or has been licensed. The North Carolina Medical Board's website reports a "Voluntary Surrender of License" for Dr. Crawford dated April 1, 1982, and it provides a link to the letter in which Dr. Crawford surrendered his license. *See*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
FEDERATION OF STATE MEDICAL BOARDS' MOTION TO DISMISS

1    In Count Seven, Dr. Crawford alleges that FSMB falsely stated to "at least one
2  third party in California and on the internet on or about March 19, 2021, that Dr.
3  Crawford was not competent to practice medicine in Maryland because the Maryland
4  board had 'denied licensure' to plaintiff on December 31, 1996."  Doc. No. 1 at 30.
5  He does not identify the third party to whom the statement was purportedly made,
6  provide specific information on what was said or by whom, explain why the
7  information was false, or explain how he was damaged by the statement.

8    Dr. Crawford's failure to provide sufficient factual allegations in support of
9  his defamation claims provides additional grounds for dismissal.  *See Phelps v.*
10 *Navient Solutions, Inc*., No. 2:16-cv-2798-GEB-KJN, 2017 WL 68172, *3 (E.D. Cal.
11 Jan. 6, 2017) ("While plaintiff's allegations indicate there exists an 'inaccuracy in
12 [her] credit reports' regarding certain accounts, plaintiff in no way alleges facts that
13 indicate that defendant was responsible for that inaccuracy, that such inaccuracy was
14 defamatory in nature, unprivileged, or how defendant's alleged conduct caused
15 plaintiff to suffer the monetary damages she alleges.  Nor does plaintiff provide a
16 sufficient degree of specificity regarding the alleged inaccuracy itself as the
17 allegations note only that the information was inaccurate.  Accordingly, plaintiff's
18 complaint fails to state a cognizable defamation claim.").

19 **III.   CONCLUSION**

20    The Court should dismiss Dr. Crawford's Complaint against FSMB for lack of
21 personal jurisdiction, failure to establish that venue is proper, and failure to state a
22 claim.

23

24

25

26 ────────────────

27 Actions – Adverse & Administrative, Licensee Search | North Carolina Medical
28 Board (ncmedboard.org).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
FEDERATION OF STATE MEDICAL BOARDS' MOTION TO DISMISS

Dated:  August 1, 2022          **PERKINS COIE LLP**


By: */s/ Ross E. Bautista*
    Ross E. Bautista
    rbautista@perkinscoie.com
    11452 El Camino Real, Suite 300
    San Diego, California 92130-2080
    Telephone: +1.858.720.5700
    Facsimile:  +1.858.720.5799

    Attorneys for Defendant
    FEDERATION OF STATE
    MEDICAL BOARDS

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
FEDERATION OF STATE MEDICAL BOARDS' MOTION TO DISMISS

**INDEX OF EXHIBIT**

***Joe Dean Crawford v. Kristina D. Lawson, et al.***

Case No. 22-CV-376-CAB-MDD

| Exhibit A | *Crawford v. Fed'n of State Med. Bds.,* No. 4:14-cv-00784-Y (N.D. Tex.) | Page 1-19 |
|---|---|---|

# EXHIBIT A

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2014 SEP 24  PM 1:39

CLERK OF COURT

NC

IN THE

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

Joe Dean Crawford, M.D.

36 Jeffress Avenue

Asheville, NC 28803

4-14 CV - 784 - Y

                                    Plaintiff,

v.

**Federation of State Medical Boards, Incorporated** (or 'FSMB').
400 Fuller Wiser Road
Euless (Tarrant County), Texas

Serve:
James R. Winn; (Resident Agent); Suite 300, 400 Fuller Wiser Road; Euless, TX 76039-3856

*And*

**Humayan J. Chaudhry, D.O.**; Chief Executive Officer (FSMB).

**Hedy Chang**, Chief Operation Officer (FSMB).

**Randy McCullough**, Vice-President (FSMB).

**Michael P. Dugan**, Chief Information Officer (FSMB).

**Todd Phillips**, Chief Financial Officer (FSMB).

**Jon V. Thomas, M.D.**, Chair of Board of Directors (FSMB).

        And,

**American Medical Association, Incorporated**
515 N. State Street, Fl. 15
Chicago, Illinois  (312-461-5000)

FWD2703

EXHIBIT A
Page 1

*And,*

**Michael Darrouzet,** President, Electric Executive (Dallas County MS).

**Morris Colman**, Owner of American Medical Association, Inc.

**Craig Ethridge**, Vice-President and Chief Information Officer.

**Noha Badr**, President of AMA.

**Richard Gwens**, Chief Financial Officer.

Defendants.

2

## STATEMENT OF JURISDICTION, VENUE AND NATURE OF SUIT

This action is allowed as a complete diversity of citizenship where the controversy exceeds $75,000 under Title 28 § 1332 (a) (1) of the United States Code. Defendant Corporation is organized under the laws of Texas. The Defendant Corporation resides in Euless Texas. It is from Euless Texas that Defendant published false statements regarding Plaintiff. Plaintiff is a resident of New York whose injuries were result of publications from Texas to wide audiences throughout the United States. These publications included a September and October 2013 publications. Venue is also by § 15.017 of Texas Civil Code. Action brought in district where Defendant resides.

3

## Parties:

**Federation of State Medical Boards, Incorporated** is a corporation founded in 1910 to satisfy the aims of two merging bodies of: (1) American Confederation of Reciprocating and Licensing Boards (1902), and (2) the National Confederation of State Medical Examining and Licensing Boards. The published aim of the 1910 formation was to also satisfy the aims of the 1910 Flexner report and subsequent destruction of all but two African-American medical schools on claim of need to "obtain, if possible, some national influence" over state medical board. See: June 3, 1910 letter of James A. Duncan as President of the Twenty Second Annual National Confederation of State Medical and Licensing Boards at Toledo, Ohio. FSMB articles on June 26, 1911 began the organization which was an entirely segregated body.

The Federation of State Medical Boards, Incorporated; as a private organization has no lawful standing to represent any of the State medical boards. None of its activities are authorized by any state legislature, even the Texas Legislature which has not acknowledged it in the statutes of Texas.

**Humayan J. Chaudhry, D.O., MS, MACP, FACOI** ; President & Chief Executive Officer (FSMB); individually and in his official capacity as Chief Executive Officer and Secretary of the Board of Directors of Defendant Corporation.

**Hedy Chang**, Chief Operation Officer (FSMB)
 And Director-at-Large of the Board of Trustees of the Federation of State Medical Boards, Incorporated; individually and in her official capacity as Board of Trustees members and  Chief Operations Officer of Defendant Corporation.

**Randy McCullough**, Vice-President (FSMB)); individually and in his official capacity as Vice-President of Defendant Corporation.

**Michael P. Dugan, MBA** as Chief Information Officer (FSMB). ); Individually and in his official capacity as Chief Information Officer of Defendant Corporation

**Todd Phillips**, Chief Financial Officer (FSMB)); individually and in his official capacity as Chief Financial Officer of Defendant Corporation);

**Jon V. Thomas, M.D. MBA**, as Chair of Board of Directors (FSMB). ); Individually and in his official capacity as Chair of the Board of Directors of Defendant Corporation.

4

**Galicano F. Inquito, Jr., M.D., MBA**, as Treasurer of Defendant Federation of State Medical Boards, Incorporated and sued individually and in his official capacity as Treasurer of FSMB.

**Michael Darrouzet,** President, Electric Executive (Dallas County MS) and sued in his official capacity and individual capacity as an officer of the American Medical Association, Inc.

**Morris Colman**, Owner of American Medical Association, Inc. and sued in that individual and official capacity.

**Craig Ethridge**, Vice-President and Chief Information Officer and sued in that individual and official capacity as Vice President of the American Medical Association, Incorporated.

**Noha Badr**, President of AMA and sued in that individual and official capacity as a President of the AMA.

**Richard Gwens**, Chief Financial Officer and sued in that individual and official capacity as Chief Financial Officer for American Medical Association, Incorporated.

Defendants.

5

# COMPLAINT

Plaintiff sues Defendant officers, directors, and board of the Defendant Federation of State Medical Boards, Incorporated.

1. **COUNT ONE** -Defamation (Libel).-  See FSMB document dated September 25, 2013.

    a. Plaintiff complains that Defendant Federation of State Medical Boards, Incorporated and its agents, employees, and officers and other associated authorities did publish false statements regarding Plaintiff, a private individual.

    b. Defendant's false statements were disparaging to Plaintiff's professional reputation.

    c. Defendant's false statements were published without license.

    d. Defendant published said statements, as expressed below; with a reckless disregard for the truth or falsity of those statements.

    e. Defendant has suffered harm as a result of the statements published widely and to the general public regarding Plaintiff.

    f. Defendant published that Plaintiff had surrendered ('turned-in") his North Carolina license certificate to practice medicine.

2. **COUNT TWO** -Defamation (Libel). See FSMB document dated September 25, 2013.

    a. Plaintiff complains that Defendant FSMB and its agents, employees, and officers and other associated authorities did publish false statements regarding Plaintiff, a private individual.

    b. Defendant's false statements were disparaging to Plaintiff's professional reputation.

    c. Defendant's false statements were published without license.

6

    d.  Defendant published said statements, as expressed below; with a reckless disregard for the truth or falsity of that statement.

    e.  Defendant has suffered harm as a result of the statements published widely and to the general public regarding Plaintiff.

    f.  Defendant published that Plaintiff's North Carolina license to practice medicine was inactive without any record in the public records of the North Carolina Board that Plaintiff's license had been restricted or had been official been determined as "inactive by said state medical board.

    g.  Plaintiff has been harmed by the publication and continual publication of said statement not supported by public records of the official proceedings of the NC Board.

3.  **COUNT THREE**- Defamation (Libel).

    a.  Plaintiff complains that Defendant Federation of State Medical Boards, Inc. and its agents, employees, and officers and other associated authorities did publish false statements regarding Plaintiff, a private individual.

    b.  Defendant's false statements were disparaging to Plaintiff's professional reputation.

    c.  Defendant's false statements were published without license.

    d.  Defendant published said statements, as expressed below; with a reckless disregard for the truth or falsity of that statement.

    e.  Defendant has suffered harm as a result of the statements published widely and to the general public regarding Plaintiff.

EXHIBIT A
Page 7

    f.   Defendant published that Plaintiff's application before the Maryland Board of Physician Quality Assurance had been denied.

    g.   Despite Defendant becoming aware that Plaintiff application for license in Maryland had been reversed by Court order of the Maryland Court of Special Appeals, Defendant persists in publishing this false information disparaging Plaintiff's career and professional standing.

    h.   Plaintiff has suffered harm from these publications.

4.   **COUNT FOUR**- Defamation (Libel). See FSMB document dated September 25, 2013.

    a.   Plaintiff complains that Defendant  Federation of State Medical Boards, Inc. and its agents, employees, and officers and other associated authorities did publish false statements regarding Plaintiff, a private individual.

    b.   Defendant's false statements were disparaging to Plaintiff's professional reputation.

    c.   Defendant's false statements were published without license.

    d.   Defendant published said statements, as expressed below; with a reckless disregard for the truth or falsity of that statement.

    e.   Defendant has suffered harm as a result of the statements published widely and to the general public regarding Plaintiff.

    f.   Defendant published that Plaintiff's application before the Maryland Board of Physician Quality Assurance had been denied for "competency issues".

    g.   Despite Defendant becoming aware that Plaintiff application for license has never been heard or considered by the Maryland Office of Administrative Hearings (the

8

judicial body for any medical board determinations); Defendant has persisted in publishing these false and defamatory statements.

h.  The Maryland Court of Special Appeals reversed a 1987 denial of application for licensure. No further action on the application has occurred based on the need for an "update".

i.  Defendant published the information without license or authority to do so.

j.  Defendant's publication is not based upon any public record.

k.  Plaintiff has suffered harm from these publications which continue to inflict mental anguish, harm and suffering upon Plaintiff and his professional standing.

5.  **COUNT FIVE** - Defamation (Republication of Libel). See FSMB document dated September 25, 2013.

a.  Upon information and belief, Defendant FSMB and its agents have published false statement as truth.

b.  Said statements and hearsay reports have been published to the general public as fact.

c.  Defendant knew or had reason to investigate the truth or falsity of said reports.

d.  Defendant in deference to the truth and need for public record support has recklessly published said unfounded reports without any reason.

e.  Defendant's publication is not based upon any public record.

f.  Plaintiff has suffered harm from these publications which continue to inflict mental anguish, harm and suffering upon Plaintiff and his professional standing.

6.  **COUNT SIX**- Defamation (Republication of Libel).

9

a. Plaintiff incorporates the preceding counts 1-5 herein, and complains that said libelous statements were published by the FSMB to the Pennsylvania Board of Medicine.

b. Said statements have impaired Plaintiff's application with said Board as Defendant's statements directly contradict those true statements made to that Board and to potential employees.

c. Conduct of Defendant has disparaged Plaintiff's earning ability in that Defendant has disparaged Plaintiff's professional standing in his community with cause, reason, excuse, or license to do so.

d. Defendant's actions in concert with other agents of the Federation of State Medical Boards, Incorporated (a private corporation organized under the laws of Texas) has humiliated, degraded, and insulted the professional standing of Plaintiff while disputing the truth that Plaintiff has shown to Defendant(s).

e. Plaintiff has been injured in his profession and calling of the practice of medicine by Defendant(s).

7. **COUNT SEVEN:** (Defamation- Disparaging Professional Standing).

a. Plaintiff complains that Defendant American Medical Association and its agents, employees, and officers and other associated authorities did publish false statements regarding Plaintiff, a private individual.

b. Defendant's false statements were disparaging to Plaintiff's professional reputation.

c. Defendant's false statements were disparaging to Plaintiff's professional career as the statements bring into question Plaintiff being lawfully licensed.

10

d.  While Defendant knew or should have known the correct date of licensure based on public records of the North Carolina Medical Board (or its predecessor: "North Carolina Board of Medical Examiners").

e.  By reckless disregard to Plaintiff's privacy, and reputation for providing correct information; Defendant published said untruths with impunity while refusing to correct the incorrect information.

f.  Defendant's false statements were published without license.

g.  Defendant published said statements, as expressed below; with a reckless disregard for the truth or falsity of that statement.

h.  Plaintiff has been harmed by the publication and continual publication of said statement not supported by public records of the official proceedings of the NC Board.

i.  Plaintiff has been injured in his profession and calling of the practice of medicine by Defendant(s).

## TEXAS LEGAL STANDARD:

All said actions of Defendant corporation and agents of said corporation as Defendants have been in contravention and violation of § 73.001 of the Texas Civ. Prac. Rem. Code [Acts 1985, 69th Legislature as Chapter 959, effective September 1, 1985[1]).

---

[1] § 73.001. Elements of Libel
A libel is a defamation expressed in written or other graphic form that tends to blacken the memory of the dead or that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule,
or financial injury or to impeach any person's honesty, integrity, virtue, or

11

The Federation of State Medical Boards
of the United States, Inc.
PO Box 619850
Dallas, Texas 75261-9850
Telephone: (817) 868-4000
FAX (817) 868-4099

September 25, 2013

Attn: Tammy Dougherty
Pennsylvania State Board of Medicine
PO Box 2649
Harrisburg, PA  17105

Re: Joe Dean Crawford, MD

In response to your recent inquiry concerning the above referenced physician, the following summary of the reported information is provided.

Physician Identification:

| | |
|---|---|
| Name: | Joe Dean Crawford, MD |
| DOB: | ███████████ |
| Medical School: | Wake Forest Univ |
| | Winston Salem, North Carolina  USA |
| Year of Grad: | 1978 |

## SUMMARY OF REPORTED ACTIONS

Reporting State/Agency:   NORTH CAROLINA
Date Of Order:              04/01/1982

Action(s):   VOLUNTARY SURRENDER OF MEDICAL LICENSE
Basis for Action(s):   Not Reported

Reporting State/Agency:   MARYLAND
Date Of Order:              12/31/1996

Action(s):   APPLICATION FOR MEDICAL LICENSURE DENIED
Basis for Action(s):   Competency Issue
                       Failure to Meet Requirements

### LICENSE HISTORY

| State Board | License Number |
|---|---|
| NEW YORK | 267485 |
| NORTH CAROLINA | 0000-23689 |
| TENNESSEE | 13071 |

Page 1 of 2

EXHIBIT A
Page 12

## ILLINOIS LEGAL STANDARD

### JURY DEMAND:

Plaintiff demands a jury on all issues of fact.  Plaintiff is filing suit for $23,000,000.00 of each of the Defendant agents of the Defendant Corporation for their outrageous acts and failure to prevent further injury to Plaintiff by their defamations and false publications.

Complaint filed by mailing this pro se complaint to:

Eldon B. Mahon United States Courthouse
501 West Tenth Street, Room 301
Fort Worth, Texas 76102

*VERIFIED COMPLAINT- F.R.C.P. 56*

I do solemnly declare and affirm under the penalties of perjury that all of the foregoing statements are true and correct to the best of my personal knowledge.

Affirmed before _____ Gary Leach _____ a Notary Public in and for Buncombe County, State of North Carolina on this 22 day of September, 2014.

My Commission Expires: 2017

Gary Leach
NOTARY PUBLIC
Buncombe County, NC
My Commission Expires February 20, 2017

reputation or to publish the natural defects of anyone and thereby expose the
person to public hatred, ridicule, or financial injury.

12

EXHIBIT A
Page 13

IN THE

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

Joe Dean Crawford, M.D.

36 Jeffress Avenue

Asheville, NC 28803

                                    Plaintiff,

v.


# MOTION FOR SUMMARY JUDGMENT


Federation of State Medical Boards, Incorporated
400 Fuller Wiser Road
Euless, Texas
*And*

… … … … … … … … … … … … … … … … …..


Craig Ethridge.

Hedy Chang.

Humayan J. Chaudhry, D.O.;

Jon V. Thomas, M.D.

Michael Darrouzet.

Michael P. Dugan.

Morris Colman.

Noha Badr.

Randy McCullough.

Richard Gwens.

Todd Phillips.

14

&

American Medical Association, Incorporated.

Defendants.

---

## Definitions:

The law of the forum state applies here.  Definitions are important.  Where doubt exists, then; resort to standard dictionary definitions usually suffice.   In the uncommon circumstance, review of statutory language and the intent of the Legislature prevail.

As these definitions apply to a 'license to practice medicine' in Texas means the actual physical document certificate first issued by the Texas medical board.   As these definitions apply to a 'license to practice in North Carolina' means the actual physical document certificate.

As these definitions apply to a surrender of license in Texas means the actual physical delivery and relinquishment to the Texas medical board associated with actual acceptance of the license by the medical board[2].   As these definitions apply to a surrender of license in North the actual physical delivery and relinquishment to the North Carolina medical board associated with actual acceptance of the license by that medical board.

As these definitions apply to a right to a hearing a licensure denial before the Texas State Office of Administrative Hearings (or 'OAH'), then; they apply to the right to a hearing before licensure denial before the Maryland State Office of Administrative Hearings (or 'OAH').      See:   Texas Occupations Code, Title 3, Health Professions, Subtitle B, Physicians- Chapter 164 'Disciplinary Actions and Procedures.  Also: Texas State Administrative Code – Examining Boards, 'Voluntary Relinquishment or Surrender of A Medical License, Title 22, Part 9, Chapter 196, Rule § 196.2[3].  Also: Texas Occupations Code, Chapter 164, § 164.061[4].

---

[2] "The board shall safeguard and keep secure any and all Texas medical licenses tendered to the board for purpose of a voluntary surrender." 19 TexReg 3328 [May 1984].  Title 22 §§ 196.1-196.5.  Also:  22 Texas Administrative Code, § 196.1 (b) – acceptance.

[3] "(b) If the surrender of a Texas medical license was associated with disciplinary action, the Texas medical license shall not be returned to the licensee if the Board's order on the merits of the disciplinary action is inconsistent with the return of that license.  In addition to requirements set out in § 196.4 of this chapter (relating to Relicensure

15

Libel per se under Texas law is proven when the libelous statements cause injury to one's professional standing or calling. See: Aldous v. Bruss, 405 S.W.3d 847 (2013), citing : Downing v Burns, 348 S.W.3d 415, 424 (Tex. App. – Houston [14th Dist.] 2011.

---

after Relinquishment or Surrender of License), a licensee who reapplies for licensure must demonstrate that the licensee's return to the practice is in the best interest of the public as defined under § 167.5 of this title (relating to Best Interests of the Public).

(c) If a licensee agrees to permanently surrender his or her license in lieu of further investigation or hearing, the licensee forfeits all rights to apply for any type of licensure with the board."
[4] SURRENDER OF LICENSE.  (a) The Board may accept the voluntary surrender of a license. (b) A surrendered license may not be returned unless the board determines, under board rules, that the license holder is competent to resume practice" [Acts 1999, 76th Leg.,ch. 388, § 1, eff. Sept. 1, 1999].

16

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Joe Dean Crawford

## DEFENDANTS
Federation of State Medical Boards, Incorporated & *American Medical Assoc*
(Euless, Texas) *460 Fuller River Road*

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Tarrant County, Texas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
pro se; 36 Jeffress Avenue; Asheville, North Carolina 28803

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION   *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☒ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|                          | PTF | DEF |                                                      | PTF | DEF |
|--------------------------|-----|-----|------------------------------------------------------|-----|-----|
| Citizen of This State    | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☒ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excl. Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Leave Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 790 Other Labor Litigation | | Act |
| | Med. Malpractice | | ☐ 791 Empl. Ret. Inc. | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | Sentence | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | ☐ 530 General | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | |
| | Other | ☐ 560 Civil Detainee - | (Prisoner Petition) | | |
| | ☐ 448 Education | Conditions of | ☐ 465 Other Immigration | | |
| | | Confinement | Actions | | |

## V. ORIGIN   *(Place an "X" in One Box Only)*

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     another district
     *(specify)*

☐ 6 Multidistrict
     Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 28 United States Code 1332
Brief description of cause:
Libel- False and Defamatory Publication

## VII. REQUESTED IN   COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**
23,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)   PENDING OR CLOSED:
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
09/22/2014

SIGNATURE OF ATTORNEY OF RECORD
*Joe Dean Crawford*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

EXHIBIT A
Page 17

September 22, 2014

36 Jeffress Avenue

Asheville, NC 28803

Clerk of Court

Civil Division- Intake

Eldon B. Mahon United States Courthouse

501 West Tenth Street, Room 301

Fort Worth, Texas 76102

Dear Clerk,

Enclosed is payment 0f $400.00 and request that you file the Complaint also enclosed.  There are two
copies, so please send me a copy of the filed Complaint and two (2) Summons for Service [blanks are
enclosed].  A civil cover sheet is also enclosed

Thank You,

JoeDean Crawford

USPS Tracking No.  9114 9012 3080 3457 1168 50

EXHIBIT A
Page 18

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

$5.75

U.S. POSTAGE PAID
KNOXVILLE, NC
28804 14
SEP 24 14
AMOUNT

1006    76102

FORT WORTH DIVISION
2014 SEP 24   AM 11: 16
CLERK US COURT

FROM:   Joe Dean Crawford
36 Sethress Bhevo
Asheville, No. Carolina 28806

TO:
Clerk, Civil Docket
U.S. District Court – Northern District, Texas
Eldon B. Mahon United States Courthouse
501 West Tenth Street
Fort Worth, Texas 76102

501 West Tenth Street
Fort Worth, TX 76102

UNITED STATES
POSTAL SERVICE.

PRIORITY
★ MAIL ★

UNITED STATES
POSTAL SERVICE.

USPS TRACKING #

9114 9012 3080 3457 1168 50

Label 400  Jan. 2013
7690-16-000-7948

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

EP14F July 2013
OD: 12.5 x 9.5

P S00001000014

♻ This envelope is made from post-consumer waste. Please recycle - again.

EXHIBIT A
Page 19