Rob Bonta
Attorney General of California
Alexandra M. Alvarez
Supervising Deputy Attorney General
Ryan J. McEwan, State Bar No. 285595
Christine A. Rhee, State Bar No. 295656
Deputy Attorneys General
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone:  (619) 738-9455
 Fax:  (619) 645-2061
 Email:  Ryan.McEwan@doj.ca.gov
       Christine.Rhee@doj.ca.gov
*Attorneys for Medical Board of California
Defendants*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOE DEAN CRAWFORD,**<br><br>Plaintiff,<br><br>v.<br><br>**KRISTINA D. LAWSON, et al.**<br><br>Defendants. | 22-CV-376-CAB-MDD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MEDICAL BOARD OF CALIFORNIA DEFENDANTS' MOTION TO DISMISS**<br><br>Fed. R. Civ. P. 8, 12(b)(1), 12(b)(5), 12(b)(6)<br><br>PER CHAMBER RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT<br><br>Date:            September 16, 2022<br>Courtroom:  15A<br>Judge:          Hon. Cathy Ann Bencivengo<br>Magistrate Judge: Hon. Michael D. Dembin<br>Trial Date:    [Not Set]<br>Action Filed: March 21, 2022 |

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES.............................................1

I.    INTRODUCTION ...............................................................................1

II.   SUMMARY OF ALLEGATIONS ......................................................2

III.  STANDARD OF REVIEW .................................................................2

    A.  Rule 12(b)(1) ...........................................................................2

    B.  Rule 12(b)(5) ...........................................................................3

    C.  Rule 12(b)(6) ...........................................................................3

IV.   LEGAL ARGUMENT ........................................................................4

    A.  The Entire Action Is Barred by Eleventh Amendment
        Sovereign Immunity. ...............................................................4

        1.  The MBC is entitled to sovereign immunity....................4

        2.  The remaining MBC Defendants are entitled to
            sovereign immunity. ........................................................5

        3.  Plaintiff's state law claims are barred even if
            brought pursuant to supplemental or pendent
            jurisdiction. .....................................................................8

    B.  Plaintiff's Attempts to Serve the MBC Defendants by
        Mail Are Insufficient. .............................................................8

    C.  Plaintiff Has Failed to State Claims Upon Which Relief
        Can Be Granted.....................................................................10

        1.  The MBC Defendants are immune from liability for
            their prosecutorial and quasi-judicial acts and
            omissions. ......................................................................10

        2.  Plaintiff's Section 1983 claims fail to allege
            violation of a federal law or constitutional right............12

        3.  Plaintiff lacks standing for redress of claims in
            Count 13. .......................................................................12

        4.  The Complaint does not satisfy the basic notice
            requirement of Rule 8....................................................14

    D.  Because Plaintiff Cannot Cure the Defects, Allegations
        Against the MBC Defendants Should Be Dismissed With
        Prejudice. ...............................................................................16

V.    CONCLUSION .................................................................................17

i

# TABLE OF AUTHORITIES

**Page**

CASES

*Albright v. Oliver*
510 U.S. 266 (1994) ................................................................ 12

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .................................................................. 4

*Bailey v. BAC Home Loan Serv., LP*
No. CV 11-648-LEK, 2012 WL 589414 (D. Haw. Feb. 21, 2012) ................... 14

*Balistreri v. Pacifica Police Dep't*
901 F.2d (9th Cir. 1990) ............................................................ 3

*Bank of Am., N.A. v. Knight*
725 F.3d 815 (7th Cir. 2013) ...................................................... 15

*Bautista v. Los Angeles Cty.*
216 F.3d 837 (9th Cir. 2000) ...................................................... 14

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) .................................................................. 3

*Bonner v. Med. Bd. of Cal.*
Case No. 2:17-cv-00445-KJM-DB, 2018 WL 4699996 (E.D. Cal.
Sept. 30, 2018) .................................................................. 5, 16

*Brockmeyer v. May*
383 F.3d 798 (9th Cir. 2004) ....................................................... 3

*Butz v. Economou*
438 U.S. 478 (1978) ................................................................ 11

*Calderon Serra v. Banco Santander P.R.*
747 F.3d 1 (1st Cir. 2014) .......................................................... 3

*Cardenas v. City of Chi.*
646 F.3d 1001 (7th Cir. 2011) ...................................................... 3

*Cholla Ready Mix, Inc. v. Civish*
382 F.3d 969 (9th Cir. 2004) ....................................................... 8

# TABLE OF AUTHORITIES
### (continued)

Page

*Chung v. Johnston*
Case No. C 09-02615 MHP, 2009 WL 3400658 (N.D. Cal. Oct. 20, 2009) ........................................................................................................ 11

*City of L.A. v. Lyons*
461 U.S. 95 (1983) ............................................................................ 7

*Dittman v. California*
191 F.3d 1020 (9th Cir. 1999) ........................................................ 5

*Foman v. Davis*
371 U.S. 178 (1962) ........................................................................ 16

*Forster v. Cnty. of Santa Barbara*
896 F.2d 1146 (9th Cir. 1990) .................................................... 4, 5

*Franceschi v. Schwartz*
57 F.3d 828 (9th Cir. 1995) ............................................................ 4

*Gafcon, Inc. v. Ponsor & Assocs.*
98 Cal. App. 4th 1388 (Cal. Ct. App. 2002) .............................. 13

*Gauvin v. Trombatore*
682 F.Supp. 1067 (N.D. Cal. 1988) ............................................. 15

*Graves v. City of Coeur D'Alene*
339 F.3d 828 (9th Cir. 2003) ........................................................ 12

*Hafer v. Melo*
502 U.S. 21 (1991) ......................................................................... 10

*Hans v. Louisiana*
134 U.S. 1 (1890) ............................................................................ 4

*Hatch v. Reliance Ins. Co.*
758 F.2d 409 (9th Cir. 1985) ........................................................ 14

*Henderson v. City of Simi Valley*
305 F.3d 1052 (9th Cir. 2002) ........................................................ 7

iii

1

2

# <u>TABLE OF AUTHORITIES</u>
### (continued)

<u>Page</u>

3

4

*Hornsby v. Lufthansa German Airlines*
   593 F. Supp. 2d 1132 (C.D. Cal. 2009)...................................................................3

5

6

*Ileto v. Glock Inc.*
   349 F.3d 1191 (9th Cir. 2003)...........................................................................3, 4

7

8

*Imbler v. Pachtman*
   424 U.S. 409 (1976) ..........................................................................................10

9

10

*Kaul v. Fed'n of State Med. Bds.*
   Case No. 19-cv-3050 (TSC), 2020 WL 7042821 (D.D.C. Dec. 1,
   2020)...................................................................................................................5

11

12

*Kentucky v. Graham*
   473 U.S. 159 (1985) .......................................................................................5, 10

13

14

*Kokkonen v. Guardian Life Ins. Co. of Am.*
   511 U.S. 375 (1994) ...........................................................................................2

15

16

*Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*
   616 F.3d 963 ......................................................................................................5

17

18

*L.A. Cty. Bar Ass'n v. Eu*
   979 F.2d 697 (9th Cir. 1992) ..............................................................................6

19

*Lujan v. Defs. of Wildlife*
   504 U.S. 555 (1992) ...........................................................................................13

20

21

*Madrid v. Perot Sys. Corp.*
   130 Cal. App. 4th 440 (2005)..............................................................................13

22

23

*McHenry v. Renne*
   84 F.3d 1172 (9th Cir. 1996)...............................................................................14

24

25

26

*Mir v. Deck*
   Case No. SACV 12-1629-RGK (SH), 2013 WL 4857673 (C.D. Cal.
   Sept. 11, 2013)...................................................................................................11

27

28

*Mir v. Kirchmeyer*
   Case No. 12-cv-2340-GPC-DHB, 2016 WL 2745338 (S.D. Cal.
   May 11, 2016)....................................................................................................11

1
2

# TABLE OF AUTHORITIES
### (continued)

**Page**

3

*Mir v. Med. Bd. of Cal.*

4     Case No. 12-cv-2340-GPC-DHB, 2013 WL 1932935 (S.D. Cal.

5     May 8, 2013)........................................................................................... 5

*Mishler v. Clift*

6     191 F.3d 998 (9th Cir. 1999) ................................................................ 11

7

*Nevijel v. N. Coast Life Ins. Co.*

8     651 F.2d 671 (9th Cir. 1981) ................................................................ 14

9

*Olsen v. Idaho State Bd. of Med.*

10    363 F.3d 916 (9th Cir. 2004) ........................................................... 10, 11

11

*P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*

12    506 U.S. 139 (1993) ............................................................................... 6

13

*Pearson v. Callahan*

14    555 U.S. 223 (2009) ............................................................................. 12

15

*Pena v. Gardner*

16    976 F.2d 469 (9th Cir. 1992) ................................................................ 14

17

*Pennhurst State Sch. & Hosp. v. Halderman*

      465 U.S. 89 (1984) ....................................................................... 4, 6, 8

18

*Raygor v. Regents of the Univ. of Minn.*

19    534 U.S. 533 (2002) ............................................................................... 8

20

*Rhee v. Med. Bd. of Cal.*

21    Case No. 2:18-cv-0105-KJM-DMC, 2019 WL 4025002 (E.D. Cal.

22    Aug. 27, 2019)................................................................................... 5, 11

23

*Saucier v. Katz*

      533 U.S. 194 (2001) ............................................................................. 12

24

*Scripps Health v. Marin*

25    72 Cal. App. 4th 324 (Cal. Ct. App. 1999)........................................... 13

26

*SEC v. Ross*

27    504 F.3d 1130 (9th Cir. 2007) ............................................................... 3

28

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Seminole Tribe of Fla. v. Florida*
  517 U.S. 44 (1996) ................................................................ 4

*Somers v. Apple, Inc.*
  729 F.3d 953 (9th Cir. 2013) ............................................... 4

*Sprague v. Med. Bd. of Cal.*
  Case No. 07-CV-1561-JLS (LSP), 2009 WL 10698417 (S.D. Cal.
  Mar. 30, 2009) ..................................................................... 11

*Sprewell v. Golden State Warriors*
  266 F.3d 979 (9th Cir. 2001) ............................................... 4

*Stanley v. Trustees of Cal. State Univ.*
  433 F.3d 1129 (9th Cir. 2006) ............................................. 8

*Sun Microsystems, Inc. v. Microsoft Corp.*
  188 F.3d 1115 (9th Cir. 1999) ........................................... 13

*United States v. Or. State Med. Soc'y*
  343 U.S. 326 (1952) ........................................................... 13

*Verizon Md. Inc. v. Pub. Serv. Comm'n*
  535 U.S. 635 (2002) ............................................................. 6

*Will v. Michigan Dep't of State Police*
  491 U.S. 58 (1989) ..................................................... 4, 5, 10

*Yoonessi v. Albany Med. Ctr.*
  352 F. Supp. 2d 1096 (C.D. Cal. 2005) ............................ 5, 11

*Ex Parte Young*
  209 U.S. 123 (1908) .......................................................... 6, 7

**STATUTES**

United States Code, Title 28 ..................................................... 8
  § 1367(a)

United States Code, Title 42 ....................................... 1, 7, 10, 12
  § 1983

<u>**TABLE OF AUTHORITIES**</u>
**(continued)**

<u>**Page**</u>

California Business & Professions Code
    § 2001 ................................................................................................. 5
    § 2001.1 .............................................................................................. 5
    § 2002 ................................................................................................. 5
    § 2004 ................................................................................................. 5

California Code of Civil Procedure
    § 415.30 ........................................................................................... 8, 9
    § 415.30(b) ......................................................................................... 9

California Government Code
    § 900.6 ............................................................................................... 5
    § 11000(a) .......................................................................................... 5

**CONSTITUTIONAL PROVISIONS**

Eleventh Amendment .......................................................................... *passim*

**COURT RULES**

Federal Rule of Civil Procedure
    Rule 4 .............................................................................................. 9, 10
    Rule 4(d)(1) ........................................................................................ 9
    Rule 4(e)(1) ....................................................................................... 10
    Rule 8 ............................................................................................ 14, 15
    Rule 8(a) ........................................................................................... 14
    Rule 8(a)(2) ....................................................................................... 15
    Rule 12(b)(1) .................................................................................... 2, 3
    Rule 12(b)(5) .................................................................................... 1, 3
    Rule 12(b)(6) ................................................................................ 1, 3, 12
    Rule 15(a) ......................................................................................... 16

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plaintiff Joe Dean Crawford ("Plaintiff") filed a Complaint alleging a combination of constitutional and state law violations against four separate entities and their individual members and employees. Compl. at 1. Plaintiff has sued 15 current and former board members[1] and employees of the Medical Board of California ("MBC Defendants"), 15 board members and employees of the North Carolina Medical Board, the Federation of State Medical Boards and two of its employees, and the National Board of Medical Examiners. In the Complaint, Plaintiff claims that an MBC Defendant Joseph Salazar ("Defendant Salazar") made defamatory statements about Plaintiff and that, in general, the MBC Defendants were negligent in supervising employees regarding alleged discriminatory practices in the licensure process. Three of the 15 total counts in the Complaint are charged against the MBC Defendants.

Under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6), Plaintiff's allegations against the MBC Defendants should be dismissed with prejudice. First, the Court lacks subject matter jurisdiction because the MBC Defendants are entitled to sovereign immunity under the Eleventh Amendment. Second, Plaintiff has failed to establish sufficient service of process for the MBC Defendants under federal and California state law. Third, the Complaint fails to state claims upon which relief could be granted because the MBC Defendants qualify for immunity and because the allegations in the Complaint are too vague and unclear to provide sufficient notice.

/ / /

/ / /

---

[1] Kristina D. Lawson, Randy W. Hawkins, Laurie Rose Lubiano, Ryan Brooks, James M. Healzer, Asif Mahmood, David Ryu, Richard E. Thorp, and Eserick "TJ" Watkins are current board members for the MBC. Alejandra Campoverdi, Howard R. Krauss, Dev GnanaDev, and Felix C. Yip are former board members.

## II.   SUMMARY OF ALLEGATIONS

The facts in the Complaint pertain to Plaintiff's application for licensure as a physician and surgeon submitted to the MBC. Counts 12, 13, and 15 of the Complaint are the causes for action against the MBC Defendants. In Counts 12 and 15, it appears that Plaintiff is claiming that Defendant Salazar, an employee of the MBC, defamed Plaintiff by republishing a January 6, 2021 statement by Defendant R. David Henderson, a North Carolina State Medical Board official, on March 19, 2021, and by making other statements on April 9, 2021 and March 22, 2021, that Plaintiff "was not licensed in New York and would not be able to become licensed without a new application." Compl. at 44, 47. In Count 13, Plaintiff alleges that the "California Medical Board is negligent in supervision and control of employees like Joseph Salazar & Kathryn Taylor," and that negligence extended to "a pattern of discrimination authorized or sanctioned" by the MBC. Compl. at 45-46. Plaintiff claims that by requiring a photograph and demographic information in the physician licensure process, the "California Medical Board" committed a "pattern of discrimination." Compl. at 45-46. While Plaintiff fails to state what remedy he is seeking for Counts 12 and 15,[2] he appears to request an injunction against the MBC's allegedly discriminatory practices in Count 13. Compl. at 46.

## III.   STANDARD OF REVIEW

### A.   Rule 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) seeks dismissal for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(b)(1). The federal courts are courts of limited jurisdiction, possessing only those powers authorized by the U.S. Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party seeking to invoke the jurisdiction of the federal court bears the burden of proving that all jurisdictional prerequisites

---

[2] For Counts 12 and 15, Plaintiff neither makes a prayer for relief in the Complaint nor does he provide any proposed jury instructions in his Jury Demand. (ECF No. 3.)

have been met. *Id.* "In deciding a 12(b)(1) motion, a court is not limited to the allegations in the complaint but may also consider extrinsic evidence." *Hornsby v. Lufthansa German Airlines*, 593 F. Supp. 2d 1132, 1135 (C.D. Cal. 2009) (citing *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)).

**B.    Rule 12(b)(5)**

Under Federal Rule of Civil Procedure 12(b)(5), a defendant may move to dismiss an action based on insufficient service of process of the summons and complaint. *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011). Establishing proper service of process is a threshold jurisdictional issue because, absent such process, "the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *SEC v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007).

If a plaintiff elects to pursue service under state law, the court will enforce compliance with the state law requirements. *Calderon Serra v. Banco Santander P.R.*, 747 F.3d 1, 8 (1st Cir. 2014). A plaintiff bears the burden of establishing the sufficiency of service once it is challenged by a defendant. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

**C.    Rule 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Dismissal of a complaint is appropriate where a complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d, 696, 699 (9th Cir. 1990).

To sufficiently state a claim for relief, a complaint must have enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must have more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

3

do." *Id.* While a court must accept as true all "well-pleaded factual allegations," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), it is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). On a motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ileto*, 349 F.3d at 1200. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 662. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

## IV.  LEGAL ARGUMENT

### A.  The Entire Action Is Barred by Eleventh Amendment Sovereign Immunity.

#### 1.  The MBC is entitled to sovereign immunity.

The Eleventh Amendment prohibits federal courts from hearing suits brought by private citizens against state governments, without the state's consent. *Hans v. Louisiana*, 134 U.S. 1, 15 (1890). This bar is jurisdictional and precludes federal courts from entertaining suits against the state, regardless of the nature of the relief sought. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (per curiam). Sovereign immunity extends to state agencies or "arms of the State." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-67 (1989); *Pennhurst*, 465 U.S. at 100-101.

Courts have repeatedly held that the MBC is an arm of the State of California and therefore immune from liability under the Eleventh Amendment. *See, e.g.,*

*Forster v. Cnty. of Santa Barbara*, 896 F.2d 1146, 1149 (9th Cir. 1990); *Kaul v. Fed'n of State Med. Bds.*, Case No. 19-cv-3050 (TSC), 2020 WL 7042821, at *13-14 (D.D.C. Dec. 1, 2020); *Rhee v. Med. Bd. of Cal.*, Case No. 2:18-cv-0105-KJM-DMC, 2019 WL 4025002, at *1 (E.D. Cal. Aug. 27, 2019); *Bonner v. Med. Bd. of Cal.*, Case No. 2:17-cv-00445-KJM-DB, 2018 WL 4699996, at *5-6 (E.D. Cal. Sept. 30, 2018); *Mir v. Med. Bd. of Cal.*, Case No. 12-cv-2340-GPC-DHB, 2013 WL 1932935, at *4-5 (S.D. Cal. May 8, 2013), *aff'd*, 552 F. Appx. 723 (9th Cir. 2014); *Yoonessi v. Albany Med. Ctr.*, 352 F. Supp. 2d 1096, 1104 (C.D. Cal. 2005).[3] Because the State has not consented to suit, the Eleventh Amendment requires dismissal of Plaintiff's claims against the MBC for lack of subject matter jurisdiction.

### 2.  The remaining MBC Defendants are entitled to sovereign immunity.

"Eleventh Amendment also shields state officials from official capacity suits." *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967. It thus prohibits actions for damages against state officials who are sued in their official capacities in federal court. *See Kentucky v. Graham*, 473 U.S. 159, 169, n. 17 (1985); *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999). This immunity against damages exists because a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office and imposes liability on the state entity. *Will*, 491 U.S. at 71; *Kentucky*, 473 U.S. at 165-66, 169.

Plaintiff has sued each MBC state official in their official capacity. In particular, the caption states that the action is brought against, "California Medical Board by its individual members *in their official capacities*," and then identifies 15

---

[3] The "State" is defined by California law to include its departments and agencies. Cal. Gov't Code §§ 900.6, 11000(a). The MBC is the arm of the State responsible for the licensing, regulating, and disciplining of physicians in California. Cal. Bus. & Prof. Code §§ 2001, 2001.1, 2002, 2004.

such defendants. Compl. at 1 (emphasis added). For the defendants who are (or were) MBC board members (*see, supra*, footnote 1), the caption is the *only* mention of them. As for Defendant Kathryn Taylor ("Defendant Taylor"), the only other mention of her is that the MBC was negligent in its supervision and control of her as an employee. Compl. at 45. Finally, as for Defendant Salazar, the Complaint alleges that he "acted under color of law." Compl. at 45, 47. The Complaint does not assert any claims against any of these defendants in their individual capacities. Accordingly, the Eleventh Amendment mandates the dismissal of each claim against the MBC Defendants unless Plaintiff can satisfy an exception.

In *Ex Parte Young*, 209 U.S. 123, 166 (1908), the Supreme Court created a narrow exception to Eleventh Amendment immunity when a state official acts in violation of federal law. *See also*, *Pennhurst*, 465 U.S. at 102-103. The Supreme Court has determined that this narrow exception,

> applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought.

*P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *see also Verizon Md. Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002) (exception applies only if claim alleges an ongoing violation of federal law and seeks prospective relief to prevent it). In addition, the state officer sued "must have some connection with the enforcement of the [allegedly unconstitutional] act." *Ex Parte Young*, 209 U.S. at 157. "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not be subject to an official suit." *L.A. Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (citing *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992) and *L.A. Branch NAACP v. L.A. Unified Sch. Dist.*, 714 F.2d 946, 953 (9th Cir. 1983)).

/ / /

Plaintiff's claims against the MBC Defendants fail to meet the *Ex Parte Young* exception for several reasons. First, Plaintiff does not allege any violations of federal law against the MBC Defendants. Each count against the MBC Defendants is based on state law: Counts 12 and 15 both allege that Defendant Salazar defamed Plaintiff (Compl. at 44-45, 47), and Count 13 alleges that MBC is negligent in its supervision of employees. Compl. at 45-46.[4] Second, each count is based on past conduct and does not entitle Plaintiff to an injunction. In Counts 12 and 15, Plaintiff does not even creative request an injunction. To the extent that he does request injunctive relief in Count 13, Plaintiff only alleges past conduct when he applied for licensure. Compl. at 45-46. Notably, Plaintiff alleges that he "became a victim of this practice in his licensing application experience." Compl. at 46. There is no allegation of any continuing, present, adverse effects or that Plaintiff will be subject to an ongoing violation. *See*, *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983) (past exposure to alleged illegal or unlawful conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects). *See* discussion *infra* Section III.C.3. Third, for the only cause of action seeking an injunction (Count 13), Plaintiff has not brought this action against any particular state official. Rather, it appears to be against MBC itself (which is barred for reasons discussed above). *See* discussion *infra* Section III.C.4. If, however, this is construed as an allegation against a state official, Count 13 fails because there is no allegation establishing a direct connection to the enforcement of an unconstitutional statute (or act). *See* discussion *infra* Section III.C.2.

For these reasons, the Eleventh Amendment bars Plaintiff's claims against the MBC Defendants.

---

[4] While Counts 12 and 15 make reference to 42 U.S.C. § 1983, that statute "does not creative substantive rights; rather it is a vehicle whereby plaintiffs can challenge actions by governmental officials." *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1056 (9th Cir. 2002). Plaintiff must allege a deprivation of a constitutional right or federal statutory right (*id.*), which he has not done here.

7

### 3. Plaintiff's state law claims are barred even if brought pursuant to supplemental or pendent jurisdiction.

Even if jurisdiction is found for one (or more) of Plaintiff's claims, he cannot pursue any causes of action brought under California state law against the MBC Defendants in federal court. The principle of Eleventh Amendment immunity (described above) applies to state law claims brought into federal court under pendent or supplemental jurisdiction. *Pennhurst*, 465 U.S. at 121; *see also Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1134 (9th Cir. 2006) (holding Unruh Act claim barred by state sovereign immunity); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973-74 (9th Cir. 2004) (affirming dismissal of the plaintiff's state law claims). The Supreme Court has specifically held that Title 28, United States Code section 1367(a), which provides district courts with supplemental jurisdiction over state law claims "does not extend to claims against nonconsenting state defendants." *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 541-42 (2002). As a result, the Court should find that Plaintiff is barred from bringing suit against the MBC Defendants for libel (Counts 12 and 15) and/or negligence (Count 13).

### B. Plaintiff's Attempts to Serve the MBC Defendants by Mail Are Insufficient.

Federal Rule of Civil Procedure 4 sets forth the requirements for service of process. Subdivision (e) states that service of process on an individual within the United States must be made: (1) in accordance with the law of the jurisdiction where the district court is located or where service is made; (2) by personal service upon an individual defendant; (3) by service at the individual defendant's usual place of abode; or (4) upon an agent (if any) authorized by appointment or law to accept service on the defendant's behalf. California Code of Civil Procedure section 415.30 permits service by first class or airmail to the person to be served so long as the summons and complaint are accompanied by statutory notice and acknowledgment forms with a postage pre-paid, return envelope. Such service by

8

mail "is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." Cal. Civ. Proc. § 415.30(c).

The Complaint in this action was filed on March 21, 2022. Compl. at 1. On June 3, 2022, MBC, located in Sacramento, California, received a package addressed to Defendant Taylor, a licensing manager for MBC. *See* Declaration of David Ruswinkle in Support of Motion to Dismiss by Medical Board of California Defendants ("Ruswinkle Decl."), ¶ 2. This package consisted of a notice of request for waiver of summons per Federal Rule of Civil Procedure 4(d)(1), related waiver of summons forms, and an incomplete copy of the Complaint. Ruswinkle Decl., ¶ 2. On July 5, 2022, MBC received packages addressed to Defendant Salazar, a Staff Services Analyst for MBC, and Defendant Taylor. Ruswinkle Decl., ¶ 3. Each package contained a copy of the summons and an incomplete copy of the Complaint. Ruswinkle Decl., ¶ 3.

On July 6, 2022, the Attorney General's office, located in Sacramento, received a package by mail containing summonses and incomplete copies of the Complaint for Defendants Ryan Brooks, Alejandra Campoverdi,[5] Dev GnanaDev, James M. Healzer, Howard R. Krauss, Asif Mahmood, Eserick "T.J." Watkins, Felix C. Yip., and Defendant Salazar. *See* Declaration of Dana Tucker in Support of Motion to Dismiss by Medical Board of California Defendants ("Tucker Decl."), ¶¶ 2-4. Complete copies of the 47-page Complaint were appended to the summonses addressed to Defendants Randy W. Hawkins, Kristina D. Lawson, Laurie Rose Lubiano, and Richard E. Thorp. Tucker Decl., ¶ 4. The package did not contain notice and acknowledgment forms in compliance with California Code of Civil Procedure section 415.30(b).

Plaintiff has failed to provide sufficient service of process to any of the MBC

---

[5] Plaintiff incorrectly identifies Defendant Campoverdi's first name as "Alexandra."

9

Defendants. He has not complied with the approved methods of service under either Federal Rule of Civil Procedure 4 or the requirements of California state law. Specifically, mailing a copy of the summons and complaint to a defendant, unaccompanied by any waiver of service (federal) or notice and acknowledgment form (state) is not proper service under the Federal Rules or California law. *Cf.* Cal. Civ. Proc. § 415.30 and Fed. R. Civ. P. 4(e)(1).

Here, Plaintiff failed to provide complete copies of the Complaint to Defendants Taylor, Salazar, Brooks, Campoverdi, GnanaDev, Healzer, Krauss, Mahmood, Watkins, and Yip. Plaintiff only requested a waiver of summons per Federal Rule of Civil Procedure 4 to Defendants Salazar and Taylor, which were not executed by either defendant. He failed to provide the state law notice and acknowledgment forms to all of the MBC Defendants. Furthermore, Plaintiff's attempts to serve the MBC Defendants by mailing his papers to the Attorney General's office is improper, as none of the MBC Defendants agreed to have the Attorney General's office accept service on their behalf. Since service on the MBC Defendants is insufficient, the Complaint should be dismissed.

**C.   Plaintiff Has Failed to State Claims Upon Which Relief Can Be Granted**

**1.   The MBC Defendants are immune from liability for their prosecutorial and quasi-judicial acts and omissions.**

Judges and prosecutors functioning in their official capacity are accorded absolute immunity to liability for damages, including for claims under 42 U.S.C. section 1983.[6] *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (internal citations omitted); *see also Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Federal absolute immunity may also extend to state officials who perform functions

---

[6] Because state officials acting in their official capacity are also not "persons" for purposes of Section 1983, Plaintiff's related claims against the MBC Defendants must be dismissed. *Hafer v. Melo*, 502 U.S. 21, 26 (1991); *Will*, 491 U.S. at 71 (1989). "Official-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky*, 473 U.S. at 165 (quoting *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978)).

analogous to those of a judge or prosecutor. *Olsen*, 363 F.3d at 923. Following the Supreme Court's decision in *Butz v. Economou*, 438 U.S. 478 (1978), courts employ a functional approach to determine whether an official is entitled to absolute immunity. *See Olsen*, 363 F.3d at 923.

The Ninth Circuit has twice held that state medical boards and their members "are functionally comparable to judges and prosecutors" and thus "are entitled to absolutely immunity for their quasi-judicial acts." *Mishler v. Clift*, 191 F.3d 998, 1007 (9th Cir. 1999); *Olsen*, 363 F.3d at 925-26. Several district courts have likewise concluded MBC members are entitled to absolute immunity for quasi-judicial and quasi-prosecutorial acts. *Rhee*, 2019 WL 4025002, at *1-2, *Bonner v. Med. Bd. of Cal.,* Case No. 2:17-cv-00445-KJM-DB, at *7 (E.D. Cal. Aug. 9, 2019); *Mir v. Kirchmeyer*, No. 12-cv-2340-GPC-DHB, 2016 WL 2745338, at *12 (S.D. Cal. May 11, 2016), *aff'd sub nom.*, *Mir v. Levine*, 745 F. App'x 726 (9th Cir. 2018), *cert. denied*, No. 18-1403, 2019 WL 2028065 (U.S. June 24, 2019); *Mir v. Deck*, No. SACV 12-1629-RGK (SH), 2013 WL 4857673, at *14 (C.D. Cal. Sept. 11, 2013), *aff'd*, 676 F. App'x 707 (9th Cir. 2017); *Chung v. Johnston*, No. C 09-02615 MHP, 2009 WL 3400658, at *4 (N.D. Cal. Oct. 20, 2009), *aff'd*, 441 F. App'x 536 (9th Cir. 2011); *Sprague v. Med. Bd. of Cal.*, No. 07-CV-1561-JLS (LSP), 2009 WL 10698417, at *5 (S.D. Cal. Mar. 30, 2009), *aff'd*, 402 F. App'x 275 (9th Cir. 2010); *Yoonessi*, 352 F. Supp. 2d at 1100-02. "[T]he Medical Board functions in a sufficiently judicial prosecutorial capacity to entitle members and officers to absolute immunity." *Kirchmeyer*, 2016 WL 2745338, at *13.

Plaintiff fails to allege any individual acts by Defendants Lawson, Hawkins, Lubiano, Brooks, Campoverdi, GnanaDev, Healzer, Krauss, Mahmood, Ryu, Thorp, Watkins, or Yip, who are past and present members of the MBC. The allegations in the Complaint involving the MBC are related to Plaintiff's application for licensure. As any action or decision on the application is essentially adjudicatory, any such action by the MBC members would fall within the scope of

quasi-judicial immunity. The same is true for Defendant Taylor, a MBC employee in licensing, who has no specific allegations against her, as well as MBC employee Defendant Salazar who is alleged to have engaged in misconduct during the review (and presumably, the denial) of Plaintiff's application. These individuals are entitled to absolute immunity from liability for any civil damages.[7]

### 2. Plaintiff's Section 1983 claims fail to allege violation of a federal law or constitutional right.

In Counts 12 and 15 of the Complaint, Plaintiff alleges that Defendant Salazar defamed Plaintiff by publishing libelous statements in March and April 2021, depriving him of "valuable property and liberty interests." Compl. at 47. Plaintiff, however, does not articulate what property or liberty interests were violated. Because Section 1983 is not itself a source of substantive rights, *Albright v. Oliver*, 510 U.S. 266, 271 (1994), a plaintiff's claim without a violation of a substantive right fails to state a proper claim per Rule 12(b)(6). As such, Counts 12 and 15 of the Complaint should be dismissed.

### 3. Plaintiff lacks standing for redress of claims in Count 13.

In Count 13 of the Complaint, Plaintiff alleges that the "California Medical Board is negligent in supervision and control of employees like Joseph Salazar &

---

[7] Even if any of the MBC Defendants are not entitled to absolute immunity, they would still be protected by qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Courts take a two-step approach to evaluating qualified immunity—first considering whether a constitutional right was violated by the official's conduct. *Graves v. City of Coeur D'Alene*, 339 F.3d 828, 845-46 (9th Cir. 2003) (citations omitted), abrogated in part by *Hiibel v. Sixth Jud. Dist. Ct. of Nev., Humboldt Cnty.*, 542 U.S. 177 (2004). If no constitutional right was violated, immunity attaches and the inquiry ends. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). In the second step, courts ask whether the right was clearly established. *Id.*

Here, Plaintiff alleges no facts showing that the MBC Defendants violated any of his federal or constitutional rights. Plaintiff is merely critical of statements "republished" by Defendant Salazar and certain information gathered in the application process. Compl. at 44-47. Based solely on the first step in *Saucier*, the MBC Defendants are entitled to qualified immunity.

Kathryn Taylor," and that negligence was a "pattern of discrimination authorized or sanctioned by that agency in that it requires demographic information at the onset of [an] application [for licensure as a physician and surgeon]." Compl. at 45. Plaintiff claims to be a "victim of this practice" and "grieves for an injunction … despite damages." Compl. at 8.

Count 13 of the Complaint should be dismissed because Plaintiff has not established standing. Standing requires injury in fact, causation, and *redressability*. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiff appears to request an injunction to prevent the MBC from gathering demographic information from applicants. Compl. at 46. But such an injunction would not be an effective remedy to his alleged claim.

"The sole function of an action for injunction is to forestall future violations." *United States v. Or. State Med. Soc'y*, 343 U.S. 326, 333 (1952). Injunctive relief is only available to prevent threatened injury and is not a remedy designed to right completed wrongs. *Gafcon, Inc. v. Ponsor & Assocs.*, 98 Cal. App. 4th 1388, 1403, n. 6 (Cal. Ct. App. 2002); *Scripps Health v. Marin*, 72 Cal. App. 4th 324, 332 (Cal. Ct. App. 1999). A plaintiff cannot receive an injunction for past or completed conduct absent a showing that the past violation will probably recur. *See Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1123 (9th Cir. 1999); *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 465 (2005).

Here, Plaintiff fails to articulate how he was harmed. He does not provide any facts indicating he provided demographic information to MBC or that his application for licensure was denied. Instead, without detail, he generally states that he was a "victim of this practice" which constituted racial discrimination. Compl. at 45. Because Plaintiff has not adequately described any injury, he lacks standing to sue and the Complaint should be dismissed.

Plaintiff also has not established that his alleged injury would be redressed by a favorable decision. He has not pleaded any ongoing violations of law. Assuming

13

Plaintiff was, in fact, injured, Plaintiff's alleged injury is complete and there is no threatened injury. The Complaint vaguely refers to an unspecified period of time in which Plaintiff submitted his "demographic information" and a photograph to MBC as part of his application for licensure. Compl. at 45-46. In total, the Complaint alleges only past wrongful acts and conclusory claims that are insufficient bases for injunctive relief. Because Plaintiff lacks standing, Count 13 of the Complaint should be dismissed.

### 4. The Complaint does not satisfy the basic notice requirement of Rule 8.

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To comply with Rule 8(a), a plaintiff "must . . . identify[] the transaction or occurrence giving rise to the claims and elements of the prima facie case." *Bautista v. Los Angeles Cty.*, 216 F.3d 837, 840 (9th Cir. 2000). Although pro se pleadings are construed liberally, a court's liberal construction "may not supply essential elements of the claims that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Failure to comply with Rule 8 can constitute an independent basis to dismiss a pleading. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). A court may dismiss a complaint for failure to satisfy Rule 8 "if it is so confusing that 'its true substance, if any, is well disguised.'" *Bailey v. BAC Home Loan Serv., LP*, No. CV 11-648-LEK (BMK), 2012 WL 589414, at *1 (D. Haw. Feb. 21, 2012) (quoting *Hearn v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008)); *see, e.g.*, *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (affirming district court's dismissal of complaints that "were confusing and conclusory, and not in compliance with Rule 8"); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 675 (9th Cir. 1981) (affirming dismissal of complaint that was "verbose, confusing and almost entirely conclusory"); *McHenry*, 84 F.3d at 1177 (affirming dismissal of

14

complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). Moreover, vague and conclusory allegations that lump defendants together do not state a claim upon which relief may be granted. *Bonner*, 2018 WL 4699996, at \*9 (citing *Holcomb v. Cal. Bd. of Psychology*, No. 215-CV-02154-KJM-CKD, 2016 WL 3126127, at \*4 (E.D. Cal. June 3, 2016); *J.M. v. Pleasant Ridge Union Sch. Dist.*, No. 2:16-00897 WBS CKD, 2017 WL 117965, at \*2 (E.D. Cal. Jan. 10, 2017) ("Failure to delineate conduct by a specific defendant prevents the court from drawing the reasonable inference that the specific defendant is liable for the claim alleged and justifies dismissal of the claim.")); *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988) ("[P]laintiff must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them."); *see also Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) (defendants cannot be grouped together in a claim without some specification as to which defendant is responsible for which wrong).

Plaintiff's allegations in Count 13 are vague and fail to identify which of the MBC Defendants were negligent and when that negligence occurred. Plaintiff does not allege any facts that would suggest that any of the MBC Defendants had personal involvement in the alleged misconduct. Count 13 does not mention any of the MBC members whatsoever, let alone identify specific actions by them. As for Defendants Salazar and Taylor, Count 13 simply states that MBC was "negligent in supervision and control" of these employees. Compl. at 45. It does not identify any wrongful actions by MBC or by Defendants Salazar or Taylor. Because Plaintiff only makes a general claim that the "California Medical Board" committed

/ / /

/ / /

/ / /

1   negligence on an unidentified date, Plaintiff fails to meet the bare minimum

2   pleading standards and accordingly, Count 13 should be dismissed.[8]

3   **D.   Because Plaintiff Cannot Cure the Defects, Allegations Against the MBC Defendants Should Be Dismissed With Prejudice.**

4

5   A court may dismiss a complaint without granting leave to amend only if it

6   appears with certainty that the plaintiff cannot state a claim and any amendment

7   would be futile. Fed. R. Civ. P. Rule 15(a); *Foman v. Davis*, 371 U.S. 178, 182

8   (1962). Plaintiff cannot cure the deficiencies contained in the Complaint. MBC

9   Defendants are entitled to Eleventh Amendment immunity and absolute immunity

10  as state officials. Based on the immunities and the inability to state a valid claim,

11  Plaintiff will not be able cure the defects in his complaint as a matter of law.

12  Accordingly, leave to amend should not be granted.

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26

27  [8] To the extent that Plaintiff may claim in his opposition that Counts 12 and 15 are asserted against any defendant in addition to Defendant Salazar, those claims should be dismissed for the same reasons as Count 13. Counts 12 and 13 fail to make any allegations by (or even identify) any other defendant.

28

16

1

## V.    CONCLUSION

2       For the reasons stated above, the MBC Defendants respectfully request that

3  the Court dismiss Plaintiff's Complaint with prejudice.

4  Dated:  August 12, 2022                    Respectfully submitted,

5                                             ROB BONTA
                                              Attorney General of California
6                                             ALEXANDRA M. ALVAREZ
                                              Supervising Deputy Attorney General

7
                                              /s/ Ryan J. McEwan
8
                                              RYAN J. MCEWAN
9                                             Deputy Attorney General
                                              Ryan.McEwan@doj.ca.gov
10                                            CHRISTINE A. RHEE
                                              Deputy Attorney General
11                                            Christine.Rhee@doj.ca.gov

12                                            *Attorneys for Medical Board of*
                                              *California Defendants*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28