Ross E. Bautista, Bar No. 312319
RBautista@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile: +1.858.720.5799

Robert A. Burgoyne, D.C. Bar No. 366757 (admitted *pro hac vice*)
RBurgoyne@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

*Attorneys for Defendant Dr. Humayun Chaudhry*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOE DEAN CRAWFORD,**<br><br>Plaintiff,<br><br>v.<br><br>**KRISTINA D. LAWSON, et al.,**<br><br>Defendants. | Case No. **22-CV-376-CAB-MDD**<br><br>**DEFENDANT HUMAYUN CHAUDHRY'S OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AND MOTION TO STRIKE**<br><br>**JUDGE: HON. CATHY ANN BENCIVENGO** |

-1-

Defendant Humayun Chaudhry ("Dr. Chaudhry") hereby makes a special appearance in order to oppose Plaintiff's Request That Clerk Enter Rule 55 Default [Against] Humanyan [sic] Chaudhry ("Default Request"), and Plaintiff's Motion to Strike Dr. Chaudhry's alleged assertion of a defense of improper service. *See* Doc. No. 23, Doc. No. 29. Contrary to what plaintiff Joe Dean Crawford ("Dr. Crawford") has represented to the Court (*see* Doc. No. 21), Dr. Crawford has not accomplished timely service of process on Dr. Chaudhry. Accordingly, his request for entry of a default against Dr. Chaudhry should be denied, his Motion to Strike should be denied, and his complaint against Dr. Chaudhry should be dismissed for insufficient service of process pursuant to Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure and this Court's Order Discharging Order to Show Cause and Extending Deadline to Serve Defendants (Doc. No. 6) ("Failure to establish proof of service by August 5, 2022, will result in dismissal of this lawsuit.").

## I. INTRODUCTION

Dr. Crawford's complaint asserts claims against 30 individuals and four entities relating to his unsuccessful effort to become a licensed physician in California. The defendants include the Federation of State Medical Boards ("FSMB") and its Chief Executive Officer, Dr. Chaudhry. *See* Doc. No. 1 at 1.

FSMB is a non-profit organization whose membership consists of state medical and osteopathic regulatory boards within the United States, its territories, and the District of Columbia. *See* Decl. of Eric Fish ¶ 2 (Doc. No. 17-2). FSMB supports its member boards as they fulfill their statutory mandates to protect the public's health and welfare through the proper licensing and regulation of physicians. *Id.* ¶ 5. FSMB does so by undertaking initiatives that promote patient safety, quality health care, and regulatory best practices. *Id*.

Dr. Crawford's claims against FSMB and Dr. Chaudhry are apparently based upon information regarding Dr. Crawford's licensure history that can be accessed on

a website that FSMB operates, known as the Physician Data Center, or "PDC." *See id*. ¶ 6. The PDC provides a comprehensive source of information for state medical boards, federal agencies, hospitals, insurance companies, credentialing agencies, and other subscribers regarding the licensure history and any disciplinary actions that have been imposed against physicians across the United States. *Id*. ¶ 7. FSMB obtains this information from the medical boards in each state in which a given physician has been licensed to practice or sought to be licensed. *Id*.

In Count Five of his complaint, Dr. Crawford "sues [FSMB] and its Chief Executive Officer for the defamation and injury caused by the publishing of the statement that Doctor Crawford was no longer authorized to practice medicine in North Carolina because his license and authority to practice there was accepted by the [North Carolina] Board as 'voluntarily surrendered' on April 1, 1982." Doc. No. 1 at 21–22. Dr. Crawford alleges that "this false statement by [FSMB] and its chief officer was immensely derogatory and damaging to Dr. Crawford's occupation, reputation for telling the truth, and his character." *Id.* at 22.

In Count Seven, Dr. Crawford "sues defendant Chaudhry as chief corporate officer and [FSMB] ... and claims that they harmed him by making the following statement to at least one third party in California and on the internet ... that Doctor Crawford was not competent to practice medicine in Maryland because the Maryland [medical] board had 'denied licensure' to plaintiff on December 31, 1996." Doc. No. 1 at 29–30. While Dr. Crawford does not use the word "defamation" in this count, he refers to the alleged statement as a "false statement" and is presumably also alleging a defamation claim in this count.

As noted in FSMB's pending motion to dismiss (Doc. No. 17-1 at 8-9), this lawsuit is one of several lawsuits filed by Dr. Crawford, *pro se*, against state medical boards, their members, and other defendants relating to his efforts to obtain licensure as a physician. The other lawsuits include a 2014 lawsuit in Texas in which he

asserted defamation claims against FSMB, Dr. Chaudhry and other FSMB employees regarding information that FSMB made available regarding Dr. Crawford's licensure history in North Carolina and Maryland -- *i.e.,* the same claims he asserts here, but apparently relating to his efforts to become licensed in Pennsylvania.  The Texas court dismissed his complaint for failure to accomplish service on the defendants. The same result is warranted here with regard to his complaint against Dr. Chaudhry.

## II.    RELEVANT PROCEDURAL HISTORY

Dr. Crawford filed this lawsuit on March 21, 2022. *See* Doc. No. 1. On June 24, 2022, the Court entered an Order To Show Cause Why Case Should Not Be Dismissed For Failure To Prosecute. *See* Doc. No. 4.

On June 30, 2022, after Dr. Crawford filed a motion for additional time to serve the defendants, the Court entered an Order Discharging Order To Show Cause And Extending Deadline To Serve Defendants. *See* Doc. No. 6. The Court stated in this Order: "Failure to establish proof of service by August 5, 2022, will result in dismissal of this lawsuit." *Id*.

On August 5, 2022 (the deadline set by the Court for Dr. Crawford to "establish proof of service" on all defendants), Dr. Crawford filed a one-page document titled "Plaintiff's Line" in which he stated as follows:  "Plaintiff clarifies that the Federation of State Medical Boards, Incorporated and it's [sic] CEO (Defendant Humayan [sic] Caudhry [sic]) were served by delivery in Washington, DC by service upon the resident agent by a process [sic] private process server.  Delivery was completed by July 6." Doc. No. 21. No affidavit or other documents were attached to this filing, as required to prove that service was made. Dr. Crawford thus missed the August 5 deadline set by the Court for him to establish proof of service.

On August 8, 2022, Dr. Crawford filed a document titled "Plaintiff's Request That Clerk Enter Rule 55 Default [Against] Humanyan [sic] Chaudhry." *See* Doc. No. 23. In this document, Dr. Chaudhry stated as follows:

> Defendant Humanyan [sic] Chaudhry as Chief Executive Officer for the Federation of State Medical Boards was served with Summons and Complaint both bearing his name from this Court under the direction of Rule 12(a)(1)(A)(i). Defendant Humanyan [sic] Chaudhry was served on July 5, 2022. Defendant Humanyan [sic] Chaudhry was required by Court rules to file an Answer or Motion to Dismiss on or before July 27, 2022. The private process server affirmed under oath that "it's President Humayan [sic] was served with an original summons." See attachments including process server's affidavit. As of this writing Humanyan [sic] Chaudhry has still not filed any Answer as required by the Rules of this Court. Consequently, and as the federal rules and rules of this Court require, and upon this request supported by affidavit and otherwise, Plaintiff moves that the Clerk enter Default as to this Defendant without delay as is required by Federal Role 55(a).
>
> I DO SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT ALL OF THE FOREGOING STATEMENTS ARE TRUE TO THE BEST OF MY PERSONAL KNOWLEDGE.

Doc. No. 23 at 1-2.

Attached to the Default Request is a document titled "Proof Of Service **On Federation Of State Medical Boards**," signed by Dr. Crawford and dated July 16, 2022. *See* Doc. No. 23 at 3 (emphasis added). In relevant part, Dr. Crawford states in this document:

> In accordance with Rule 4, Plaintiff submits proof of service of a copy of the summons and complaint upon **FEDERATION OF STATE MEDICAL BOARDS** after FSMB had refused or ignored Plaintiff's REQUEST TO WAIVE SERVICE OF PROCESS.... The document speaks for itself from [sic] as a process server's affidavit from the State of South Carolina. The records of the USPS and that of the process server show that this defendant was served by acceptance of its resident agent in Washington by certified mail delivery on July 5, 2022.

*Id*. (original emphasis). This document thus confirmed (accurately) that the FSMB had been served -- ***not*** that Dr. Chaudhry had been served.

Dr. Crawford also attached a Proof Of Service Of Summons And Complaint to his Default Request. The Proof of Service likewise confirms that FSMB was served by the process server -- **not** Dr. Chaudhry. It states, in relevant part, as follows:

> This is to attest and certify the Defendant Federation of State Medical Boards of the United States, Incorporated by and through its President Humayan [sic] was served with an original summons by service by mailing upon its resident agent listed with the Department of Consumer and Regulatory Affairs. The resident agent appeared on the envelope as:
>
> Office Manager/Legal Affairs
> CT Corporation Systems
> (Resident Agent of FSMB)
> 1015 15th Street, N.W., Ste. 1000
> Washington, District of Columbia  20005

*See* Doc. No. 23 at 4.

On August 15, 2022, Dr. Crawford filed a document titled "Plaintiff's Motion to Strike," in which he asks the Court to strike Dr. Chaudhry's alleged assertion of an improper-service defense. *See* Doc. No. 29. Dr. Crawford states in this document that "Defendant Chaudhry appeared and made a defense to this action in the form of paper contained in the papers of a Motion to Dismiss. Defendant states: Dr. Chaudhry ... has not been properly served.'" *Id*. at 1. He provides no citation for this purported entry of appearance by Dr. Chaudhry, but he is presumably quoting the following statement from the *FSMB's* pending motion to dismiss: "Dr. Chaudhry does not join in this motion to dismiss because he has not been properly served." *See* Doc. No. 17-1 at 8 n.2. The language that Dr. Crawford omits in his quotation of this sentence makes clear that Dr. Chaudhry was <u>not</u> making an appearance by way of the FSMB motion to dismiss -- contrary to what Dr. Crawford asserts in his Motion to Strike. Dr. Crawford references an Exhibit A and Exhibit B in his Motion to Strike, but no exhibits appear with the as-filed Motion to Strike.

## III. DR. CRAWFORD HAS FAILED TO ACCOMPLISH TIMELY SERVICE ON DR. CHAUDHRY

Dr. Crawford failed to meet the Court's August 5, 2022 deadline for establishing proof of service on Dr. Chaudhry because his filing on that date did not include an affidavit from the process server, as required by Rule 4(l) of the Federal Rules of Civil Procedure to prove that service was made. *See* Doc. No. 21. Because he failed to meet the Court's deadline, the Court should dismiss his complaint against Dr. Chaudhry pursuant to its June 30th Order. *See* Doc. No. 6.

Dr. Crawford did file an affidavit from a process server on August 8, 2022, as an attachment to his Default Request. However, that filing was made after the Court's deadline, and it does not establish proof of service on Dr. Chaudhry in any event. Instead, it states that service was made on FSMB, *see* Doc. No. 23 at 4, as Dr. Crawford himself recognized in the Proof Of Service On Federation Of State Medical Boards that he attached to his Default Request (Doc. No. 23 at 3).

Dr. Crawford's partial quoting of the process server's affidavit in his Default Request is at best misguided and at worst reflects a purposeful effort to mislead: "The private process server affirmed under oath that 'it's President Humayan [sic] was served with an original summons.'" *See* Doc. No. 23 at 1. Language that Dr. Crawford omitted from his partial quotation clearly states that service was made on FSMB by sending the summons and complaint to FSMB's designated agent, CT Corporation. *Id*. at 4. CT Corporation serves as agent for FSMB. It does not serve as a resident agent for Dr. Chaudhry or any other officer or employee of FSMB.

## IV. BECAUSE DR. CRAWFORD HAS NOT SERVED DR. CHAUDHRY, A DEFAULT CANNOT BE ENTERED AND DR. CRAWFORD'S COMPLAINT SHOULD BE DISMISSED

"'It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant.' Thus, although Rule 55(a) uses mandatory language, the clerk is not required to enter default unless the party against whom default is sought has

been properly served." *Phillips v. Comm'n on Character & Fitness*, 2020 WL 4003368, *1 (D. Mont. 2020) (quoting *Taylor v. U.S. Office of Personnel Management*, 2014 WL 5390228, at *3 (D. Haw. Oct. 22, 2014), and also citing *Stephenson v. Lappin*, 2007 WL 1113550, at *2 (E.D. Cal. Apr. 13, 2007)).

As shown above, Dr. Crawford has not properly served his complaint and a summons on Dr. Chaudhry. Dr. Crawford's request for the Clerk to enter a default against Dr. Chaudhry under Rule 55 must therefore be denied.

Instead, because the time to accomplish service has now expired, Dr. Crawford's complaint against Dr. Chaudhry should be dismissed. *See* Doc. No. 6; Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 12(b)(5).

## V. DISMISSAL IS ALSO WARRANTED FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE, AND FAILURE TO STATE A CLAIM

Dismissal would be warranted even if Dr. Crawford had accomplished sufficient service of process on Dr. Chaudhry, for lack of personal jurisdiction over Dr. Chaudhry, improper venue, and failure to state a claim.[1]

### A.   The Court Lacks Personal Jurisdiction Over Dr. Chaudhry

Dr. Chaudhry is the Chief Executive Officer of FSMB. Decl. of Humayun Chaudhry ¶ 1. He resides in Maryland and works out of FSMB's offices in Washington, D.C. and Texas. *Id*. ¶ 4. He has never resided in California and owns no property in California. *Id*. ¶ 5. To the best of his knowledge, Dr. Chaudhry has

---

[1] The Ninth Circuit has held that Rule 12 defenses can be waived if they are not raised in a party's initial filing, even where the filing responds to a plaintiff's effort to obtain a default judgment. *See American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106-07 (9th Cir. 2000). Dr. Chaudhry therefore includes his additional Rule 12 defenses here, to avoid any suggestion that he has waived those defenses.

never met Dr. Crawford or communicated with him on any subject, much less a subject that relates to this lawsuit. *Id.* ¶ 6. Dr. Chaudhry played no role in retrieving any information regarding Dr. Crawford's licensure history from any state medical board or in placing any such information on the PDC website that FSMB operates, and -- to the best of his knowledge and recollection -- he has made no statements regarding Dr. Crawford's licensure status to anyone outside of FSMB. *Id.* ¶¶ 7, 8. There is thus no basis for exercising personal jurisdiction over Dr. Chaudhry in California with respect to Dr. Crawford's claims.

### B. Venue is Improper in this District

"As plaintiff, [Dr. Crawford] has the burden of establishing proper venue." *Johnson v. Law*, 19 F. Supp. 3d 1004, 1007 (S.D. Cal. 2014) (citations omitted). Dr. Crawford's complaint, however, does not cite or support any statutory basis for establishing venue in this district.

Venue cannot be established under 28 U.S.C. § 1391(b)(1) because not all defendants are residents of California. Venue could theoretically be established under 28 U.S.C. § 1391(b)(2), but Dr. Crawford's complaint does not contain allegations that would allow the Court to conclude that this is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Dr. Crawford has therefore failed to show that venue is proper.

### C. Dr. Crawford Has Failed to State a Claim Against Dr. Chaudhry

Dr. Crawford's claims against Dr. Chaudhry are the same claims that he asserts against FSMB. *See* Doc. No. 1 at 21-22, 29-30. FSMB's pending motion to dismiss explains why Dr. Crawford has failed to state a claim against FSMB. *See* Doc. No. 17-1 at 12-17. Dr. Chaudhry respectfully incorporates the arguments from FSMB's brief here, in support of his argument that dismissal is also warranted with regard to Dr. Crawford's claims against Dr. Chaudhry for failure to state a claim. *See id.*

# CONCLUSION

The Clerk should deny Dr. Crawford's request for entry of default against Dr. Chaudhry (Doc. No. 23) and his motion to strike (Doc. No. 29).  Instead, the Court should dismiss Dr. Crawford's complaint against Dr. Chaudhry for failure to make proper and timely service.  Alternatively, and in the unlikely event that the Court concludes that Dr. Crawford has properly served Dr. Chaudhry, the Court should dismiss Dr. Crawford's claims against Dr. Chaudhry for lack of personal jurisdiction, improper venue, and failure to state a claim.  Finally, if Dr. Crawford's claims against Dr. Chaudhry are not dismissed on any of the foregoing grounds, Dr. Chaudhry should be given twenty days to respond to Dr. Crawford's complaint.

Dated:  August 19, 2022            **PERKINS COIE LLP**

By:   /s Robert A. Burgoyne
Ross E. Bautista
rbautista@perkinscoie.com
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile: +1.858.720.5799

Robert A. Burgoyne (*pro hac vice*)
RBurgoyne@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Ste 800
Washington, D.C. 20005-3960
Telephone:  +1.202.654.6200
Facsimile:   +1.202.654.6211

# CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2022, I the foregoing document was filed by using the CM/ECF system, and that service will be accomplished by the CM/ECF system on all participants in the case who are registered CM/ECF users.

I further certify that service was accomplished on plaintiff Joe Dean Crawford, who is appearing in the case *pro se*, by placing a copy of the foregoing document in the United States mail, postage prepaid and addressed as follows:

> Joe Dean Crawford
> 1933 L Avenue, #5
> National City, CA 92138

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed by me on August 19, 2022.

/s/ Robert A. Burgoyne
Robert A. Burgoyne