Joe Dean Crawford
1933 L Avenue, #5
National City, CA 91950

FILED
OCT 1 4 2022
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO, CALIFORNIA
Case File No: '22CV376 CAB MDD

Joe Dean Crawford,
   *Plaintiff.*

   v.

California Medical Board, ET. Al.
   *Defendants.*

## CONSOLIDATED MEMORANDUM
## OF POINTS AND AUTHORITES IN SUPPORT OF RESPONSE

Plaintiff claims federal question and subject matter jurisdiction over the defendants named in the Complaint. Plaintiff supports his claim for personal jurisdiction by the attached or inclusive Affidavit. Plaintiff's Complaint was verified but left unopposed by Defendants which imposes a claim of each federak question, libel, state law tort defendant of more than $75,000 for their individual acts as named or implied in the pro se complaint. Defendants although diversity

1 defendants have an imposing and "continuous and systematic" presence in
2 California as is described in Plaintiff *Dr. Crawford's Affidavit in Support of*
3 *Response to Motion to Dismiss.*

4 Plaintiff's cause of action against defaming corporation and personally for
5 punitive damages against the Chief Executive Officer[5] in control of the corporation
6 for defamation (libel *per se*) is proved by the series of cases that ended in
7 precedent announced by Justice Rehnquist of a unanimous Burger Court after
8 hearing it and *Keeton v. Hustler* the same day. The case was *Calder, et. al v.*
9 *Jones*, 465 U.S. 783 (1984). The reasoning supported that of the Ninth Circuit
10 Court of Appeals in *Shirley Jones v. Ian Calder, et. al.*, Court of Appeals of
11 California as 138 Cal. App. 3d 128 (1982).

12 Plaintiff points out that it is the rule of the Ninth Circuit that a federal
13 question action arises upon a claim by a physician that an out-of-state medical
14 board has refused or failed in verifying licensure because it deprives the physician
15 of property and perhaps liberty rights under the Due Process Clause of the 14th
16 Amendment to the United States Constitution. Damages may be recovered before
17 jury in such a claim as stated in *Mishler v. Nevada State Board of Medical*

---

[5] The Chief Executive Officer in *Calder* was Ian Calder and is now Humayan Chaudhry in this case and the Corporation is now Federation of State Medical Boards rather than National Enquirer Magazine, Incorporated.

| 22cv376 CAB DISMISS/Affidavit | 4 | RESPONSE TO MOTION TO |

<u>Examiners, et. al</u>.[6], and there is no absolute nor qualified immunity regarding a failure or refusal to perform the purely ministerial duty after receiving payment for the act of verifying out-of-state licensure responded to Plaintiff either by simple, continuous, and extended silence; or, by active and libelous wrongs published under the intended and protective seal of a sovereign state.[7]

In <u>Misler v. Clift, et. al</u>, this Ninth Circuit held in matters regarding the ministerial act of verification of the licensure of an out-of-state physician's license; that, traditional and commonly applied immunity "protection does not extend to its ministerial acts," 191 F.3d 998 (9th Cir.1999). That Ninth Circuit in precedent concluded that absolute immunity does not extend to non-judicial acts involving matters of verification of a clearly established federal right as a response to a verification inquiry.

If a "right is clearly established by decisional authority of the Supreme Court or this Circuit, our inquiry should come to an end."[8] Plaintiff believes this is the course the Court ought to take and reject defendant's claim that the First

---

[6] 896 F.2d 408, 410 (9th Cir.1990); ["an essential element of a professional license, part of the property comprising the license, is the right to have one's standing in the profession certified by the agency that has issued the license"].

[7] Title 42 United States Code, § 1983. Title 42 USC § 1985 (failure or neglect to prevent harm).

[8] <u>Boyd v. Benton County</u>, 374 F.3d 773, 781 (9th Cir.2004).

1  Amendment gave them privilege[9] to defamation while knowing that their
2  publications of matters of no public interest to California or the control of their
3  publications were harmful, false, and libelous to deliberately target Plaintiff while
4  domiciled in California. No other sound defenses permit these matters of
5  complaint from proceeding to trial by jury and for the granting of plaintiff time to
6  explore discovery regarding matters recently raised by some of the defendants.

_____  October 14, 2021.

Joe Dean Crawford
1933 L Avenue, #5
National City, CA 91950

---

[9] There is "no constitutional value in false statements of fact" that target a private California resident seeking to be licensed. (Cf: Margaret Mae Cantrell's case. 419 U.S. 245 (1974)).

Response to Five (5) Defendants and to Motion to Lift Default Order

## I. Comparative – Five (5) Defendants for Similarity
(Subject Matter, Venue, and Personal Jurisdictional Issues)

A consolidated response to the defenses raised by all five appearing defendants requires a comparative analysis. The five (5) defendants Chief Executive Officer Humayan Chaudhry ('Chaudhry'), Federation of State Medical Boards of the United States, Incorporated ('FSMB'), National Board of Medical Examiners of the United States, Incorporated ('NBME'), R. David Henderson, and the California Medical Board (by and though its elected members).

Defendants Chaudhry, FSMB, and NBME are represented by the same law firm with three attorneys of that firm assigned to this case. Their defenses raised are the same or like all three of these defendants and were the same defenses raised and rejected in *Calder v. Jones* and *Calder v. Jones* in the 1982 California Court of Appeals. These defendants have all raised objections based on an unsupported claim of lack of personal jurisdiction which was resolved in *Calder v. Jones*. Whether Chaudhry could be hauled into a California federal Court even though he owns no property in California was also resolved in *Calder v. Jones*. The Court has general jurisdiction over those defendants who are named in the statues of the State of California cannot be other than "continuous and systematic." See Plaintiff Dr. Crawford's Consolidated Affidavit in Response to Consolidated Motions (5) to Dismiss, generally.[1]

## II. Chief Executive Officer of North Carolina Medical Board

The claims over R. David Henderson as Chief Executive Officer of the North Carolina Medical Board (not a Board appointed position) are resolved by finding Ninth Circuit rule

---

[1] "Continuous and Systemic Presence" at page 13, ¶ 24-25: pg. 17, ¶ 50: each citing Business & Professions Code as statutes wherein these defendants are named as having a continuous and systemic presence in the California landscape.

requiring trial of any federal question claim involving a failure or refusal of medical board employees or members to verify out-of-state licensure upon a paid request by any physician. The instructions for finding this action as a "clearly established right" and the absence of immunity for the refusals are resolved by the companion cases of *Mishler v. Nevada State Board of Medical Examiners, et. al.*, and *Mishler v. Clift* both form precedent of the Ninth Circuit Court of Appeals for this case as well.

### III.   Default Order
(Waiver of Service of Process by Humayan Chaudhry)

Comparative analysis of Defendant Chaudhry's appeal to remove the default order appear to be based on his claim that Defendant Chaudhry had not been served and had no due process notice of the lawsuit. However. The proof of service filed on August 5, 2022, shows that service was completed upon Defendant and the FSMB on July 5, 2022. Chaudhry appeared and declared that he is the chief operations officer in control of the day-to-day operation of FSMB but that he had "not been properly served." No motion to quash service of process had been filed then or thereafter.

### IV.   California Medical Board

A comparative analysis to frame a response is impossible because of a lack of discovery, failure to provide the Plaintiff with an amended summons to be served on new members necessary parties as requested in Plaintiff's MOTION FOR AMENDED SUMMONS, and because the served members are in or should now be in default based on Title 42 § 1985 (failure to intervene to prevent constitutional harm). However, and as a matter of justice the Court should allow the issuance of summons under Rule 4 and needed discovery based on *pro se* Plaintiff's unanswered request for amended summons.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE DEAN CRAWFORD,<br><br>Plaintiff,<br><br>v.<br><br>KRISTINA D. LAWSON, et al.,<br><br>Defendants. | Case No.: 22-cv-376-CAB-MDD<br><br>**ORDER ON PLAINTIFF'S MOTIONS TO STRIKE AND REQUESTS FOR EXTENSION OF TIME TO RESPOND**<br><br>[Doc. Nos. 28, 29, 30, 31, 32, 33, 34, 35] |

Various defendants in this matter filed four motions to dismiss Plaintiff's complaint. [Doc. Nos. 13, 14, 17, 27.] In response, Plaintiff filed two motions to strike certain defendants' arguments [Doc. Nos. 29, 30], three motions to strike two of the motions to dismiss as untimely [Doc. Nos. 28, 31, 32], and three requests for an extension of time to respond to the motions to dismiss [Doc. Nos. 33, 34, 35]. Upon review of Plaintiff's motions, the Court hereby orders as follows:

1. The Court **DENIES** Plaintiff's motions to strike Defendant Federation of State Medical Boards of the United States' motion to dismiss as untimely. [Doc. Nos. 28, 32.] The Court accepts Defendant Federation of State Medical Boards of the United States' motion to dismiss [Doc. No. 17] as timely and orders Plaintiff to respond by the deadline stated below.

1

2. The Court **DENIES** Plaintiff's motion to strike Defendant R. David Henderson's motion to dismiss as untimely. [Doc. No. 31.] The Court accepts Defendant Henderson's motion to dismiss [Doc. No. 13] as timely and orders Plaintiff to respond by the deadline stated below.

3. The Court **GRANTS** Plaintiff's three requests for an extension of time to respond to the motions to dismiss referenced therein [Doc. Nos. 33, 34, 35], and further extends Plaintiff's deadline to respond to the fourth motion to dismiss [Doc. No. 27]. Accordingly, Plaintiff shall file **ONE consolidated response** to all four motions to dismiss [Doc. Nos. 13, 14, 17, 27] on or before **October 14, 2022**. Plaintiff's response shall **not** exceed thirty-five (35) pages in length.

4. The Court will consider Plaintiff's motion to strike Defendant Humayan Chaudhry's improper service argument [Doc. No. 29] and Plaintiff's motion to strike Defendant R. David Henderson's immunity argument [Doc. No. 30] in conjunction with Plaintiff's consolidated response to the motions to dismiss.

**IT IS SO ORDERED.**

Dated: August 16, 2022

Hon. Cathy Ann Bencivengo
United States District Judge

Dean Crawford
1933 L Avenue, #5
National City, CA 91950

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

Case File No: '22CV376 CAB MDD

Joe Dean Crawford,
    *Plaintiff.*

V.

California Medical Board, ET. Al.

    *Defendants*

## CERTIFICATE OF SERVICE

This is to certify that a copy of this CONSOLIDATED AFFIDAVIT OF PLAINTIFF DR. CRAWFORD in support of the filed RESPONSE and CONSOLIDATED MEMORANDUM OF POINTS AND AUTHORITIES to five (5) defendant's motions to dismiss as well as the motion of Humayan Chaudhry to lift sanctions and default is served by mailing a copy by first-class postage prepaid mail this October 14, 2022, to the following persons as their names appear on their motions. Service completed upon mailing:

Ross E. Bautista,
Perkins Coie, LLP,
11452 El Camino Real, Suite 300
San Diego, CA 92130

Robert A. Burgoyne
Perkins Coie, LLP,
700 Thirteenth Street, N.W., Ste. 800
Washington, DC 20005

Brian William Skalsky
3030 Old Ranch Parkway
Seal Beach, California 90740

Albert K. Alikin
Lizel Cerezo
550 South Hope Street, Suite 2200
Los Angeles, CA 90071

Ryan J. McEwan
California Department of Justice
1300 "I" Street
Sacramento, California 92444

_[signature]_