1
2
3
4
5
6
7   Joe Dean Crawford
8   1933 L Avenue, #5
9   National City, CA 91950

FILED

OCT 1 4 2022

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          *a*          DEPUTY

10
11
12
13
14                    **UNITED STATES DISTRICT COURT**

15                    **SOUTHERN DISTRICT OF CALIFORNIA**

16                         SAN DIEGO, CALIFORNIA
17                    Case File No: '22CV376 CAB MDD

18   Joe Dean Crawford,
19          *Plaintiff.*

20                              v.

21   California Medical Board, ET. Al.

22          *Defendants.*

23

24   **CONSOLIDATED AFFIDAVIT OF DR. JOE DEAN CRAWFORD**

25      **IN RESPONSE TO MOTION TO DISMISS COMPLAINT**

26

27   In Accordance with the Order of August 16th of this Honorable Court, Plaintiff

28   files this consolidated response on or before October 14th and supports that motion

29   with facts upon which the Court may consider:

1    **A. National Board of Medical Examiners**, Incorporated (a Pennsylvania

2        corporation with corporate offices on Philadelphia's Market Street).

3  **1.**  It is common knowledge that the State of California has the largest number of

4    active allopathic ('M.D.') physician practitioners and applicants for licensure in

5    the United States of America.

6  **2.** It is common knowledge that the State of California has the largest number of

7    physicians who have the 'M.D.' degree behind their names in proportion to that

8    number in the United States.

9  **3.** It is common knowledge that the State of California taxes neither FSMB nor the

10    NBME for its activities within the State in exchange for their special

11    arrangements found in California statutes.

12  **4.** It is common knowledge that the State of California provides by way of

13    legislation a major part of the approximately $70 million dollars of yearly

14    revenue as a benefit to these two (2) defendants has provided through contracts

15    with, for instance: the Defendant FSMB during the 2020-2021 tax year reported

16    on its IRS Form 990 a revenue of $51,3997, 414 (ProPublica, Incorporated,

17    2021).

18  **5.**  Of this amount of the FSMB enterprise revenue, the personal compensation of

19    Chief Executive Office and President, Dr. Humayan Chaudhry has risen from

1      an unknown in 2009 when he was first installed to $632,276 in 2015, and then

2      to $726,576 in 2020 (ProPublica, Incorporated, 2021).

3   **6.**   Plaintiff paid $70.00 each for NBME and FSMB to verify, and $50.00 all

4      during the first of January 2021 to the North Carolina Medical Board to verify

5      permanent licensure to practice in North Carolina since 1979.

6   **7.** The State of California provides has the largest market share of all the fifty

7      states for the services of the National Board of Medical Examiners (hereinafter

8      referred to as 'NBME'), and its collaborating partner: the Federation of State of

9      Medical Boards of the United States, Incorporated (hereinafter referred to as

10      'FSMB').

11   **8.** Defendant National Board of Medical Examiners, Incorporated does now and

12      has for nearly fifty (50) years had a "continuous and systematic" presence in the

13      State of California since the enactment of Chapter 267 of the 1975 Statutes of

14      the General Assembly.

15   **9.** Defendant National Board of Medical Examiners, Incorporated does now and

16      has for years had a "continuous and systematic" presence in the State of

17      California which shows in the present law as California Business and

18      Occupations Code at Section 2151.

19   **10.**The California legislature has never made the California Medical Board to be a

20      member of to have to pay membership dues to the FSMB as one of the "70 state

1    medical and osteopathic regulatory boards within the United States, its

2    territories, and the District of Columbia[10]."

3    **11.**  The State of California placed NBME in a great position of trust and respect

4    when it made it the sole entity responsible for verification of a physician being

5    the holder of the and their Diplomate of the National Board of Medical

6    Examiners as explained in California law:

7    *a.*  An applicant who is a diplomate of the **National Board of Medical**
8       **Examiners** shall not be required to take a written examination
9       prescribed by this article . . . [Chapter 1313, § 2 of the 1980 Acts of
10      California's Assembly].
11   *b.*  Notwithstanding any other provision of law, the California Medical
12      Board may issue a physician and surgeon's certificate to a diplomate
13      of the **National Board of Medical Examiners** ('NBME').

14

15   **12.**  The NBME made an implicit promise to earn that position by stating that it

16   would immediately verify the status of any Diplomate of its NBME regardless

17   of race, ethnic background, or other invalid reasons to breach a contract.

18   **13.**  The NBME broke its promise to Plaintiff when it refused to verify his status as

19   a Diplomate of the National Board of Medical Examiners even though NBME

20   agreed and accepted payment from Wells Fargo in San Diego to them on

21   January 4, 2021.[11]

---

[10] This mischaracterization by FSMB of some governmental authority is appalling weak.  FSMB
and NBME's so called "authority" end with reception by the California Medical Board of
verified score reports that coincide with the statements made by the applicant in his or her
application.
[11] "Purchase authorized on 01/01 National Board at 215-590-9700 PA" (Plaintiff's bank statement).: $70.00
accepted but no verification or even a score report within the sixty (60) day period.

1    **14.** Accordingly, and online to the .org site created by R. David Henderson for the

2          North Carolina Medical Board in 2009, Plaintiff entered and paid in contract to

3          the North Carolina Board the sum of $50.00 for a verification of Plaintiff's

4          licensure in the State of North Carolina for use by the California Medical Board

5          for quick licensure by reciprocity.

6    **15.** R David Henderson on behalf of the North Carolina Medical Board's

7          ministerial officer and Chief Executive Officer in charge of apparent

8          verifications of licensure under the seal of the North Carolina Medical Board,

9          refused to verify Plaintiff's licensure in the State of North Carolina.

10   **16.** To this day not one Board member of either the California or North Carolina

11         Board of Medical Examiners has verified Plaintiff's having met the

12         requirements for licensure in either the State of California or of North Carolina.

13   **17.** Plaintiff's verified complaint described the response of R. David Henderson as

14         Chief ministerial officer and of the NCMB as libelous *per se* or knowingly

15         negligent.

16   **18.** Plaintiff believed that the refusal to verify his licensure was a ministerial act

17         by reason of *Mishler v. Nevada Board of Medical Examiners* and filed this

18         action.

19   **19.** Plaintiff believed that the targeting of him in California in order to interfere

20         with licensure was wrong by reason of *Calder v. Jones*, and he filed this suit.

1   **20.** The failure to timely verify led inevitably to Plaintiff not being licensed

2       through the quick reciprocity route within the sixty (60) days set by California

3       regulations governing the California Medical Board[12].

4   **21.** The California Medical Board could not arguably grant Plaintiff a license to

5       practice under California Code, B & P § 2151 because NBME refused to verify

6       Plaintiff's property right after being made a Diplomate of the NBME in 1979.

7   **22.** Defendant NBME and FSMB claim and have received over the years non-

8       profit tax status enjoys several other tax and California market benefits as the

9       sole provider of competency examination materials for use by the state medical

10      board to evaluate the level of competence of practicing physicians and those

11      desiring to enter the profession.

12  **23.** Defendant NBME and Defendant FSMB take to their states and homes outside

13      of California millions of untaxed dollars that flow from California to

14      Philadelphia and to Euless, Texas, respectively.  This has been the case for

15      decades as explained.

---

[12]  In what appears to have been a conspiracy to deprive Plaintiff of the liberty and property rights in a license to practice medicine both R. David Henderson and NBME refused to verify a NC permanent license to practice and a permanent certificate as a Diplomate of the National Board of Medical Examiners at the same time and in their respective refusals to act.

1    **24.** Defendant NBME is engraved into the entire California landscape by the

2       California's engraver's pen in the hands of the peoples of the State of

3       California.  California Business & Professions Code, § 2151.

4    **25.** Defendant NBME is the sole provider of information required by a state

5       statute regarding verification of physicians who have earned the "certificate to a

6       diplomate of the National Board of Medical Examiners.[13]"

7    **26.** All physicians with a "Doctor of Medicine" or "M.D." degree who are also

8       physicians applying for licensure through the California Medical Board of

9       Medical Examiners must first make a contract with the NBME and the FSMB.

10   **27.**    This is the law and mandate of California law as to have scores and dates of

11      passing the examinations administered by the NBME and the FSMB to be

12      forwarded under those contracts and contacts to the California Medical Board's

13      licensing division.

14   **28.** That contract applicant or physician contract for services costs from $70.00 to

15      $800.00 per transaction for products that range from verification of National

16      Board diplomate status, proof of having passed all examinations administered

17      by the NBME, and information regarding any aberrant behavior during testing.

18   **29.** Neither the NBME nor FSMB is authorized by state or federal law to act as a

19      public reporting agency for physician disciplinary actions.

---

[13] California Business and Professions Code, § 2151.  Plaintiff's Attachment No. 1.

1   **30.** The only nationwide and federal authority authorized to provide accurate

2      reports regarding any disciplinary actions against a physician or actions taken

3      against a physician involving professional competency is the National

4      Practitioner Data Bank as authorized by federal statute.

5   **31.** California law does not authorize either the NBME nor the FSMB to be a

6      news organization typically responsible for reporting disciplinary or other

7      private matters regarding physicians residing and domiciled in the State of

8      California.

9   **32.** All the 22,000 physicians without exception who are applying during the

10     2021-2022 years and for licensure through the California Medical Board of

11     Medical Examiners must first make a contract with the FSMB as well and its

12     own and separate contract costs are equal or exceed the verification cost that of

13     the NBME charges.

14  **33.** The charges exacted upon California residents is not open to review or

15     examination by any state agency or accounting firm designated by law.

16  **34.** The costs of contract with the FSMB are equal to the NBME and California

17     laws do not authorize any other information to be exacted regarding any

18     physician other than results of competency examinations.

19  **35.** Plaintiff and Dr. Crawford was a domicile of California living in San Diego

20     County, California when this action arose and when I filed my complaint on

1   March 22, 2022, after discovering that FSMB was sending out false reports

2   about me to a third party through use of a device called a "Physician Data

3   Center."

4   **36.** Dr. Crawford had no knowledge of the FSMB's secret reporting about him

5   through the "physician data center" until Joseph Salazar of the California

6   Medical Board forwarded me a copy of his email of March 19, 2021.

7   **37.** The public records before the California medical board show that Plaintiff

8   earned the certificate as proof of being "a diplomate of the National Board of

9   Medical Examiners.[14]"

10   **38.** It is common knowledge that Plaintiff has made many contracts with both the

11   FSMB and the NBME through the years since and before being licensed by the

12   State of North Carolina during the month of October of 1979 by vote of the

13   North Carolina Board of Medical Examiners.

14   **39.** Plaintiff was a Diplomate in 1979, however as part of his own personal

15   development program returned to complete the FSMB series of Competency

16   Examinations by 2011[15].  No other physician in the United States has ever done

17   this.

___

[14] Diplomate of the National Board of Medical Examiners, issued to Plaintiff on signature of the President and Chief Executive Officer of the National Board of Medical Examiners ('NBME'). Attached as Plaintiff's No. 2.

[15] Step 1 of USME and the Clinical Skills Examination were administered to Plaintiff in Philadelphia.  Plaintiff went on to pass Step 2, Step 2 CK, and then the final Step 3 administered

1    **40.** The license issued by the North Carolina Board of Medical Examiners in 1979

2        has never been surrendered for any reason, and I have never been asked to

3        participate in a hearing where my right to practice might have been limited.

4    **41.** The license granted to me by the State of North Carolina and by the State of

5        New York are permanent licenses that I hold to practice the unrestricted

6        practice of medicine.

7    **42.** I have been licensed to practice in Tennessee, but that license expired after a

8        time as is the law of Tennessee to this day, and of California as well.

9    **43.** Defendant Humayan Chaudhry lives and works in Suffolk County New York

10       at the health care and training facility stationed there.

11   **44.** I have written letters to FSMB CEO and President in New York and during

12       2013 to Humayan Chaudhry telling him to stop the defamatory material from

13       his company by letters not returned but mailed to his primary residence in

14       Suffolk County, New York.

15   **45.** When that did not work, I sued he and his company (FSMB) but I did not

16       pursue the case because of the expense and difficulty finding an attorney.

17   **46.** I have never consented to the release of any other information regarding me

18       from the NBME or the FSMB other than scores reports and evidence of having

---

by the Federation of State Medical Board which apparently caught the attention of Defendant
and CEO of FSMB.

1     earned the NBME Diplomate as required by California Business and

2     Professions Code § 2151.

3  **47.** Defendant Chaudhry differs from the Plaintiff in that this plaintiff has a

4     "M.D." and Defendant Chaudhry has never qualified for that degree and

5     appears to have no desire to do so.

6  **48.** The difference in philosophies of care attained with a M.D. degree does not

7     give Chaudhry license or privilege to defame by false statements about a person

8     possessing the "Doctor of Medicine" degree.

9  **49.** When that did not work, I sued he and his company (FSMB) but I did not

10     pursue the case because of the expense and difficulty finding an attorney.

11  **50.** I have never consented to the release of any other information regarding me

12     from the NBME or the FSMB other than scores reports and evidence of having

13     earned the NBME Diplomate as required by California Business and

14     Professions Code § 2151.

15  **51.** The NBME and FSMB were able to intentionally target me as a California

16     resident because I made contracts with each of them giving them my address

17     and other bank related information before they both received money from my

18     Wells Fargo bank account to provide the California Medical Board with an

19     "accurate and true copy" of Plaintiff Dr. Crawford's transcripts of competency

20     before each of these Defendants.

1     **52.** As consideration for the contract to the NBME, $70.00 was sent and received

2      in exchange for a promise to forward a transcript of scores and evidence of

3      passing as to have earned the Diplomate of the National Board of Medical

4      Examiners.

5     **53.** Proof of having a Diplomate of the National Board of Medical Examiners

6      exempts all holders of this vested right and privilege to a California license

7      within no more than sixty (60) days.

8     **54.** Plaintiff had valuable potential employment as a licensed physician during the

9      COVID-19 pandemic to become employed as a physician through several

10     recruiting firms and the Veterans Hospital network at the time he had applied

11     for a California license to practice medicine.

12     **55.** Even though Plaintiff is licensed in New York, he was unable to obtain

13     employment with the Federal Government and the Veterans Administration as a

14     general primary care (non-attending) physician because of reports sent out from

15     FSMB though what now appears to be the "Physician Data Center." See:

16     Declaration of Eric Fish of FSMB and of Defendant Chaudhry[16] regarding entry

17     and retrieval of data from and to the "Physician Data Center."

---

[16] Document 41-1 filed 08/19/22 at page 2 and paragraph 7. Chaudhry affirms having "control and direction" of the company at paragraph 1 of that document.

1   **56.** The Federal VA in California appears to be a subscriber of this "Physician

2   Data Center" and the Veterans Administration does not by policy consider any

3   application where there is a negative report from the FSMB, as is the case

4   described by Plaintiff in complaint and below.

5   **57.** This harm was compounded when FSMB apparently sent reports to Mission

6   Recruiting of San Diego County where the venue of this Court resides and other

7   potential employers in the State of California as to foreclose Plaintiff's

8   employment opportunities in the private sector during the heavy needs of the

9   COVID-19 pandemic  (Department of Veteran's Affairs; Veterans Health

10  Administration, 2012).

11  **Federation of State Medical Boards, Incorporated.** (a corporation organized
12  under the articles of incorporation under laws of the District of Columbia.)[17]

13  **58.** Plaintiff herein incorporates by reference lines 15 to 32, in explaining:

14  **59.** FSMB has also had a "continuous and systematic" presence, as well as having

15  availed itself of the tax and revenue benefits created by laws of the State of

16  California.

17  **60.** FSMB has had a "continuous and systematic" presence in California as it

18  relates to allopathic (M.D.) physicians like the Plaintiff since the California

---

[17] The items of personal knowledge as above are incorporated by reference as they relate to the same transaction in the plaintiff's application for a California license to practice medicine filed before the Licensing Division of the California Medical Board.

1          Legislature instituted California Business & Professions Code, § 2184 by

2          passage of Chapter 799 in 2012.

3     **61.** FSMB's presence extends more than the 2012 Act that pertained to only the

4          California Board because FSMB's presence regarding the Osteopathic Medical

5          Board extends back to 2003 when the Federation of State Medical Board was

6          written into law as California Business & Professions, § 2153.5

7     **62.** FSMB was placed into a place of business by providing testing materials to be

8          used to evaluate applicants for licensure, by requiring FSMB to provide

9          accurate and complete transcripts evidence of "a passing score."

10    **63.** FSMB fulfills the statutory requirement by offering applicants a contract for a

11         fee to verify competency to the California Medical Board.

12    **64.** On December 31, and a few days before the filing of the application for

13         prompt licensure; Plaintiff paid FSMB $70.00 online from Wells Fargo account

14         for that contractual service of verifying competency within the ten years period

15         of final passage of Step 3 of the FSMB's United States Medical Licensing

16         Examinations.

17    **65.** State law permits proof of compliance with FSMB mandate to verify passage

18         of Step 3 by verification sent to the California Medical Board within ten (10)

19         years as explained in Business & Professions Code, § 2151.

1    **66.** Instead of providing an accurate transcript of scores, FSMB under the

2    supervision and control of its Chief Executive Office, did publish and distribute

3    to the California false and derogatory statements identifying Plaintiff while

4    targeting Plaintiff in California with the apparent intent to dissuade Plaintiff

5    from being licensed and having his reputation tarnished here.

6    **67.** The defamatory and libel per se was specifically sent to the Licensing Division

7    of the California Medical Board through a private subscription offered only to

8    select and paying subscribers.

9    **68.** Contrary to FSMB and its CEO, the Maryland's medical board never met on

10    December 31, 1996 to deny Plaintiff's application for licensure and Plaintiff's

11    North Carolina license has never been surrendered since it was granted in 1979

12    according to Board minutes of either Maryland or North Carolina.

13    **69.** Both FSMB and NBME knew of the address of Plaintiff because he had to

14    give his credit card information when the online orders were placed.

15    **70.** Plaintiff, Joe Dean Crawford, M.D, has a recognizable "doctor of medicine"

16    degree from an allopathic American medical school.

17    **71.** Defendant Humayan J. "Hank" Chaudhry, D.O. does not possess the "doctor

18    of medicine" degree as an osteopathic doctor.

1    **72.** The history of development, type of training, and philosophy of care for

2    patients is different for those who took the Hippocratic Oath to be morally

3    grounded allopathic physicians charged to do no harm (***primum non nocere***)!

4    **73.** From personal experience that includes clinical practice since 1979, it is rare

5    or always non-existent to find any moral allopathic physician who has taken

6    that Hippocratic Oath and who is later become to be found    causing harm and

7    libel to another allopathic physician.

8    **74.** Notwithstanding the claims of Dr. Chaudhry, the laws of the District of

9    Columbia require that all corporations registered with the Secretary of State for

10   the District of Columbia and the Office of Consumer and Regulatory Affairs of

11   the District of Columbia to appoint a resident agent who shall receive service of

12   process upon the President, Chairman, Chief Executive Officer, or other

13   presiding officer for the registered corporation's right and privilege of

14   incorporation and doing business within the borders of Washington, DC.

15   **75.** The articles of incorporation appointed the Chief Legal Officer of CT

16   Corporation Systems as appointed resident agent to receive service or process

17   on behalf of Humayan Chaudhry as the Chief Executive Officer and President

18   of FSMB.

19   **76.** On May 31, 2022, and as explained in my *Motion for Amended Summons* to

20   issue; Plaintiff personally mailed a request for a waiver of summons along with

1   a copy of the Complaint with the name of Humayan Chaudhry handwritten

2   along with knowledge of the fact that the name of Defendant Humayan

3   Chaudhry was named in the body and on the face of Plaintiff Dr. Crawford's

4   *pro se* complaint.

5   **77.**   Attorney Eric Michael Fish has affirmed under oath to be the Counsel of

6   Record for the Federation of State Medical Boards and under the direct

7   supervision and control of the Chief Executive Officer of FSMB (Defendant

8   Humayan Chaudhry).

9   **78.**   Eric Fish was the attorney for Defendant Humayan Chaudhry on the date he

10   signed the waiver form for Defendant Chaudhry as described below.  See:

11   District of Columbia Incorporation files, FSMB by-laws, and FSMB website.

12   **79.**  The request for waiver of summons was due to be received by me at a San

13   Diego address on or before June 30, 2022.  The certified mail was not returned

14   to me but showed proper receipt in Washington, DC.

15   **80.**  Attorney Eric Michael Fish by all indications signed the form on June 28th at

16   his office in the FSMB executive suite where Defendant Chaudhry also has his

17   offices at the headquarters for FSMB at 1775 Eye Street in Washington but

18   mailed the package two (2) days later from what may have been his home at

19   1927 Pinewood Circle in Charlotte, North Carolina, and a only a few miles

1    from where the final service by process server in South Carolina would be

2    completed.[18]

3    **81.**  However, after signing the form, the package was not sent out until June 30,

4    two (2) days later.  When the package was mailed it was not as a priority to the

5    State of California from North Carolina but was sent by standard UPS ground

6    service and delivery (tracking number 1Z AV8 425 03 5044 7120).

7    **82.**  Plaintiff did not receive Chief Executive Officer and Presidential Humayan

8    Chaudhry's waiver of summons service until July 9, 2022.

9    **83.**  By the time Plaintiff received this waiver of summons, both FSMB and

10   Humayan Chaudhry as the President of the company (FSMB), had been served

11   by private process service from South Carolina at additional cost and expense to

12   the Plaintiff.

13   **84.**  The request for waiver stated:

14          a.  "To avoid these expenses, you ***must*** return the signed waiver with **30**

15              days from the date shown below."

---

[18] Attorney Eric Michael Fish gave his phone numbers as either at 202-453-4000 as a trunkline in Washington, or the North Carolina number of 773-405-0085.  Neither number gave any information as to what he was trying to do. By certain date Defendant Chaudhry nor the FSMB responded.

1  **85.**  The returned and signed waiver at the hands of his appointed representative

2  and at the direction and control of Humayan Chaudhry was taken by me to be a

3  clear and unequivocal waiver, stated (in pertinent part):

4        a.  "I have received your request to waive service of a summons in this

5          action along with a copy of the complaint ...".

6        b.  ... "I understand that I, or the entity I represent, will keep all defenses

7          or objections to the lawsuit, the court's jurisdiction, and the venue of

8          the action, but that I waive any objections to the absence of a

9          summons or ***of service***[19]  See: Waiver of Humayan Chaudhry as

10          Plaintiff Exhibit or Attachment No. 3.

11  **86.**  On August 05, 2022 Plaintiff filed a line in the federal district court before the

12  February 5th deadline, stating: "Plaintiff clarified that the Federation of State

13  Medical Boards, Incorporated and its CEO (Defendant Humayan Chaudhry)

14  were served by delivery of summons and complaint as was specified in the

15  Summons return as they were served in Washington DC by service upon the

16  resident agent by process [sic] private server" Pl. Ln. 12-15, filed August 5,

17  2022.

---

[19] These few words are given emphasis because Defendant Chaudhry would claim that he was appearing to claim that he had not been "properly served." See: This case at Document 41, filed August 19th at page 6 of 11 pages by Defendant Chaudhry's Motion regarding the Entry of Default for failure to respond as agreed in the waiver.

1    **87.**  Defendant Chaudhry or his or the FSMB counsel did failed to file any

2    objection or to move to quash what appeared to be valid service of process.

3    **88.**  Plaintiff later moved to strike Defendant "Chaudhry alleged assertion of an

4    improper service" of process.  Quoting: Defendant Chaudhry's Document No.

5    41, this case at page 6 of 11 at line 15-16.

6    **89.**  As was the case in *Shirley Jones v. Ian Calder*; Defendant and Chief

7    Executive Office of a large corporation and company has objected to the

8    jurisdiction of a federal district court to hear a libel case targeting a California

9    resident on a belief that the Court lacks general or specific personal jurisdiction

10    over him or his company he owns and controls because he "owns no property in

11    California[20]."

12    WHEREAS,

13    I do solemnly declare under the penalties of perjury that foregoing statements of

14    fact and public record are true and correct to the best of my personal knowledge.

15

16    Joe Dean Crawford, M.D.

17

---

[20] 465 U.S. 783, 104 S. Ct. 1482, 79 L.Ed.2d 804 (Argued November 8, 1983).

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the

| | | |
|---|---|---|
| Joe Dean Crawford | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  22CV 376-CAB-MDD |
| California Medical Board, et. al. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Joe Dean Crawford
     *(Name of the plaintiff's attorney or unrepresented plaintiff)*

   I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

   I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

   I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

   I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____05/26/2022___, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  __6/28/2022__                              _____
                                                 *Signature of the attorney or unrepresented party*

   __Federation of State Medical Boards__          Eric M. Fish, Chief Legal Officer
   *Printed name of party waiving service of summons*          *Printed name*

                                                 1775 Eye St NW #410, Washington DC 20006
                                                 _____
                                                 *Address*
                                                 efish@fsmb.org
                                                 _____
                                                 *E-mail address*
                                                 202-463-4000
                                                 _____
                                                 *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

   Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

   "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

   If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

   If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

1

2

3

4

5

6

7

8

9

10

11

12

13 References

14 Department of Veteran's Affairs; Veterans Health Administration. (2012). *VA Handbook*

15       *1100.19.* Veterans Health Administration (VHA), Veterans Affairs . Washington, DC:

16       Robert A. Petzel, MD (Under Secretary of Health). Retrieved October 14, 2022

17 ProPublica, Incorporated. (2021). *ProPublica: Reseach Tex Exempt Organizations.* (ProPublica

18       Non Profit Reports) Retrieved October 14, 2022, from Federation of State Medical

19       Boards of the United States, Inc. - Euless, Texas:

20       https://projects.propublica.org/nonprofits/organizations/751092490

21

1    Dean Crawford
2    1933 L Avenue, #5
3    National City, CA 91950
4
5
6    **UNITED STATES DISTRICT COURT**
7    **SOUTHERN DISTRICT OF CALIFORNIA**
8    Case File No: '22CV376 CAB MDD
9    Joe Dean Crawford,
10             *Plaintiff.*
11          V.
12    California Medical Board, ET. Al.
13         *Defendants*
14    **CERTIFICATE OF SERVICE**
15    This is to certify that a copy of this CONSOLIDATED AFFIDAVIT OF
16    PLAINTIFF DR. CRAWFORD in support of the filed RESPONSE and
17    CONSOLIDATED MEMORANDUM OF POINTS AND AUTHORITIES to five
18    (5) defendant's motions to dismiss as well as the motion of Humayan Chaudhry to
19    lift sanctions and default is served by mailing a copy by first-class postage prepaid
20    mail this October 14, 2022, to the following persons as their names appear on their
21    motions. Service completed upon mailing:

22    Ross E. Bautista,              Robert A. Burgoyne
23    Perkins Coie, LLP,             Perkins Coie, LLP,
24    11452 El Camino Real, Suite 300    700 Thirteenth Street, N.W., Ste. 800
25    San Diego, CA 92130           Washington, DC 20005
26
27    Brian William Skalsky        Albert K. Alikin
28    3030 Old Ranch Parkway       Lizel Cerezo
29    Seal Beach, California 90740     550 South Hope Street, Suite 2200
30                                 Los Angeles, CA 90071
31    Ryan J. McEwan
32    California Department of Justice
33    1300 "I" Street
34    Sacramento, California 92444
35