1  Ross E. Bautista, Bar No. 312319
   RBautista@perkinscoie.com
2  PERKINS COIE LLP
   11452 El Camino Real, Suite 300
3  San Diego, California 92130-2080
   Telephone:  +1.858.720.5700
4  Facsimile:   +1.858.720.5799

5  Robert A. Burgoyne, D.C. Bar No. 366757 (admitted *pro hac vice*)
   RBurgoyne@perkinscoie.com
6  PERKINS COIE LLP
   700 Thirteenth Street, N.W., Suite 800
7  Washington, D.C. 20005-3960
   Telephone:  +1.202.654.6200
8  Facsimile:   +1.202.654.6211

9  *Attorneys for Defendant National Board of Medical Examiners*

10

11

12              UNITED STATES DISTRICT COURT

13              SOUTHERN DISTRICT OF CALIFORNIA

14

15  **JOE DEAN CRAWFORD,**          Case No.  22-cv-376-CAB-MDD

16          **Plaintiff,**          **REPLY MEMORANDUM IN
                                     SUPPORT OF DEFENDANT**
17      v.                          **NATIONAL BOARD OF MEDICAL
                                     EXAMINERS' MOTION TO**
18  **KRISTINA D. LAWSON, et al.,** **DISMISS**

19          **Defendants.**
                                     **PER CHAMBER'S RULES, NO
20                                   ORAL ARGUMENT UNLESS
                                     SEPARATELY ORDERED BY THE**
21                                   **COURT**

22                                   **Date:    October 28, 2022**
                                     **Judge:   Hon. Cathy Ann Bencivengo**
23

24

25

26

27

28

On August 1, 2022, the National Board of Medical Examiners ("NBME") moved to dismiss plaintiff Joe Dean Crawford's ("Dr. Crawford") Complaint under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(6), 20, and 21.  *See* Docs. No. 14, 14-1 ("NBME Mem.").  On August 16, 2022, the Court granted Dr. Crawford an extension of time within which to file a consolidated response to NBME's motion and three other pending motions to dismiss. Doc. No. 36.

Dr. Crawford filed three documents as his consolidated response: a Consolidated Response to Motions to Dismiss (Doc. No. 44) ("Cons. Resp."), a Consolidated Memorandum of Points and Authorities in Support of Response (Doc. No. 44-1) ("Cons. Mem."), and a Consolidated Affidavit of Dr. Joe Dean Crawford in Response to Motion to Dismiss Complaint (Doc. No. 44-2) ("Cons. Aff.").  It is difficult to follow the arguments in these documents, in part because pages are out of order but also because Dr. Crawford does not connect his factual assertions to the legal issues raised in NBME's motion to dismiss.  NBME now replies.

In brief, Dr. Crawford has not overcome NBME's showing that his complaint should be dismissed. He has not responded to NBME's argument that venue is improper, NBME Mem. 6-7, or its argument that Dr. Crawford improperly joined NBME as a defendant in contravention of Fed. R. Civ. P. 20, *id*. at 8-9.  Those arguments are therefore conceded, and dismissal is warranted on each of those grounds.  *N.Y. Marine & Gen. Ins. Co. v. Peters*, No. 3:21-CV-1692-W-WVG, 2022 WL 1104741, *1 (S.D. Cal. Apr. 13, 2022); *Reed v. Ohio Savings Bank*, No. CV-19-3019-PSG-MRWx, 2019 WL 6604884, *3 (C.D. Cal. 2019).

As discussed below, dismissal is also warranted because Dr. Crawford has not shown that NBME is subject to personal jurisdiction in this Court, *see* NCBE Mem. 4-6, and because Dr. Crawford has not stated a breach of contract claim against NBME, *id*. at 7-8.

REPLY MEMORANDUM IN SUPPORT OF NBME'S MOTION TO DISMISS

**ARGUMENT**

**I.    Dr. Crawford Has Not Met His Burden of Establishing The Court's Personal Jurisdiction Over NBME**

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Dr. Crawford still has not met that burden.

As noted in NBME's opening brief, Dr. Crawford's claim against NBME consists of three sentences, none of which contain allegations relevant to the question of personal jurisdiction. There are thus no allegations in the complaint that must be taken as true, *see Zions Bancorp., N.A. v. JPMorgan Chase Bank, N.A.*, No. 3:20-cv-2048-AJB-JLB, 2021 WL 3406641, *2 (S.D. Cal. Aug. 3, 2021), and no allegations that—if accepted as true—would establish either general or specific personal jurisdiction over NBME.

While the Court can look outside the complaint in deciding a Rule 12(b)(2) motion, Dr. Crawford's consolidated response papers do not remedy his pleading deficiencies. In both his Consolidated Response and his Consolidated Memorandum, he confuses subject matter jurisdiction with personal jurisdiction, arguing that the Court has "federal question jurisdiction[ ]" and "diversity action jurisdiction." Cons. Resp. at 1-2 (Doc. No. 44); *see also* Cons. Mem. at 3-4 ("Plaintiff claims federal question and subject matter jurisdiction over the defendants named in the Complaint."). But NBME has not challenged the Court's subject matter jurisdiction.

He does reach the issue of personal jurisdiction in a two-page attachment to his Consolidated Response. There, he asserts that the question of personal jurisdiction over NBME "was resolved in *Calder v. Jones*," and that the Court has "general jurisdiction over those defendants who are named in the statues [sic] of the State of California...." *See* Doc. No. 44-1 at p. 5 of 9 (citing to his Consolidated Affidavit "generally"). Neither assertion is correct.

1    Dr. Crawford does not explain why the Supreme Court's holding in *Calder v.*
2   *Jones* "resolve[s]" this Court's jurisdiction over NBME.   He simply asserts that
3   unspecified "defenses" raised by NBME were also "raised and rejected in *Calder v.*
4   *Jones* and *Calder v. Jones* [sic] in the 1982 California Court of Appeals." *See* Doc.
5   44-1 at p. 5 of 9; *see also id.* at 4; Doc. No. 44 at 1 n. 1 (Doc. No. 44).  He is wrong.

6    *Calder* is a decision by the U.S. Supreme Court.  *See Calder v. Jones*, 465 U.S.
7   783 (1984).  Its holding does not "resolve[]" whether this Court has jurisdiction over
8   NBME; indeed, it does not even apply to Dr. Crawford's contract-based claim against
9   NBME.  The issue presented in *Calder* was whether a California court had personal
10   jurisdiction over an *intentional tort* claim that was brought by a California resident
11   (actress Shirley Jones) against out-of-state defendants (a reporter and editor who
12   worked for the National Enquirer in Florida). Applying a "purposeful effects" test,
13   the Court held that personal jurisdiction was proper because "California [was] the
14   focal point both of the [allegedly defamatory] story and of the harm suffered." *Id.* at
15   789.  That holding does not govern Dr. Crawford's breach-of-contract claim against
16   NBME.  *See Schwarzenegger*, 374 F.3d at 806 (citing *Panavision International, L.P.*
17   *v. Toeppen,* 141 F.3d 1316, 1321 (9th Cir.1998), for the proposition "that the *Calder*
18   test applies '[i]n tort cases'"); *Kimera Labs Inc. v. Jayashankar*, No. 21-cv-2137-
19   MMA-DDL, 2022 WL 11965058, at *3 (S.D. Cal. Oct. 20, 2022) ("The exact form
20   of jurisdictional inquiry depends on the nature of the claims at issue.  For claims
21   sounding in contract, courts generally apply a 'purposeful availment' analysis and
22   ask whether a defendant has 'purposefully avail[ed] [himself] of the privilege of
23   conducting activities within the forum State, thus invoking the benefits and
24   protections of its laws.' For claims sounding in tort, courts instead apply a
25   'purposeful direction' test and look to evidence that the defendant has directed his
26   actions at the forum state, even if those actions took place elsewhere.") (citation
27   omitted).

28

1   Nor would the *Calder* test aid Dr. Crawford even if applicable. In *Walden v.*
2   *Fiore*, the Supreme Court "expressly rejected the view that *Calder's* effects test is
3   satisfied merely by the defendant's commission of an intentional tort that is aimed at
4   a person known to be a resident of the forum state. As the Court explained, 'an injury
5   is jurisdictionally relevant only insofar as it shows that the defendant has formed a
6   contact with the forum State. The proper question is not where the plaintiff
7   experienced a particular injury or effect but whether the defendant's conduct connects
8   him to the forum in a meaningful way.'" *Janus v. Freeman*, 840 Fed. Appx. 928,
9   930 (9th Cir. 2020) (quoting *Walden*, 571 U.S. 277, 289-90 (2014)).

10   Thus, in *Janus*, the Ninth Circuit rejected an argument that personal
11   jurisdiction existed over an out-of-state defendant based upon "allegations and
12   evidence that [defendant] corresponded over Facebook Messenger with employees
13   of [plaintiff's] company, which [defendant] knew to be based in California, and made
14   defamatory comments in those posts." *Id*. at 931. That is similar to what Dr. Crawford
15   appears to be arguing here. *See* Cons. Aff. ¶ 51 (Doc. No. 44-2) ("NBME and FSMB
16   were able to intentionally target me as a California resident because I made contracts
17   with each of them giving them my address and other bank related information before
18   they both received money from my Wells Fargo bank account to provide the
19   California Medical Board with an 'accurate and true copy' of Plaintiff Dr. Crawford's
20   transcripts of competency before each of these Defendants."). And, as in *Janus*, the
21   argument should be rejected. The allegations in Dr. Crawford's Affidavit establish,
22   at most, "'only an attenuated affiliation with the forum,' ... [which] is not enough to
23   establish personal jurisdiction." *Janus*, 840 Fed. Appx. at 931 (quoting *Axiom Foods,*
24   *Inc. v. Acerchem Int'l, Inc*., 874 F.3d 1064, 1068 (9th Cir. 2017) (simplified)).

25

26

27

28

1    Moreover, Dr. Crawford's assertion that NBME "intentionally target[ed] me

2    as a California resident" ignores the fact that the only address that NBME has in its

3    files for Dr. Crawford is an address in North Carolina. *See* Decl. of Frank Corbi ¶ 10

4    (Doc. No. 14-2). There is no support for his suggestion that NBME "knew of the

5    [California] address of Plaintiff because he had to give his credit card information"

6    when he placed his online order for verification of his NBME Diplomate status, *see*

7    Cons. Aff. ¶ 69 (Doc. No. 44-2); in any event, that assertion would not establish the

8    Court's personal jurisdiction over NBME even if true.

9    Although not articulated as such, Dr. Crawford's argument that the Court may

10   exercise personal jurisdiction over NBME because he is a resident of California is an

11   argument in support of specific jurisdiction. That argument clearly fails. *See Morrill*

12   *v. Scott Financial Corp.*, 873 F.3d 1136, 1143 (9th Cir. 2017) ("[T]he 'mere fact that

13   [a defendant's] conduct affected plaintiffs with connections to the forum State does

14   not suffice to authorize jurisdiction.'") (quoting *Walden v. Fiore*, 571 U.S. 277, 283–

15   86 (2014) (citations omitted)); *Boschetto v. Hansing,* 539 F.3d 1011, 1018 n.4 (9th

16   Cir. 2008) ("Even if Hansing knew Boschetto was in California when he sent the

17   post-auction email, the email was not sufficient to subject him to personal jurisdiction

18   there. It established only a limited contact, and Hansing sent it because Boschetto

19   won the auction, not because he was in California."). Dr. Crawford ignores this

20   precedent, while citing no contrary authority other than *Calder*, which is inapt for the

21   reasons stated above.

22   Dr. Crawford also argues that the Court can exercise general jurisdiction over

23   NBME. He supports this argument in two ways. <u>First</u>, he asserts that "[t]he Court

24   has general jurisdiction over [NBME because it is] named in the statues [sic] of the

25   State of California," and its contacts with California therefore "cannot be other than

26   'continuous and systematic.'" *See* Cons. Mem., Doc. No. 44-1 at p. 5 of 9; *see also*

27   Cons. Aff. ¶¶ 9 ("[NBME] does now and has for years had a 'continuous and

28   systematic presence in the State of California which shows in the present law as

-5-                                          22-CV-376-CAB-MDD

REPLY MEMORANDUM IN SUPPORT OF NBME'S MOTION TO DISMISS

California Business and Occupations Code Section 2151."), 24 ("NBME is engraved into the entire California landscape by the California's engraver's pen in the hands of the peoples of the State of California.  California Business & Professions Code, §2151.").  Second, he asserts that it is "common knowledge" that California "has the largest number of physicians ... in the United States," resulting in NBME's alleged receipt of "millions of dollars of yearly revenue" from California residents that the State of California does not tax.  *See* Cons. Aff.  ¶¶ 2-4, 7, 22, 23.  Neither of these arguments withstands analysis.

The fact that California has chosen to rely upon exams developed by NBME as part of its statutory licensure process for physicians does not mean that NBME can be subjected to general personal jurisdiction in California, where it is neither incorporated nor has its principal place of business.  By that logic, NBME would be subject to general jurisdiction in every state in the county, because ever state relies upon such exams in their licensure processes. As other courts have noted in analogous cases, that is precisely the logic that the Supreme Court rejected in *Daimler AG v. Bauman*, 571 U.S. 117, 137-39 (2014) (rejecting plaintiff's argument that a company is subject to general jurisdiction anywhere it '"engages in a substantial, continuous, and systematic course of business'") (citation omitted).  *See, e.g., Spann v. New Mexico Bd. of Bar Exam'rs,* 2022 WL 3226373, *7 (D.N.M. 2022) ("administering the [Multistate Professional Responsibility Exam] in New Mexico, and in other United States jurisdictions, and selling the [Uniform Bar Exam] to New Mexico, and to over 50 other jurisdictions, does not create 'continual business operations' in New Mexico such that the [National Conference of Bar Examiners] is essentially at home in New Mexico") (citation omitted); *Doe v. Nat'l Conf. of Bar Exam'rs*, 2017 WL 74715, *6 (E.D.N.Y. 2017) (rejecting argument that "the Court should find general jurisdiction as to the NCBE because it develops and administers bar-related exams that are used in New York, including the Multistate Bar Examination," and dismissing claims against NCBE, its President and another employee for lack of

REPLY MEMORANDUM IN SUPPORT OF NBME'S MOTION TO DISMISS

personal jurisdiction); *Clasen v. Nat'l Bd. of Osteopathic Med. Exam'rs*, 2015 WL 9489507, **3-5 (E.D. Tex. 2015) (holding that the court lacked either general or specific jurisdiction over defendant testing entity that was not incorporated in Texas and had no physical presence there: "[T]he administration of NBOME examinations in Texas (as well as in all 50 states) does not constitute the requisite 'substantial, continuous, and systematic contacts' necessary for a finding of general jurisdiction."), *report and recommendation adopted*, 2016 WL 890675 (E.D. Tex. 2016); *cf. Bromfield-Thompson v. American Univ. of Antigua/Manipal Education Americas LLC*, 2020 WL 6048902, *4 (S.D.N.Y 2020) ("the Court plainly lacks general jurisdiction over NBME as the company is incorporated in Washington, D.C. and has its principal place of business in Pennsylvania, not New York").

Similarly, the fact that NBME generates revenue from individuals in California is not enough to make NBME "essentially at home" in California. *See Daimler,* 571 U.S. at 139 (rejecting argument that Daimler's "sizable" sales in California subjected Daimler to general jurisdiction in California). "Only in an 'exceptional case' will general jurisdiction be available outside of where a corporation is incorporated or has its principal place of business," *Kinee v. TEI BioSciences Inc*., No. 22-CV-604-JLS-AHG, 2022 WL 14118943, *3 (S.D. Cal. Oct. 24, 2022), and this is not such a case. And whether NBME (a non-profit corporation) pays taxes on its revenue is irrelevant to the personal jurisdiction analysis.

Finally, Dr. Crawford has not disputed the facts that *are* relevant to whether the Court has personal jurisdiction over NBME. He has not disputed that NBME is incorporated in Washington, D.C.; that its offices and principal place of business are in Pennsylvania; that it does not have any offices or own any property in California; or that its interactions with Dr. Crawford regarding his request for verification of his status as an NBME Diplomate occurred online or by telephone from locations outside of California. He alleges that he was living in California when those interactions occurred and that NBME knew this because his address was part of his credit card

REPLY MEMORANDUM IN SUPPORT OF NBME'S MOTION TO DISMISS

information, Cons. Aff. 51, 69 (Doc. 44-2), but -- as noted above -- those facts (even if true) are insufficient to warrant an exercise of personal jurisdiction over NBME.

The Court should therefore hold that it lacks personal jurisdiction over NBME.

## II.    Dr. Crawford Has Failed to State a Claim Against NBME

As NBME noted in its opening brief, dismissal is warranted under Rule 12(b)(6) when a complaint "presents a cognizable legal theory yet fails to plead essential facts under that theory." *Varol v. Radel*, 420 F. Supp. 3d 1089, 1094 (S.D. Cal. 2019).  Here, Dr. Crawford has asserted a cognizable legal theory (breach of contract, *see* Doc. No. 1 at 46).  However, his complaint fails to plead essential facts under that theory, and his response to NBME's motion to dismiss does not cure this defect.

Dr. Crawford references an "implicit promise" by NBME, but he still has not identified the alleged contract with NBME or its relevant terms, *see* Cons. Aff. ¶¶ 12, 52 (Doc. No. 44-2).  Likewise, he still has not provided any details regarding his performance under the alleged contract, beyond saying that he paid NBME $70 to verify his status as an NBME Diplomate. *See id.* at ¶ 11.  He concedes that NBME provided the requested verification but suggests that it did not do so "in a timely manner." *See* Complaint, Doc. No. 1 at 46.  He cites no contract provision, however, that would require NBME to respond to a verification request within a stated period of time.

Plaintiff has thus failed to state a breach of contract claim against NBME.  *See Soil Retention Products, Inc.*, *v. Brentwood Indust., Inc.*, 521 F. Supp. 3d 929, 945-52 (S.D. Cal. 2021) (dismissing breach of contract claim for failure to state a claim where plaintiff identified the alleged contract but not its relevant terms, and made only "conclusory allegations" regarding performance of its contractual and its alleged damages).

REPLY MEMORANDUM IN SUPPORT OF NBME'S MOTION TO DISMISS

**CONCLUSION**

The Court should dismiss Dr. Crawford's complaint against NBME for lack of personal jurisdiction, failure to establish that venue is proper, failure to state a claim, and misjoinder of NBME as a defendant.

Dated: Oct. 28, 2022

**PERKINS COIE LLP**

By: */s/ Robert A. Burgoyne*
Ross E. Bautista
rbautista@perkinscoie.com
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone:   +1.858.720.5700
Facsimile:   +1.858.720.5799

Robert A. Burgoyne (*pro hac vice*)
RBurgoyne@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Ste 800
Washington, D.C. 20005-3960
Telephone:   +1.202.654.6200
Facsimile:   +1.202.654.6211

Attorneys for Defendant
NATIONAL BOARD OF
MEDICAL EXAMINERS

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2022, I electronically filed the foregoing document by using the CM/ECF system, and that service will be accomplished by the CM/ECF system on all participants in the case who are registered CM/ECF users.

I further certify that service was accomplished on plaintiff Joe Dean Crawford, who is appearing in the case *pro se*, by placing a copy of the foregoing document in the United States mail, postage prepaid and addressed as follows:

> Joe Dean Crawford
> 1933 L Avenue, #5
> National City, CA 92138

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed by me on October 28, 2022.

/s/ *Robert Burgoyne*

Robert A. Burgoyne

REPLY MEMORANDUM IN SUPPORT OF NBME'S MOTION TO DISMISS