Ross E. Bautista, Bar No. 312319
RBautista@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile: +1.858.720.5799

Robert A. Burgoyne, D.C. Bar No. 366757 (admitted *pro hac vice*)
RBurgoyne@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

*Attorneys for Defendant Federation of State Medical Boards*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE DEAN CRAWFORD,<br><br>Plaintiff,<br><br>v.<br><br>KRISTINA D. LAWSON, et al.,<br><br>Defendants. | Case No. 22-CV-376-CAB-MDD<br><br>**DEFENDANT FEDERATION OF STATE MEDICAL BOARDS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>**PER CHAMBER'S RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT**<br><br>**Date:** October 28, 2022<br>**Judge:** Hon. Cathy Ann Bencivengo |

On August 1, 2022, defendant Federation of State Medical Boards ("FSMB") moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(6). *See* Doc. Nos. 17, 17-1, and 17-2. Dr. Crawford responded to FSMB's motion, and to three other pending motions to dismiss, by filing a Consolidated Response to Motions to Dismiss (Doc. No. 44) ("Cons. Resp."), a Consolidated Memorandum of Points and Authorities in Support of Response (Doc. No. 44-1) ("Cons. Mem."), and a Consolidated Affidavit of Dr. Joe Dean Crawford in Response to Motion to Dismiss Complaint (Doc. No. 44-2) ("Cons. Aff."). Because these papers do not overcome FSMB's showing that dismissal is warranted, the Court should dismiss Dr. Crawford's complaint, with prejudice.

## ARGUMENT

**I.   Dr. Crawford Has Conceded Two Of FSMB's Arguments.**

FSMB made five arguments in its opening papers as to why Dr. Crawford's complaint against FSMB should be dismissed:

- The Court lacks personal jurisdiction over FSMB,
- Venue is improper in this District,
- Dr. Crawford's defamation claims are time-barred,
- Dr. Crawford's defamation claims are based upon privileged statements, and
- Dr. Crawford has failed to plead a defamation claim.

*See* FSMB Mem. at 4-12 (Doc. 17-2).

Dr. Crawford's consolidated response does not respond to FSMB's statute of limitations argument, *id*. at 8; or its argument that any statements FSMB made regarding his medical licensure history were privileged under California law, *id*. at 9-10. Those arguments are therefore conceded, and dismissal is warranted on each of those grounds. *See N.Y. Marine & Gen. Ins. Co. v. Peters*, No. 3:21-CV-1692-W-WVG, 2022 WL 1104741, *1 (S.D. Cal. Apr. 13, 2022); *Reed v. Ohio Savings Bank*, No. CV-19-3019-PSG, 2019 WL 6604884, *3 (C.D. Cal. 2019).

Dr. Crawford does touch on the concept of privileged statements in his papers, but only in a conclusory and misplaced manner. *See* Cons. Mem., Doc. No. 44-1 at pp. 3-4 of 9 ("[T]he Court ought to ... reject defendant's [(he does not say which defendant)] claim that the First Amendment gave them privilege to defamation while knowing that their publications of matters of no public interest to California ... were harmful...."). The privilege that he references (a First Amendment privilege) is not the privilege that FSMB relies upon in its motion to dismiss. FSMB instead relies upon two statutory privileges under California law. *See* Doc. No. 17-1 at 9-10. Dr. Crawford failed to address those statutes or FSMB's actual privileged-statements argument, so that argument is conceded.

## II. Dr. Crawford Has Not Shown That The Court Has Personal Jurisdiction Over FSMB.

After first addressing whether the Court has subject matter jurisdiction (an issue that FSMB has not contested), *see* Doc. Nos. 44 at 1-2, *and* 44-1 at 3-4, Dr. Crawford asserts that the question of the Court's personal jurisdiction over FSMB "was resolved in *Calder v. Jones*," *see id*. at p. 5 of 9. He does not explain why *Calder v. Jones* "resolve[s]" the issue of the Court's jurisdiction over FSMB, nor could he.

*Calder v. Jones* is a decision by the U.S. Supreme Court (not the California Court of Appeals, *see* Doc. No. 44-1 at p. 5 of 9). *See Calder v. Jones*, 465 U.S. 783 (1984). The issue presented in *Calder* was whether a California court had personal jurisdiction over an intentional tort claim that was brought by a California resident (actress Shirley Jones) against out-of-state defendants (a reporter and editor who worked for the National Enquirer in Florida). Applying a "purposeful effects" test, the Court held that personal jurisdiction was proper because "California [was] the focal point both of the [allegedly defamatory] story and of the harm suffered." *Id*. at 789.

In an apparent effort to fit the facts of this case within the scope of *Calder*, Dr. Crawford asserts that "NBME and FSMB were able to intentionally target me as a California resident because I made contacts with each of them giving them my address and other bank related information before they both received money from Wells Fargo bank account to provide the California Medical Board with an 'accurate and true copy' of Plaintiff Dr. Crawford's transcripts of competency before each of these Defendants." Cons. Aff. ¶ 51. He further asserts that the allegedly "defamatory and libel per se" statements made by FSMB were "specifically sent to the Licensing Division of the California Medical Board through a private subscription offered only to select and paying subscribers." *Id.* at ¶ 67.

Even if FSMB knew that Dr. Crawford lived in California because his address was included in credit card information that he provided to FSMB as part of an "online" transaction seeking verification of his exam history (as he alleges, *see* Cons. Aff. ¶¶ 51, 69), that fact would not be sufficient to establish to establish personal jurisdiction over FSMB under the *Calder* purposeful-effects test. In *Walden v. Fiore*, the Supreme Court "expressly rejected the view that *Calder*'s effects test is satisfied merely by the defendant's commission of an intentional tort that is aimed at a person known to be a resident of the forum state. As the Court explained, 'an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.'" *Janus v. Freeman*, 840 Fed. Appx. 928, 930 (9th Cir. 2020) (quoting *Walden v. Fiore*, 571 U.S. 277, 289-90 (2014)).

Thus, in *Janus*, the Ninth Circuit rejected an argument that personal jurisdiction existed over an out-of-state defendant based upon "allegations and evidence that [defendant] corresponded over Facebook Messenger with employees of [plaintiff's] company, which [defendant] knew to be based in California, and made

defamatory comments in those posts." *Id*. at 931. That is similar to what Dr. Crawford argues here. *See* Cons. Aff. ¶ 51 (Doc. No. 44-2). But, unlike in *Calder*, the alleged defamatory statements were not California-centric (they related to Dr. Crawford's licensure status in states outside of California) and they were not widely distributed in California (Dr. Crawford refers to FSMB's statements as "secret reporting about him through the 'physician data center,'" *id*. at ¶ 36).

Indeed, as Dr. Crawford concedes, *see* Cons. Aff. ¶¶ 55, 67, FSMB did not *direct* the statements at issue here to the California Medical Board, they were *retrieved* by the California Medical Board from the electronic data base that FSMB operates known as the Physician Data Center, or "PDC." *See* FSMB Mem. at 1-2 (Doc. No. 17-1). The PDC provides a comprehensive source of truthful information, sourced directly from state medical boards, for use by state medical boards, federal agencies, hospitals, credentialing agencies, and other subscribers to ascertain the licensure history of a physician and whether a state medical board has taken a disciplinary action against a physician. The California Medical Board happens to be a subscriber and like all other state medical boards, uses the information in the PDC to assist in performing its statutory duty to assess *all* physicians who seek licensure in the state. There is no basis for concluding that the California Board's use of the PDC site shows that FSMB was "targeting Plaintiff in California with an apparent intent to dissuade Plaintiff from being licensed and having his reputation tarnished here." *See* Cons. Aff. ¶ 66 (Doc. No. 44-2).

The posting of information on a website regarding an individual's licensure history in jurisdictions other than California, accessible to subscribers across the United States, is not sufficient to show that FSMB purposefully directed its activities at California so as to be subject to specific personal jurisdiction here, even if the information on the website is accessed by individuals in California or happens to relate to an individual who resides in California. *See Janus*, 840 Fed. Appx. at 931;

*Professional's Choice Sports Medicine Products, Inc. v. Hegeman*, No. 15-cv-02505-BAS-WVG, 2016 WL 1450704, *5 (S.D. Cal. April 12, 2016) (dismissing complaint for lack of personal jurisdiction, where California plaintiff sued out-of-state defendants for posting allegedly defamatory statements on a Facebook page).

As in *Janus*, Dr. Crawford's argument reduces to a claim that jurisdiction exists in California under *Calder* because allegedly defamatory statements were made about him by FSMB, he lives in California, FSMB knew he lived in California, and he suffered the effects of those statements in California. That argument should be rejected. The allegations in Dr. Crawford's Affidavit establish, at most, "'only an attenuated affiliation with the forum,' ... [which] is not enough to establish personal jurisdiction." *Janus*, 840 Fed. Appx. at 931 (quoting *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (simplified)); *see also Morrill v. Scott Financial Corp.*, 873 F.3d 1136, 1143 (9th Cir. 2017) ("[T]he 'mere fact that [a defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction.'") (quoting *Walden v. Fiore*, 571 U.S. at 283–86 (citations omitted)); *Boschetto v. Hansing*, 539 F.3d 1011, 1018 n.4 (9th Cir. 2008) ("Even if Hansing knew Boschetto was in California when he sent the post-auction email, the email was not sufficient to subject him to personal jurisdiction there. It established only a limited contact, and Hansing sent it because Boschetto won the auction, not because he was in California."). Dr. Crawford ignores all of this precedent while citing no contrary authority other than *Calder*, which is inapt for the reasons stated above. The Court should therefore hold that it does not have specific jurisdiction over FSMB under the purposeful effects test articulated in *Calder*.

The Court should also reject Dr. Crawford's alternative argument that the Court has "general jurisdiction over [FSMB]" because FSMB is "named in the statues [sic] of the State of California," *see* Doc. No. 44-1 at p. 5 of 9, *and* Cons. Aff.

¶¶ 60-61 (citing Cal. Bus. & Prof. Code §§ 2153.5 and 2184).[1]  He cites no support for this argument, and to the best of FSMB's knowledge, no such support exists.  The fact that California accepts the results from certain FSMB exams as part of its statutory licensure or certification processes for physicians does not mean that FSMB can be subjected to general personal jurisdiction in California, where it is neither incorporated nor has its principal place of business.  By that logic, FSMB would be subject to general jurisdiction in every state in the county that happens to accept results from FSMB as part of its licensure or certification processes, as many if not most states do.  As other courts have recognized in analogous contexts, that is precisely the logic that the Supreme Court rejected in *Daimler AG v. Bauman*, 571 U.S. 117, 137-39 (2014) (rejecting plaintiff's argument that a company is subject to general jurisdiction anywhere it "'engages in a substantial, continuous, and systematic course of business'") (citation omitted).  *See, e.g., Spann v. New Mexico Bd. of Bar Exam'rs,* 2022 WL 3226373, *7 (D.N.M. 2022) ("administering the [Multistate Professional Responsibility Exam] in New Mexico, and in other United

---

[1] Section 2153.5 states, in relevant party, that the California Medical Board "may recognize and approve as equivalent, along with other examinations, an examination prepared by the Federation of State Medical Boards if an applicant had been licensed in another state as a result of the successful completion, prior to December 31, 1993, of that examination," when considering an application for an osteopathic physician's and surgeon's certificate on reciprocity.  Cal. Bus. & Prof. Code § 2153.5.  Section 2184 states, in relevant part, that an applicant for medical licensure in California whose results on the United States Medical Licensing Examination are too old to be accepted under California law must "pass the Special Purpose Examination of the Federation of State Medical Boards or a clinical competency written examination determined by the board to be equivalent." Cal. Bus. & Prof. Code § 2184.

States jurisdictions, and selling the [Uniform Bar Exam] to New Mexico, and to over 50 other jurisdictions, does not create 'continual business operations' in New Mexico such that the [National Conference of Bar Examiners] is essentially at home in New Mexico"); *Doe v. Nat'l Conf. of Bar Exam'rs*, 2017 WL 74715, *6 (E.D.N.Y. 2017) (rejecting argument that "the Court should find general jurisdiction as to the NCBE because it develops and administers bar-related exams that are used in New York, including the Multistate Bar Examination," and dismissing claims against NCBE and its President for lack of personal jurisdiction); *Clasen v. Nat'l Bd. of Osteopathic Med. Exam'rs*, 2015 WL 9489507, **3-5 (E.D. Tex. 2015) (holding that the court lacked either general or specific jurisdiction over defendant testing entity that was not incorporated in Texas and had no physical presence there: "[T]he administration of NBOME examinations in Texas (as well as in all 50 states) does not constitute the requisite 'substantial, continuous, and systematic contacts' necessary for a finding of general jurisdiction."), *report and rec. adopted*, 2016 WL 890675 (E.D. Tex. 2016).

      Finally, the Court should reject Dr. Crawford's argument that the Court has general jurisdiction over FSMB because FSMB generates revenue from California sources, and/or because that revenue is not taxed by the State of California. *See* Cons. Aff. ¶¶ 4, 7, 22, 23, 59 (Doc. No. 44-2). The Supreme Court has held that even "sizable" sales in a given state are not independently sufficient to warrant exercising general personal jurisdiction over a company that is not incorporated in the state and does not have it principal place of business there, *see Daimler,* 571 U.S. at 139, and FSMB's revenues are nowhere near as sizable as the revenues that Daimler makes from the sale of Mercedes Benz cars in California. "Only in an 'exceptional case' will general jurisdiction be available outside of where a corporation is incorporated or has its principal place of business," *Kinee v. TEI BioSciences Inc.*, No. 22-CV-604-JLS-AHG, 2022 WL 14118943, *3 (S.D. Cal. Oct. 24, 2022), and this is not an exceptional case.

As noted above, Dr. Crawford also suggests, with no supporting authority, that general jurisdiction can be exercised over FSMB because it is a non-profit entity and therefore does not pay taxes to the State of California. A company's status as a non-profit corporation, however, is irrelevant to the personal jurisdiction analysis.

### III.  Dr. Crawford Has Not Shown That Venue Is Proper In This District.

As noted in FSMB's opening brief, Dr. Crawford did not cite any statutory basis for the Court's venue in his Complaint, or articulate facts that would enable the Court to independently determine whether venue is proper in this District. *See* FSMB Mem. at 6-7 (Doc. No. 17-1). He still does not cite a statutory basis for venue in his consolidated response papers. However, in an apparent effort to remedy his pleading deficiencies, he now alleges that he "was a domicile living in San Diego County, California when this action arose and when I filed my complaint ... after discovering [from Josehph Salazar of the California Medical Board] that FSMB was sending out false reports about me to a third party through use of a device called a 'Physician Data Center.'" Cons. Aff. ¶¶ 35, 36.

That allegation is not sufficient to establish venue in this District. The only possible basis for venue with regard to Dr. Crawford's defamation claims against FSMB is 28 U.S.C. § 1391(b)(2), which allows venue to be placed in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Dr. Crawford alleges that FSMB sent defamatory statements to the California Medical Board by way of the Physician Data Center that FSMB operates from its offices in Euless, Texas (*see* Cons. Aff. ¶ 23, 35, 36). The Medical Board of California's offices are in Sacramento, California. See www.mbc.ca.gov/contact/. Sacramento is located within the Eastern District of California. Therefore, the events or omissions that are the basis of Dr. Crawford's claims against FSMB occurred outside of this District, in Texas (where the information regarding Dr. Crawford's

licensure history was placed onto the PDC system), or arguably in Sacramento (where the California Medical Board accessed the PDC data base and retrieved Dr. Crawford's licensure history). Venue is therefore not proper in this District under 28 U.S.C. § 1391(b)(2).

### IV. Dr. Crawford Has Failed To State A Defamation Claim Against FSMB.

FSMB stands on its opening brief with regard to whether Dr. Crawford has pled his defamation claims against FSMB with sufficient detail to state a defamation claim. *See* FSMB Mem. 11-12 (Doc. No. 17-1).

### V. Dr. Crawford's Complaint Against FSMB's President, Dr. Humayun Chaudhry, Is Addressed In Dr. Chaudhry's Response To Dr. Crawford's Motion To Strike And Request For Entry Of Default.

As part of its Order directing Dr. Crawford to file a consolidated response to FSMB's motion to dismiss and three other pending motions to dismiss, the Court said that Dr. Crawford could have until October 14th to file a reply to defendant Humayun Chaudhry's "response to Plaintiff's motion to strike [[Doc. No. 29]] and request for entry of default [[Doc. No. 23]]...." *See* Doc. No. 43. Dr. Chaudhry is FSMB's President and CEO, and he was separately sued by Dr. Crawford. Dr. Chaudhry denies that he has been properly served by Dr. Crawford and has requested that he be dismissed from this case. *See* Doc. No. 41.

Rather than file a separate reply brief, Dr. Crawford included numerous allegations regarding Dr. Chaudhry in his consolidated response to the pending motions to dismiss. Many of those allegations have nothing to do with whether Dr. Crawford accomplished timely service on Dr. Chaudhry. *See, e.g.*, Cons. Aff. ¶¶ 43, 44, 47, 71. Others, however, do. *See id.* at ¶¶ 74-88. Because those allegations reply to Dr. Chaudhry's arguments as to why he has not been properly served, they are not addressed by FSMB in this brief. FSMB notes only that the allegations repeat Dr. Crawford's misguided and incorrect assertion that because he served his complaint on FSMB's registered agent, he has also served FSMB's President. That is not the

-9-

case, for reasons addressed in Dr. Chaudry's response to Dr. Crawford's motion to strike and request for entry of default.  *See* Doc. No. 41.

## CONCLUSION

The Court should dismiss Dr. Crawford's complaint against FSMB because he has not contested, and thus has conceded, FSMB's arguments that (a) his claims against FSMB are time barred, and (b) FSMB's allegedly defamatory statements are privileged under California law.  Because his claims fail as a matter of law on each of these grounds, the dismissal should be with prejudice.

If it reaches FSMB's other arguments for dismissal, the Court should also dismiss Dr. Crawford's claims against FSMB on the grounds that the Court lacks either general or specific personal jurisdiction over FSMB, venue is not proper in this District, and Dr. Crawford has not stated a claim for defamation against FSMB.

Dated:  October 28, 2022                **PERKINS COIE LLP**

By: /s/   *Robert A. Burgoyne*
Ross E. Bautista
rbautista@perkinscoie.com
11452 El Camino Real, Suite 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile:  +1.858.720.5799

Robert A. Burgoyne (*pro hac vice*)
RBurgoyne@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Ste 800
Washington, D.C. 20005-3960
Telephone:  +1.202.654.6200
Facsimile:   +1.202.654.6211

Attorneys for Defendant
FEDERATION OF STATE
MEDICAL BOARDS

# CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2022, I electronically filed the foregoing document by using the CM/ECF system, and that service will be accomplished by the CM/ECF system on all participants in the case who are registered CM/ECF users.

I further certify that service was accomplished on plaintiff Joe Dean Crawford, who is appearing in the case *pro se*, by placing a copy of the foregoing document in the United States mail, postage prepaid and addressed as follows:

>Joe Dean Crawford
>1933 L Avenue, #5
>National City, CA 92138

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed by me on October 28, 2022.

/s/ *Robert Burgoyne*
Robert A. Burgoyne