| | |
|---|---|
| 1 | ALBERT K. ALIKIN (Bar No. 265119) |
| | Albert.Alikin@fmglaw.com |
| 2 | BRIAN W. SKALSKY (Bar No. 277883) |
| | Brian.Skalsky@fmglaw.com |
| 3 | **FREEMAN MATHIS & GARY LLC** |
| | 550 South Hope Street, Suite 2200 |
| 4 | Los Angeles, CA 90071 |
| | Telephone: 213.615.7000 |
| 5 | Facsimile:  213.615.7100 |

Attorneys for Defendant
R. DAVID HENDERSON

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joe Dean Crawford, | Case No.  3:22-cv-376-CAB-MDD |
| Plaintiff, | **DEFENDANT R. DAVID HENDERSON'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |
| v. | |
| California Medical Board by its individual members in their official capacities as: Kristina D. Lawson, Randy W. Hawkins, Laurie Rose Lubiano, Ryan Brooks, Alejandra Campoverdi, Dev GnanaDev, James M. Healzer, Howard R. Krauss, Asif Mahmood, David Ryu, Richard E. Thorp, Eserick "TJ", Watkins, and Felix C. Yip, Joseph Salazar, Kathryn Taylor, North Carolina Medical Board by its individual members in their official capacities as: Venkata Jonnalagadda, John W. Rusher, Michaux R. Kilpatrick, Wiliam "Bill" Brawley, W. Howard Hall, Christine M. Khandelwal, Joshua Malcolm, Vernell McDonald-Fletcher, Damian F. McHugh, Shawn P. Parker, Jerri L. Patterson, Anuradha Rao-Patel, and Devdutta "Dev" G. Sangvai, Federation of State Medical Boards of the United States, Incorporated Humayan Chaundhry, R. David Henderson, National Board of Medical Examiners of the United States | Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(6) |
| | **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |
| | Date:       October 28, 2022 |
| | Courtroom:       15A |
| | District Judge:  Hon. Cathy Ann Bencivengo |
| | Magistrate Judge: Hon. Michael D. Dembin |
| | Complaint Filed:  03/21/2022 |
| | Trial Date:       [Not Set] |
| Defendants. | |

Freeman Mathis & Gary, LLP
Attorneys at Law

Pursuant to Local Civil Rule 7.1, Defendant R. David Henderson ("Defendant") respectfully files this Reply memorandum in support of his Motion to Dismiss Plaintiff Joe Dean Crawford's ("Plaintiff") Complaint.

## I. INTRODUCTION

Defendant should prevail on his Motion to Dismiss because (1) the Eleventh Amendment bars Plaintiff from bringing this lawsuit in Federal Court, (2) Defendant R. David Henderson is entitled to absolute immunity and (3) Plaintiff lacks standing to seek redress for his claims. Plaintiff's Response to Defendant's Motion to Dismiss ignores the substantive legal issues at the heart of Defendant's arguments. Plaintiff fails to address a single legal argument set forth in support of Defendant's request for dismissal pursuant to fed 12(b)(1) and 12(b)(6). Instead, Plaintiff wastes this Court's time with the same personal history, irrelevant facts, and arguments that have been present in every document Plaintiff has submitted to date. Defendant respectfully requests that this Court grant its Motion to Dismiss.

## II. LEGAL ARGUMENT

### A. Plaintiff's Opposition Fails to Address the Substantive Arguments Raised by Defendant as to (1) the Eleventh Amendment (2) The Absolute Immunity Afforded to Defendant (3) and Plaintiff's Lack of Standing

Plaintiff's consolidated response in opposition is devoid of any legal argument or support which addresses or otherwise refutes Defendant's substantive arguments made in the moving papers. The overwhelming majority of Plaintiff's response to the Motion is not addressed to any specific "Defendant" and appears to address personal jurisdiction and diversity jurisdiction. Plaintiff's six-page response is equally confusing because Plaintiff cites his own 20-page "consolidated affidavit" in support of the points and authorities made in the response.

In his Opposition, Plaintiff argues that there is "no absolute nor qualified

Freeman Mathis
& Gary, LLP
Attorneys at Law

immunity regarding a failure or refusal to perform the purely ministerial duty after receiving payment for the act of verifying out-of-state licensure". (Plaintiff's Opposition, Doc. 44, p. 5, lns 1-5). In support of this argument, Plaintiff identifies and references *Mishler v. Nevada State Board of Medical Examiners*, *et al.*, 896 F.2d 408 (9th Cir. 1990). However, the case is distinguishable and not on point to the matter at hand.

In *Mishler v. Nevada State Board of Medical Examiners, et al.*, the plaintiff, Mr. Mishler, a physician and neurosurgery specialist of 25 years moved from Nevada to Ohio to accept a new position. He applied for a medical license with the Ohio Board of Medical Examiners. As part of Ohio's application process, the Ohio Board of Medical Examiners inquired with the Nevada State Board of Medical Examiners as to his licensure and whether he was in good standing. There was a delay of nearly seventeen months for the verification. Mr. Mishler contended that without a timely verification of his licensure, he was unable to obtain a medical license in Ohio and contended that he was deprived his property without due process. This is clearly not the case here where Plaintiff *did* receive a response to a verification inquiry which he disagrees with.

In his Complaint, Plaintiff admits that he received a "January 4 verification form" (Complaint, Doc. 1, p. 4, ln. 8). Plaintiff clarifies that the verification form was an "official document in a licensure verification form as an accurate and truthful report" (Complaint, Doc. 1, p. 7, lns. 1-4). This form contained a statement that Plaintiff's medical license became inactive. (Complaint, Doc. 1, p. 7, lns. 15-19). Plaintiff further alleges that this statement was false. (Complaint, Doc. 1, p. 8, ln 13). In fact, Plaintiff concedes that a "*Mishler* style verification process" took place and that on "January 4, 2021, as part of Mishler style verification process, Defendant [Henderson] published that [Plaintiff] was unlicensed …" (Complaint, Doc. 1, p. 34, lns 16-18)

Plaintiff failed to provide any argument or case law that contradicts the fact that

Defendant is immune from suit in Federal Court under the Eleventh Amendment. Plaintiff did not contradict the immunity applied to medical boards who take part in "procedural steps involved in the eventual decision denying" license restatement. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 925-26 (9th Cir. 2004).  This was addressed in the moving papers.  Public policy considerations and the protection of the public warrant the need to accurately report a physician's license status. This includes advising the general public of the physician's current status, any past or pending disciplinary actions, and any other circumstances which may weigh on a physician's ability to practice medicine.  Lastly, Plaintiff failed to address why he has standing to bring this matter.

Accordingly, the Court should grant Defendant's Motion to Dismiss without leave to amend, because it is not possible for Plaintiff to cure the defects.

### B. Plaintiff's Motion to Strike is Improper and Fails to Provide Evidence to Support His Arguments Against Eleventh Amendment Immunity

In response to Defendant's Motion to Dismiss, Plaintiff filed his own "Motion to Strike (Defendant Henderson's Claim of Immunity)" with this Court on August 15, 2022 (Plaintiff's Motion to Strike, Doc No. 30, "Motion to Strike"). In an order issued on the same date, the Court states that it will consider Plaintiff's Motion to Strike in conjunction with the consolidated response to the motions to dismiss. (Doc No. 36). However, like the consolidated response, Plaintiff's Motion to Strike, fails to address any legal arguments raised in Defendant's Motion to Dismiss. As is the case with most moving papers filed by Plaintiff to date, the "Motion to Strike" is replete with conclusory facts and allegations devoid of any legal or statutory support.

Defendant's Motion to Dismiss clearly and explicitly lays out the foundation and argument that the Eleventh Amendment shields Defendant as a state official acting within his official capacity and that this immunity under the Eleventh Amendment acts as a jurisdictional bar. Plaintiff's Motion to Dismiss fails to provide any support, facts,

Freeman Mathis
& Gary, LLP
Attorneys at Law

or law to refute this argument and instead reduces Defendant's argument as an "invalid and baseless argument … for some type of immunity". (Motion to Strike, Doc 30, p. 4, ln. 1-3).

Plaintiff goes on to argue that Defendant's arguments regarding immunity and lack of standing are "ridiculous". Instead of addressing the arguments raised in the Motion to Dismiss, Plaintiff instead writes off "Defendant's arguments as trash that federal rule 12 (f) requires be stricken upon application of a timely plaintiff". (Motion to Strike, Doc 30, p. 4, ln. 7-8).

Plaintiff has not cited any legal authority authorizing him to move to strike Defendant's motion to dismiss. He fails to allege any factual support and has not stated with any particularity the grounds which entitles him to relief under Fed. R. Civ. P. 12(f). Even if he had, the Court should not consider Plaintiff's motion to strike because it is improper because Defendant's Motion to Dismiss is not a pleading as defined in Fed. R. Civ. P. 7(a). *See 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1380 (3d ed.)* ("Rule 12(f) motions [to strike] only may be directed towards pleadings as defined by Rule 7(a); thus **motions**, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f).") (emphasis added).

### C. Plaintiff's Opposition Improperly Includes Allegations Not Contained in the Complaint

In addition to his consolidated response to Defendant's motion to dismiss, Plaintiff has concurrently served a 20-page Affidavit inappropriately including additional allegations that were not contained in the original Complaint. New allegations contained in an opposition to a motion to dismiss are irrelevant for Rule 12(b)(6) purposes. *Schneider v. California Dept. of Corrections, 151 F.3d 1194, 1197 (9th Cir. 1998)* In determining the propriety of a Fed. R. Civ. Proc. 12(b)(6) dismissal, a court cannot look beyond the complaint and consider "new" facts alleged in the plaintiff's opposition papers. *Id*

Here, Plaintiff has impermissibly attempted to direct the Court's attention to

**Freeman Mathis & Gary, LLP**
Attorneys at Law

affidavits and motions that go beyond the four-corners of Plaintiff's initial Complaint. Plaintiff's opposition and the accompanying 20-page affidavit add newly alleged facts and serve as a thinly veiled attempt to cure the original defects in his Complaint. As support for Plaintiff's Memorandum of Points and Authorities, he quotes from his very own 20-page affidavit—the entirety of which contains conclusory allegations and errant facts which have little bearing on the Motion to Dismiss before this Court. Examples include a discussion on the taxation and revenue of the FSMB and NBME (Affidavit, ¶¶ 3, 4), discussion on the personal compensation of board members (Affidavit, ¶ 5), and a discourse on the difference between a D.O. and M.D. (Affidavit, ¶¶ 70, 71).

Plaintiff also uses this improper Affidavit as a jumping-off point to allege, for the first time ever in the litigation, that there was no verification of his medical licensure and that Defendant and the NCMB's board members have instead refused to verify his medical licensure status, contrary to the allegations in his Complaint. Instead of addressing the legal arguments set forth in Defendant's Motion to Dismiss, Plaintiff's Opposition and Affidavit create more confusion and reduce Defendant's ability to understand what is being pled and adequately respond to the allegations. The Complaint itself must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002). The Complaint in this case fails to adequately describe Plaintiff's claims and should be dismissed without leave to amend.

### D.     Plaintiff Should Not Be Granted Leave to Amend the Complaint

Leave to amend is properly denied based upon "futility of amendment". *Foman v. Davis* (1962) 371 U.S. 178, 182. Despite Plaintiff's allegations of additional facts in his Opposition, neither the facts set forth in Plaintiff's Complaint nor the additional facts set forth in his Opposition, are sufficient to state any claim against Defendant. Here, Plaintiff, despite his best efforts, cannot possibly cure the deficiencies contained within his Complaint. Plaintiff has tried and failed, to cure his defective complaint by

arguing new facts and including new allegations in his opposition. Plaintiff's attempts at wordsmithing do not change the reality that the NCMB, its directors, members, and officers are entitled to immunity under the Eleventh Amendment. Since no additional facts can be pled to change the status of the NCMB or its members as an arm of the state, Plaintiff cannot possibly cure the defects in his Complaint as a matter of law and the Complaint should be dismissed in its entirety without leave to amend.

### III. CONCLUSION

For the reasons above, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice based upon Fed. R. Civ. P. 12(b)(6) and grant all other relief that the Court considers just.

Dated: October 28, 2022　　　　　　　　　　**FREEMAN MATHIS & GARY LLC**

By:　/s/ BRIAN W. SKALSKY
　　　ALBERT K. ALIKIN
　　　BRIAN W. SKALSKY
　　　Attorneys for Defendan
　　　R. DAVID HENDERSON
　　　Albert.Alikin@fmglaw.com
　　　Brian.Skalsky@fmglaw.com

**FILER'S ECF ATTESTATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court of the Southern District of California, I certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories have authorized placement of their electronic signature on this document.

Dated: October 28, 2022      By:   */s/ Brian W. Skalsky*
                                   Email: brian.skalsky@fmglaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 28, 2022 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Executed on October 28, 2022, at Los Angeles, California.

By: */s/ Brian W. Skalsky*
Email: brian.skalsky@fmglaw.com