UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE DEAN CRAWFORD,<br><br>   Plaintiff,<br><br>v.<br><br>KRISTINA D. LAWSON, et al.,<br><br>   Defendants. | Case No.: 22-cv-376-CAB-MDD<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>[Doc. Nos. 13, 14, 17, 27, 29, 30, 50] |

On March 21, 2022, Plaintiff in pro se Joe Dean Crawford filed this lawsuit against over two dozen individual defendants along with the Medical Board of California ("MBC"), the North Carolina Medical Board ("NCMB"), the Federation of State Medical Boards ("FSMB"), and the National Board of Medical Examiners of the United States ("NBME"). There are currently four motions to dismiss pending:

1. R. David Henderson's motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6) [Doc. No. 13];

2. NBME's motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), for improper venue under Rule 12(b)(2), for failure to state a claim under Rule 12(b)(6), and for improper joinder under Rule 20 [Doc. No. 14];

3. FSMB's motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), for improper venue under Rule 12(b)(2), for failure to state a claim under Rule 12(b)(6) [Doc. No. 17]; and,

4. A motion by fifteen current and former board members of the Medical Board of California (the "MBC Defendants") for lack of subject matter jurisdiction under Rule 12(b)(1), for insufficient service of process under Rule 12(b)(5), and for failure to state a claim under Rule 12(b)(6).

These motions have been fully briefed, and the Court deems them suitable for submission without oral argument. For the following reasons, the motions are granted and this case is dismissed with prejudice.

**I.  Allegations in the Complaint**

Although the complaint is almost fifty pages in length, Plaintiff's grievances appear to boil down to the following:

- Plaintiff allegedly has an active license to practice medicine in North Carolina.
- Defendant Henderson, who allegedly works for Defendant NCMB, allegedly stated in a licensure verification form to MBC dated January 6, 2021,[1] that Plaintiff's North Carolina medical license was voluntarily surrendered and became inactive on April 1, 1982, and that Plaintiff is no longer authorized to practice medicine in North Carolina.
- Defendant Henderson's statement concerning the status of Plaintiff's North Carolina medical license was allegedly false.
- Defendant FSMB allegedly falsely stated on its website that Plaintiff's license to practice medicine in North Carolina had been voluntarily surrendered on April 1, 1982.

---

[1] The complaint later refers to a January 4, 2021, statement by Henderson to MBC concerning Plaintiff's North Carolina license. It is unclear whether this statement is the same statement but this distinction is immaterial to the resolution of the instant motions.

- Defendant FSMB allegedly falsely stated on its website that Plaintiff's application for a license to practice medicine in Maryland was denied by the Maryland licensing board on December 31, 1996.
- Defendant Joseph Salazar, who is a member of MBC, allegedly republished Henderson's false statement concerning Plaintiff's North Carolina medical license and also allegedly falsely stated that Plaintiff is not licensed to practice medicine in New York.
- MBC allegedly racially discriminates against applicants because it requires a color photograph with applications.
- NBME breached a contract with Plaintiff because it did not forward evidence of Plaintiff's "Diplomate" status to MBC in a timely manner.

Based on the above allegations, the complaint is divided into fifteen "Counts." Seven of these "Counts" (Nos. 1-7) appear to be common law defamation claims. Six of the fifteen "Counts" reference federal laws or the United States Constitution: (a) Counts 8-11, which purport to sue Henderson (and possibly NCMB) for deprivation of Plaintiff's "property right in his North Carolina license without notice or opportunity for a due process hearing in violation of the Due Process and Equal Protection Clause of the Constitution"; and (b) Counts 12 and 15, which purport to sue Salazar (and possibly MBC) for "depriving the Plaintiff of valuable property and liberty interests without hearing or due process of law in violation of Title 42 of the United States Code at Section 1983." Finally, Count 13 appears to be a discrimination claim against MBC, but it is unclear whether this claim is based on state or federal law, and Count 14 appears to be a breach of contract claim against NBME.

## II.   Requests for Default Against Individual Defendants

After the motions to dismiss were fully briefed, Plaintiff filed requests for entry of default against most of the over two dozen individual defendants named in the caption complaint. Aside from Henderson, Joseph Salazar, and Humayan Chaudry, however, the body of the complaint contains no allegations of actions or omissions by any of these

individual defendants and asserts no claims against them. Accordingly, Plaintiff's requests for entry of default [Doc. Nos. 51-75] are denied, and the complaint is dismissed as to the following Defendants: (1) Kristina D. Lawson; (2) Randy W. Hawkins; (3) Laurie Rose Lubiano; (4) Ryan Brooks; (5) Alejandra Campoverdi; (6) Dev Gnanadev; (7) James M. Healzer; (8) Howard R. Krauss; (9) Asif Mahmood; (10) David Ryu; (11) Richard E. Thorp; (12) Eserick "TJ" Watkins; (13) Felix C. Yip; (14) Kathryn Taylor; (15) Venkata Jonnalagadda; (16) John W. Rusher; (17) Michaux Kilpatrick; (18) William "Bill" Brawley; (19) W. Howard Hall; (20) Christine M. Khandelwal; (21) Joshua Malcolm; (22) Vernell McDonald-Fletcher; (23) Damian McHugh; (24) Shawn P. Parker; (25) Jerri L. Patterson; (26) Anuradha Rao-Patel; and (27) Devdutta "Dev" G. Sangvai.

**III.  The Complaint Does Not Comply with Rule 8**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." As both Henderson and MBC argue in their motions, the complaint fails to satisfy this requirement and is subject to dismissal on this basis alone. The complaint does not satisfy Rule 8 for a variety of reasons, including the following:

First, the complaint makes few allegations actions or omissions by any of the defendants aside from Henderson (and by extension NCMB), FSMB, NBME, MBC and Salazar. Along these lines, despite over thirty defendants being listed in the caption, the complaint frequently uses the generic "Defendant" or "Defendants" instead of identifying the specific Defendant or Defendants by name.

Second, although the gravamen of the complaint appears to concern "certain objectionable facts" [Doc. No. 1 at 6] allegedly published by Henderson in a licensure verification form, the verification form itself is not attached to the complaint, and the Court and defendants are unable to discern from the verbose complaint what exactly Henderson or any other Defendants allegedly published and why those statements are "objectionable" or false. Likewise, the complaint appears to assert claims based on statements made "on

the internet" but does not state where on the internet or what exact statements were made and why those statements are actionable.

Third, the complaint lacks a prayer for relief and it is unclear what form(s) of relief Plaintiff seeks (i.e., equitable relief or damages) and from whom. Without this information, Plaintiff cannot establish, and the Court cannot determine, whether Plaintiff has Article III standing to seek such relief.

Fourth, the complaint lacks any allegations supporting personal jurisdiction over most of the defendants or why this Court is the proper venue for Plaintiff's claims.

Accordingly, for these reasons alone, the complaint is subject to dismissal without prejudice in its entirety. However, for the reasons discussed below, the complaint is dismissed with prejudice.

**IV. Henderson's Motion**

The complaint purports to assert up to nine counts against Henderson: (1) Count One for defamation; (2) Count Two for defamation; (3) Count Three for defamation; (4) Count Four for defamation; (5) Count Six for defamation; (6) Count Eight for "deprivation of [Plaintiff's] property right in his North Carolina license without notice or opportunity for a due process hearing in violation of the Due Process and Equal Protection Clause of the Constitution"; (7) Count Nine for "deprivation of [Plaintiff's] property right in his North Carolina license without notice or opportunity for a due process hearing in violation of the Due Process and Equal Protection Clause of the Constitution"; (8) Count Ten for "deprivation of [Plaintiff's] property right in his North Carolina license without notice or opportunity for a due process hearing in violation of the Due Process and Equal Protection Clause of the Constitution"; and (9) Count Eleven for "deprivation of [Plaintiff's] property right in his North Carolina license without notice or opportunity for a due process hearing in violation of the Due Process and Equal Protection Clause of the Constitution."

The complaint is silent as to whether most of the claims are made against Henderson in his official or individual capacities. The exceptions are Counts Four and Six for defamation, both of which include a statement that Plaintiff is suing Henderson

individually and in his official capacity as Chief Executive Officer of NCMB. [*Id.* at 17, 27.] The complaint, however, does not actually allege any non-official acts by Henderson. Rather, the complaint alleges that Henderson is employed by NCMB and is its custodian of records [Doc. No. 1 at 4, 6], its "chief administrative officer" [*Id.* at 17], and its "Chief Executive Officer" [*Id.* at 27], and that he published the allegedly "objectionable facts . . . under the seal of the North Carolina Medical Board which is an indication of the official nature of the Board's actions . . ." [*Id.* at 6]. The complaint also alleges that Henderson published the allegedly false statements using "the seal of the North Carolina State in making publications under the color of law" [*Id.* at 34, 39, 42], and that he published "the statement as an official one to the California Medical Board . . ." [*Id.* at 35, 41]. Thus, notwithstanding Plaintiff's conclusory statement to the contrary, the complaint only asserts claims against Henderson in his official capacity as a an NCMB official. As discussed below, all of these claims are barred by the Eleventh Amendment to the Constitution.

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001); *see also Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) ("The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state."). This immunity from suit applies to state agencies and departments who are named as defendant as well as to suits "against state officials when 'the state is the real, substantial party in interest.'" *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Here, the state of North Carolina established NCMB "to regulate the practice of medicine and surgery for the benefit and protection of the people of North Carolina." N.C. Gen. Stat. Ann. § 90-2.  According to the complaint, Henderson is the Chief Executive Officer of NCMB, and all of the allegations in the complaint concern acts by Henderson in his official capacity in that role.  Thus, NCMB is a state agency and is the real party in interest with respect to all of the claims in which Henderson is named as a defendant. Eleventh Amendment immunity therefore applies to the claims against Henderson as if NCMB or the state of North Carolina were the named defendant.

In his motion, Henderson argues that this immunity has not been waived by state statute or abrogated by any federal law.  He also argues that the *Ex Parte Young* exception to Eleventh Amendment immunity in cases seeking to prospective relief to prevent ongoing violations of federal law does not apply.  *See Ex Parte Young*, 209 U.S. 123, 166 (1908); *see also Pennhurst*, 465 U.S. at 102-03 (noting that "when a plaintiff sues a state official alleging a violation of federal law, the federal court may award an injunction that governs the official's future conduct, but not one that awards retroactive monetary relief.) (citing *Edelman v. Jordan*, 415 U.S. 651, 666-67 (1974)).  For his part, Plaintiff does not make any legal arguments or cite to any allegations in the complaint demonstrating that Eleventh Amendment immunity does not apply here.  Instead, Plaintiff cavalierly dismisses Henderson's immunity arguments as "ridiculous," and that the entirety of Henderson's arguments for dismissal are "trash that federal rule 12(f) requires to be stricken upon application of a timely plaintiff." [Doc. No. 30 at 3-4.]  The Court does not agree with Plaintiff's assessment of Henderson's arguments and is persuaded that the Eleventh Amendment bars all of Plaintiff's claims against Henderson.

Accordingly, because any amendment to the claims against Henderson would not be able to overcome this Eleventh Amendment immunity, Plaintiff's claims against

Henderson, including Counts 1-4, 6, and 8-11, are dismissed with prejudice to re-filing in federal court.[2]

## V. NBME's Motion

The complaint only mentions NBME in connection with Count Fourteen, which states, in its entirety:

> 1. Plaintiff, a Diplomate of the National Board of Medical Examiners of the United States sues that same body for breach of contract that it failed to perform a contractual and paid for service by immediately forwarding evidence of Diplomate status to the California State Medical Board in a timely manner. The delay caused Plaintiff economic harm and loss of valuable property.
>
> 2. No excuse exists for the breach of contract which may have been malicious or gross negligence.

[Doc. No. 1 at 46.]

NBME moves to dismiss for lack of personal jurisdiction, improper venue, failure to state a claim, and improper joinder. Plaintiff's rambling consolidated response to the motions to dismiss does not address NBME's venue and improper joinder arguments, and the Court finds those arguments to be persuasive, so on those grounds alone the Count against NBME is dismissed.

The Court also finds that it does not have personal jurisdiction over NBME. "Where defendants move to dismiss a complaint for lack of personal jurisdiction, plaintiffs bear the burden of demonstrating that jurisdiction is appropriate." *Dole Foods Co. Inc. v. Watts*, 303 F. 3d 1104, 1108 (9th Cir. 2002). The complaint here contains no allegations concerning personal jurisdiction, and Plaintiff's response to the motions to dismiss does not remedy these deficiencies. Nothing in any of Plaintiff's papers, even construed in favor of Plaintiff, indicates that NBME has sufficient contacts with California to be subject to general jurisdiction here. Nor is there any allegation or evidence of any "act by which [NBME] purposefully avail[ed] itself of the privilege of conducting activities within

---

[2] Plaintiff's motion to strike [Doc. No. 30] is therefore denied.

[California], thus invoking the benefits and protections of its laws." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 417 (9th Cir. 1997) (quoting *Hanson v. Deckla*, 357 U.S. 253 (1958)). Further, the specific allegation against NBME demonstrates that it did not have contact with California concerning Plaintiff's claim, alleging only that NBME *did not* forward something to MBC in purported violation of an unidentified contract with Plaintiff.

Accordingly, Count 14 against NBME is dismissed with prejudice to refiling in this Court but without prejudice to refiling in an appropriate venue where NBME is subject to personal jurisdiction.

## VI.  FSMB's Motion

The complaint purports to assert two counts for defamation against FSMB. Count Five alleges that FSMB harmed Plaintiff by publishing on the internet that his license to practice medicine in North Carolina had been voluntarily surrendered on April 1, 1982. Count Seven alleges that FSMB and Humayan Chaudhry, whom the complaint describes as "chief corporate officer," harmed Plaintiff by publishing on the internet that he "was not competent to practice medicine in Maryland because the Maryland board had 'denied licensure' to plaintiff on December 31, 1996." [Doc. No. 1 at 30.] FSMB moves to dismiss the claims against it for lack of personal jurisdiction, improper venue and failure to state a claim.

As was the case with NBME, and for similar reasons, FSMB's personal jurisdiction and venue arguments are persuasive. Plaintiff once again does not offer any legal argument or evidence that would warrant the exercise of personal jurisdiction over FSMB here. FSMB does not have sufficient contacts with California to be subject to general personal jurisdiction. Further, Plaintiff's claims arise entirely out of information posted on FSMB's website. "A passive website that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction." *Tr. of Summers Fam. Tr. TA Neak Prod. Buff WA Pty, Ltd. v. Nat'l Distribution Warehouse, Inc.*, No. 2:20-CV-10741-CAS-EX, 2021 WL 2354507, at *7 (C.D. Cal. June 7, 2021) (citation and internal quotation marks omitted); *see also LNS Enterprises LLC v. Cont'l Motors,*

*Inc.*, 22 F.4th 852, 863 (9th Cir. 2022) (noting that "the mere existence of a 'passive website' maintained by [the defendant] is insufficient to render the company subject to personal jurisdiction in the absence of other contacts."). Accordingly, the Court lacks personal jurisdiction over FSMB. Counts five and seven are dismissed without prejudice to re-filing in the appropriate venue where FSMB is subject to personal jurisdiction.

### VII. Claims Against Humayun Chaudhry

The complaint includes Chaudhry, who is alleged to be FSMB's chief executive officer, as a defendant with respect to the same two claims asserted against FSMB. Although FSMB's arguments for dismissal are equally applicable to Chaudhry, Chaudhry did not join in FSMB's motion because he has not been properly served with the complaint. Plaintiff has sought the entry of default against Chaudhry, but as Chaudhry himself explains in his response to that request [Doc. No. 41], Chaudhry has not been served, and there is no evidence on the docket indicating otherwise.

On June 30, 2022, the Court granted Plaintiff's request for an extension of time to serve Defendants and set a deadline of August 5, 2022. The order specified that failure to establish proof of service by the deadline would result in dismissal. [Doc. No. 6.] Accordingly, because Plaintiff has not served Chaudhry by the Court's deadline, his claims against Chaudhry are dismissed. Ordinarily, such a dismissal would be without prejudice to filing a new lawsuit against Chaudhry in this Court. Here, however, such a filing would be futile because the Court lacks personal jurisdiction over Chaudhry and this would be an improper venue for any claims against him. Thus, Plaintiff's claims against Chaudhry are dismissed with prejudice to refiling in this Court, but without prejudice to filing a new lawsuit in an appropriate venue where Chaudhry is subject to personal jurisdiction.[3]

---

[3] Plaintiff's motion to strike [Doc. No. 29] is therefore denied.

### VIII. MBC Defendants' Motion

The complaint asserts two counts (Counts 12 and 15) against Joseph Salazar, who is alleged to be an employee of MBC, and one count (Count 13) against MBC itself. As mentioned above, the complaint lists MBC along with fifteen current and former employees and board members of MBC in the caption, but it does not contain any specific allegations about or claims against any of those individuals aside from Salazar. Nevertheless, the last pending motion to dismiss is on behalf of all of these individuals (collectively referred to as the "MBC Defendants"). The Court has already dismissed all of the individual MBC Defendants except for Salazar, so the only remaining MBC Defendants are MBC itself and Salazar. The MBC Defendants argue that the complaint should be dismissed against them because they are entitled to Eleventh Amendment immunity, because Plaintiff has not effectively served them, and because the complaint fails to state a claim.

For the same reasons discussed above as to Henderson's immunity under the Eleventh Amendment, the MBC Defendants are also entitled to such immunity. As the motion points out, courts have consistently held that MBC is entitled to Eleventh Amendment immunity. *See, e.g., Bonner v. Med. Bd. of California*, No. 2:17-CV-00445-KJM-DB, 2018 WL 4699996, at *5 (E.D. Cal. Sept. 30, 2018) (holding that MBC is a state agency for Eleventh Amendment purposes and dismissing claims against MBC with prejudice); [Doc. No. 27-1 at 4-5 (citing cases)]. Plaintiff does not identify any waiver or abrogation of this immunity in his complaint or opposition. Accordingly, Plaintiff's claims against MBC are dismissed with prejudice to re-filing in federal court.

Eleventh Amendment immunity also applies to the claims against Salazar. The caption of the complaint states that Salazar is being sued in his official capacity, and complaint does not request an injunction on any future conduct by Salazar. Thus, the *ex Parte Young* exception does not apply, and the Eleventh Amendment bars Plaintiff's claims against Salazar as well. *See Pennhurst*, 465 U.S. at 100-03.

### IX. Disposition

For all of the foregoing reasons, it is hereby **ORDERED** as follows:

1. R. David Henderson's motion to dismiss [Doc. No. 13] is **GRANTED**;
2. NBME's motion to dismiss [Doc. No. 14] is **GRANTED**;
3. FSMB's motion to dismiss [Doc. No. 17] is **GRANTED**;
4. The MBC Defendants' motion to dismiss [Doc. No. 27] is **GRANTED**;
5. Plaintiff's motions to strike [Doc. Nos. 29, 30] are **DENIED**;
6. Plaintiff's motion for summary judgment [Doc. No. 50] is **DENIED**;
7. Plaintiff's requests for default [Doc. Nos. 51-75] are **DENIED**;
8. The complaint is **DISMISSED WITH PREJUDICE** with respect to amendment of Plaintiff's claims in this Court, but without prejudice to re-filing in a state or federal court that has subject matter jurisdiction over the claims and personal jurisdiction over the defendants; and,
9. The Clerk of Court shall mark this case **CLOSED**. No further filings will be accepted.

It is **SO ORDERED.**

Dated: November 3, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge